**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)**

| | | |
|---|---|---|
| **DUSTIN BURNIKEL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:15-cv-00050** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL FONG, individually and in** | ) | |
| **his official capacity as a law enforcement** | ) | |
| **officer with the Des Moines Police** | ) | **COMPLAINT** |
| **Department; GREG WESSELS,** | ) | **AND JURY DEMAND** |
| **individually and in his official capacity** | ) | |
| **as a law enforcement officer with the** | ) | |
| **Des Moines Police Department; and** | ) | |
| **CITY OF DES MOINES, IOWA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

     **COMES NOW** the Plaintiff, by and through his undersigned counsel, and for his cause of action against Defendants and in support of his Complaint and Jury Demand, respectfully states as follows:

<u>**INTRODUCTION**</u>

     1.    Plaintiff, Dustin Burnikel, was beaten, arrested, charged and prosecuted by Defendants Michael Fong and Greg Wessels after Plaintiff made inquiry of the Defendants as to why they were physically abusing a woman.  Without any provocation, the Defendant police officers, Officers Fong and Wessels, stopped their abuse of the woman and directed all of their attention to Plaintiff.  Among the multiple acts committed by one or both Defendant officers,

Officers Fong and Wessels, was the delivery of a blow to the testicles of Plaintiff. Plaintiff suffered multiple injuries at the hands of the Defendant officers.

2.     Having assaulted and battered Plaintiff, the two Defendant officers, Officers Fong and Wessels, arrested him, jailed him and initiated and supported the prosecution of Plaintiff. Plaintiff defended the charges that resulted and was acquitted.

3.     This is a civil action under 42 U.S.C. §1983, in which Plaintiff seeks damages from Defendants City of Des Moines and City of Des Moines Police Officers Fong and Wessels for depriving Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff also seeks damages pursuant to the Iowa Municipal Tort Claims Act (IMTCA).  Plaintiff also seeks attorney fees pursuant to 42 U.S.C. §1988.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343.

5.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), since the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district, the Southern District of Iowa.

6.     Plaintiff invokes the supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

7.     Plaintiff Dustin Burnikel ("Plaintiff" or "Burnikel") is a citizen of the United States of America and of the State of Iowa, who resides in Howard County, Iowa.

8.     Defendant Michael Fong ("Fong") is believed to be a United States citizen and a resident of the State of Iowa.  At all times referred to herein, Defendant Fong was an Iowa-certified peace officer, employed by the City of Des Moines, Iowa.  All acts of Defendant

2

Michael Fong set forth in the Complaint were done under color of law. Defendant Michael Fong is sued in his individual capacity.

9.     Defendant Greg Wessels ("Wessels") is believed to be a United States citizen and a resident of the State of Iowa. At all times referred to herein, Defendant Wessels was an Iowa-certified peace officer, employed by the City of Des Moines, Iowa. All acts of Defendant Greg Wessels set forth in the Complaint were done under color of law. Greg Wessels is sued in his individual capacity.

10.     Defendant City of Des Moines, Iowa ("City" or "Des Moines") is an Iowa municipal corporation, organized and existing pursuant to Iowa law and is located at 400 East First Street, Des Moines, Polk County, Iowa. Defendant City of Des Moines is responsible for maintaining and operating the Des Moines Police Department.

11.     The Defendant officers Fong and Wessels acted individually and together in concert.

12.     At all times referred to herein, the individual Defendants were acting within the scope of their employment or duties as law enforcement officers for the City of Des Moines Police Department.

## FACTS

13.     On February 16, 2013, Plaintiff was in Des Moines, Iowa for the annual Iowa High School State Wrestling Tournament.

14.     After the event, Plaintiff was returning to his hotel from a social outing with his cousin and friend.

15.     As Plaintiff and his cousin and friend walked toward their hotel, they came upon and stood in line at a cabstand in the 200 block of Third Street in Des Moines, Iowa.

16.     There, Plaintiff witnessed Defendants Fong and Wessels abusing a woman.

17.     Plaintiff inquired about the situation.

18.     Defendants Fong and Wessels released the woman and immediately attacked the Plaintiff, spraying him with Mace and beating him to the ground.

19.     Defendants Fong and Wessels on either side of Plaintiff, held Plaintiff's arms while kicking and hitting the Plaintiff several times as they forced him to the ground.

20.     Once on the ground and restrained, Defendant Fong and/or Defendant Wessels hit Plaintiff in the face.

21.     Plaintiff was struck in his testicles, his mouth, his head and face and suffered trauma to his hips, thighs, ribs and back.  As a result, he suffered eight chipped teeth and one broken tooth, black eyes, and injuries to his testicles, face, mouth, eyes, hips, thighs, ribs and back.

22.     Plaintiff was arrested by Defendants Fong and Wessels.

23.     Plaintiff was charged with Public Intoxication, Interfering with Official Acts and Resisting Arrest in violation of Iowa law.

24.     Plaintiff was innocent of the charges and defended them at a trial by jury.

25.     Plaintiff was acquitted.

26.     Plaintiff continues to suffer physical limitations from his injuries.

27.     Plaintiff suffers from chronic back pain, which has limited his ability to work at the same level prior to this event.

28.     As a result, Plaintiff suffered damages in the form of lost income from his tree service business.  This loss continues today.

29.     Plaintiff also suffered dental trauma in the form of nine lost or broken teeth from Defendants' punches to his face.

30.     Because of his criminal arrest, Plaintiff's AAU coaching credentials were suspended and he was prohibited from coaching his Pee Wee wrestling team, a post he held for years.

## CAUSE OF ACTION

## COUNT I

## UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION COGNIZABLE PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT FONG

COMES NOW Plaintiff and for Count I of his cause of action, against Defendant Fong, states:

31.     Plaintiff repleads, realleges, and incorporates by reference as if fully set forth herein, each and every allegation of paragraphs 1 through 30.

32.     Defendant Fong acting alone and acting together and in concert with Defendant Wessels violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution when he unreasonably seized Plaintiff by restraining Plaintiff, using unreasonable force against Plaintiff, arresting Plaintiff and confining Plaintiff.

33.     Thereafter, Defendant Fong instigated a criminal prosecution of Plaintiff and supported and contributed to that prosecution by preparing and/or supporting an incident report and then testifying at the criminal trial of Plaintiff.

34.     Plaintiff committed no violation of law and presented no threat to Defendant Fong or to anyone else, that justified the seizure of Plaintiff or any use of force by Defendant Fong much less the excessive and unreasonable level of force deployed by Defendant Fong.

35.     As a direct and proximate result of the conduct and actions of Defendant Fong, Plaintiff suffered physical injuries, some of which resolved and some of which continue to affect Plaintiff.

36.     As a direct and proximate result of the conduct and actions of Defendant Fong, Plaintiff suffered emotional distress and mental suffering at having been grabbed, battered, arrested, jailed and prosecuted, some of which continues to affect Plaintiff.

37.     That as a direct and proximate result of the conduct and actions of Defendant Fong, Plaintiff has suffered the loss of his ability to work and earn an income at his pre-event level.

38.      That as a direct and proximate result of the conduct and actions of Defendant Fong, Plaintiff has lost income and incurred medical and therapy expenses and attorney fees.

39.     That as a direct and proximate result of the conduct and actions of Defendant Fong, Plaintiff has been denied his ability to serve as a volunteer youth wrestling coach since his de-certification by the AAU due to his criminal arrest record.

40.    The acts of Defendant Fong were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant Fong.

41.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. § 1988.

42.    As a direct and proximate result of Defendant Fong's unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

      a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and

      emotional distress;

    c.  Consequential damages;

    d.  Actual and Compensatory Damages including, but not limited to, past, present and

      future pain and suffering, loss of function of mind and/or body, and medical and

      dental expenses; and

    e.  Other damages as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant Fong, jointly and severally with Defendant Wessels, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

### COUNT II

### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION COGNIZABLE PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT WESSELS

COMES NOW Plaintiff and for Count II of his cause of action, against Defendant Wessels, states:

43.     Plaintiff repleads, realleges, and incorporates by reference as if fully set forth herein, each and every allegation of paragraphs 1 through 42.

44.     Defendant Wessels acting alone and acting together and in concert with Defendant Fong violated Plaintiff's rights under  the Fourth and Fourteenth Amendments to the United States Constitution when he unreasonably seized Plaintiff by restraining Plaintiff, using unreasonable force against Plaintiff, arresting Plaintiff and confining Plaintiff.

45.     Thereafter, Defendant Wessels instigated a criminal prosecution of Plaintiff and supported and contributed to that prosecution by preparing and/or supporting an incident report and then testifying at the criminal trial of Plaintiff.

46.     Plaintiff committed no violation of law and presented no threat to Defendant Wessels or to anyone else, that justified the seizure of Plaintiff or any use of force by Defendant Wessels much less the excessive and unreasonable level of force deployed by Defendant Wessels.

47.     As a direct and proximate result of the conduct and actions of Defendant Wessels, Plaintiff suffered physical injuries, some of which resolved and some of which continue to affect Plaintiff.

48.     As a direct and proximate result of the conduct and actions of Defendant Wessels, Plaintiff suffered emotional distress and mental suffering at having been grabbed, battered, arrested, jailed and prosecuted, some of which continues to affect Plaintiff.

49.     That as a direct and proximate result of the conduct and actions of Defendant, Wessels Plaintiff has suffered the loss of his ability to work and earn an income at his pre-event level.

50.      That as a direct and proximate result of the conduct and actions of Defendant Wessels, Plaintiff has lost income and incurred medical and therapy expenses and attorney fees.

51.     That as a direct and proximate result of the conduct and actions of Defendant Wessels, Plaintiff has been denied his ability to serve as a volunteer youth wrestling coach since his de-certification by the AAU due to his criminal arrest record.

52.   The acts of Defendant Wessels were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant Wessels.

53.   If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. § 1988.

54.   As a direct and proximate result of Defendant Wessels' unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

   a. Deprivation of his constitutional rights;

   b. Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c. Consequential damages;

   d. Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

   e. Other damages as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant Wessels, jointly and severally with Defendant Fong, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT III

## LIABILITY OF DEFENDANT CITY OF DES MOINES FOR UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff and for Count III of his cause of action, against Defendant City of Des Moines, states:

55.     Plaintiff repleads, realleges, and incorporates by reference as if fully set forth herein, each and every allegation of paragraphs 1 through 54.

56.     Defendant City of Des Moines caused the constitutional violations, injuries and damages suffered by Plaintiff.

57.     Defendant City of Des Moines had a policy or a custom and usage by which its police officers used unreasonable force against people the officers encountered, unreasonably seized by detention and arrest people the officers encountered and then instigated and supported the prosecution of people the officers encountered under circumstances in which there was no probable cause to detain or arrest and/or in an effort to conceal and cover misconduct on the part to the officers, or failed to implement and/or enforce policies and procedures to avoid the creation of a pattern of excessive force and police misconduct of the type referred to herein.

58.     Defendant City of Des Moines failed in its duty to train, supervise, and discipline officers regarding the use of unreasonable force and regarding unreasonable detentions, arrests and prosecutions.

59.     Defendant City of Des Moines has acted, and failed to act, with deliberate indifference to the rights of individuals who encounter the police in its failure to train, supervise and discipline and/or in its policy or custom and usage of unreasonably seizing people.

60.     The data and evidence that supports this Count against the City of Des Moines is within the possession and the exclusive control of the City of Des Moines, including but not limited to the records of complaints and investigations against police officers that allege misconduct, internal memoranda and communications, statistics revealed by the complaint and discipline records, the identity of potential witnesses who have had encounters with the police, including those who have had encounters with Defendants Fong and/or Wessels, the records of individual police officers, including Defendants Fong and Wessels that reveal their patterns for using force, making arrests and preferring charges and other records and things that reveal the policies and customs and usages of the City of Des Moines.

61.     The allegations of this Count III are made by Plaintiff in good faith and upon information and belief.

62.     As a direct and proximate result of the conduct and actions of Defendant City of Des Moines, Plaintiff suffered physical injuries, some of which resolved and some of which continue to affect Plaintiff.

63.     As a direct and proximate result of the conduct and actions of Defendant City of Des Moines, Plaintiff suffered emotional distress and mental suffering at having been grabbed, battered, arrested, jailed and prosecuted, some of which continues to affect Plaintiff.

64.     That as a direct and proximate result of the conduct and actions of Defendant City of Des Moines, Plaintiff has suffered the loss of his ability to work and earn an income at his pre-event level.

65.     That as a direct and proximate result of the conduct and actions of Defendant City of Des Moines, Plaintiff has lost income and incurred medical and therapy expenses and attorney fees.

66.     That as a direct and proximate result of the conduct and actions of Defendant City of Des Moines, Plaintiff has been denied his ability to serve as a volunteer youth wrestling coach since his de-certification by the AAU due to his criminal arrest record.

67.     If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. § 1988.

68.     As a direct and proximate result of Defendant City of Des Moines' unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Consequential damages;

    d.  Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

    e.  Other damages as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Des Moines for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT IV

### *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT CITY OF DES MOINES

COMES NOW Plaintiff and for his cause of action in Count IV, states:

69.     Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 68 as though fully set forth herein.

70.     Defendant City of Des Moines is directly liable for the constitutional violations that Mr. Burnikel suffered as the City of Des Moines, Iowa hired and retained Defendants Fong and Wessels who, acting within the course and scope of their employment, power and authority, violated the constitutional rights of Mr. Burnikel under the Fourth and Fourteenth Amendment to the United States Constitution.

71.     Plaintiff acknowledges that *respondeat superior* liability is not a basis for liability of Defendant City of Des Moines, under existing law.  Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382 (1997), the dissenting opinion of Justice Stevens in *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), and based upon the literature addressing this issue.

72.     As a direct and proximate result and cause of the conduct of the employees, agents and servants of Defendant City of Des Moines, acting within the course and scope their employment, Plaintiff suffered injuries and damages.

73.     If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

74.     As a direct and proximate result of Defendant City of Des Moines' unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Consequential damages;

    d.  Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

    e.  Other damages as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Des Moines, for compensatory damages, and for attorneys' fees and the costs of this litigation, and for other relief as is appropriate under the law.

## COUNT V

## LIABILITY OF DEFENDANT FONG FOR ASSAULT AND BATTERY (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COMES NOW Plaintiff and for his cause of action in Count V, states:

75.      Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 74 as though fully set forth herein.

76.     Defendant Fong utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Burnikel by employing unreasonable physical force and punching and/or kicking and/or hitting Plaintiff Burnikel in his testicles,

14

mouth, head, face, hips, thighs, ribs and/or back, while Defendants Fong and Wessels had

Plaintiff Burnikel restrained.

77.     Defendant Fong's actions were undertaken without Plaintiff Burnikel's consent.

78.     Defendant Fong's contact was offensive to Plaintiff Burnikel and/or a reasonable

person and caused physical pain and/or injury.

79.     Defendant Fong's use of force against Plaintiff Burnikel was clearly excessive

and unreasonable under the circumstances, constituting assault and battery.

80.     As a direct and proximate result of Defendant Fong's acts and/or omissions,

Plaintiff Burnikel has in the past and will in the future suffer injuries and damages.

81.     As a direct and proximate result of Defendant Fong's illegal and unjustified conduct

as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer

and incur the following damages:

     a.  Actual, Compensatory, and Consequential Damages including, but not limited to,

        past, present and future pain and suffering, loss of function of mind and/or body,

        and medical and dental expenses; and

     b.  Other damages as allowed by law.

82.     Defendant Fong's actions were willful, wanton, unlawful, and in gross disregard

of Plaintiff's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Fong, jointly and

severally with Defendant Wessels, for actual damages in an amount that is fair and just, for

punitive damages and for attorney's fees, together with his costs, and for such further relief that

this Honorable Court deems just and proper under the circumstances.

## COUNT VI

## LIABILITY OF DEFENDANT FONG FOR FALSE ARREST (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COMES NOW Plaintiff and for his cause of action in Count VI, states:

83.     Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 82 as though fully set forth herein.

84.     Plaintiff Burnikel was detained or restrained against his will by Defendant Fong.

85.     Defendant Fong's detention or restraint of Plaintiff Burnikel caused physical pain and/or injury or damages.

86.     As a direct and proximate result of Defendant Fong's acts and/or omissions, Plaintiff Burnikel has in the past and will in the future suffer injuries and damages.

87.     As a direct and proximate result of Defendant Fong's illegal and unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

     a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

     b.  Other damages as allowed by law.

88.     Defendant Fong's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Fong, jointly and severally with Defendant Wessels, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT VII

## LIABILITY OF DEFENDANT FONG FOR MALICIOUS PROSECUTION (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COMES NOW Plaintiff and for his cause of action in Count VII, states:

89.     Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 88 as though fully set forth herein.

90.     Plaintiff Burnikel was prosecuted in a criminal proceeding in Polk County, Iowa.

91.     Defendant Fong maliciously caused that prosecution without probable cause, which ended favorably for the Plaintiff.

92.     As a direct and proximate result of Defendant Fong's acts and/or omissions, Plaintiff Burnikel has in the past and will in the future suffer injuries and damages.

93.     As a direct and proximate result of Defendant Fong's illegal and unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

   a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

   b.  Other damages as allowed by law.

94.     Defendant Fong's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Fong, jointly and severally with Defendant Wessels, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT VIII

## LIABILITY OF DEFENDANT WESSELS FOR ASSAULT AND BATTERY (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COMES NOW Plaintiff and for his cause of action in Count VIII, states:

95.    Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 94 as though fully set forth herein.

96.    Defendant Wessels utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Burnikel by employing unreasonable physical force and punching and/or kicking and/or hitting Plaintiff Burnikel in his testicles, mouth, head, face, hips, thighs, ribs and/or back, while Defendants Fong and Wessels had Plaintiff Burnikel restrained.

97.    Defendant Wessels' actions were undertaken without Plaintiff Burnikel's consent.

98.    Defendant Wessels' contact was offensive to Plaintiff Burnikel and/or a reasonable person and caused physical pain and/or injury.

99.    Defendant Wessels' use of force against Plaintiff Burnikel was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

100.    As a direct and proximate result of Defendant Wessels' acts and/or omissions, Plaintiff Burnikel has in the past and will in the future suffer injuries and damages.

101.    As a direct and proximate result of Defendant Wessels' illegal and unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

      a.    Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

b.   Other damages as allowed by law.

102.   Defendant Wessels' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Wessels, jointly and severally with Defendant Fong, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT IX

## LIABILITY OF DEFENDANT WESSELS FOR FALSE ARREST (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COMES NOW Plaintiff and for his cause of action in Count IX, states:

103.   Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 102 as though fully set forth herein.

104.   Plaintiff Burnikel was detained or restrained against his will by Defendant Wessels.

105.   Defendant Wessels' detention or restraint of Plaintiff Burnikel caused physical pain and/or injury or damages.

106.   As a direct and proximate result of Defendant Wessels' acts and/or omissions, Plaintiff Burnikel has in the past and will in the future suffer injuries and damages.

107.   As a direct and proximate result of Defendant Wessels' illegal and unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

    b.  Other damages as allowed by law.

108.    Defendant Wessels' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Wessels, jointly and severally with Defendant Fong, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT X

## LIABILITY OF DEFENDANT WESSELS FOR MALICIOUS PROSECUTION (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COMES NOW Plaintiff and for his cause of action in Count X, states:

109.    Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 108 as though fully set forth herein.

110.    Plaintiff Burnikel was prosecuted in a criminal proceeding in Polk County, Iowa.

111.    Defendant Wessels maliciously caused that prosecution without probable cause, which ended favorably for the Plaintiff.

112.    As a direct and proximate result of Defendant Wessels' acts and/or omissions, Plaintiff Burnikel has in the past and will in the future suffer injuries and damages.

113.  As a direct and proximate result of Defendant Wessels' illegal and unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

    b.  Other damages as allowed by law.

114.    Defendant Wessels' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Wessels, jointly and severally with Defendant Fong, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XI

### *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT CITY OF DES MOINES, IOWA

COMES NOW Plaintiff and for his cause of action in Count XI, states:

115.    Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 114 as though fully set forth herein.

116.    At all times material hereto, an employer-employee relationship existed between the City of Des Moines, Iowa, as the employer, and Defendants Fong and Wessels, as the employees.

117.    At all times material hereto, Defendants Fong and Wessels were acting within the scope of their employment with the City of Des Moines, Iowa.

118.    Under the doctrine of respondeat superior, the City of Des Moines, Iowa is liable for the aforementioned conduct and/or omission of Defendants Fong and Wessels.

119.     As a direct and proximate result of Defendants conduct and/or omissions, Plaintiff Burnikel sustained damages and injuries as previously set forth in this Complaint.

120.   As a direct and proximate result of Defendants' illegal and unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

   a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

   b.  Other damages as allowed by law.

121.     Defendants Fong and Wessels' actions were willful, wanton, unlawful, and in gross disregard of Plaintiff's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Des Moines, Iowa, jointly and severally, with the other Defendants for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XII

## LIABILITY OF DEFENDANT CITY OF DES MOINES, IOWA FOR NEGLIGENT HIRING, RETENTION AND SUPERVISION

COMES NOW Plaintiff and for his cause of action in Count XII, states:

122.      Plaintiff repleads, realleges, and incorporates by this reference the allegations in paragraphs 1 through 121 as though fully set forth herein.

123.      On or about February 16, 2013, Defendant City of Des Moines, Iowa was the employer of Defendants Fong and Wessels.

124.    As the employer, Defendant City of Des Moines had a duty to exercise reasonable care in the hiring, retention and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public; and to develop and/or implement employment policies and procedures regarding hiring, retention and supervision so that police officers would not engage in the type and pattern of conduct referred to above.

125.    Defendant City of Des Moines breached its duty in regards to the negligent and reckless supervision and retention of Defendants Fong and Wessels.

126.    Defendant City of Des Moines knew, or in the exercise of ordinary care should have known, of Defendants Fong's and Wessels' incompetence, unfitness, and/or dangerous characteristics or propensities.

127.    Defendants Fong and Wessels' incompetence, unfitness, and/or dangerous characteristics or propensities were a cause of damage to Plaintiff Burnikel.

128.    Defendant's negligence was a cause of Plaintiff's injuries and damages.

129.    As a direct and proximate result of Defendant City of Des Moines' acts and/or omissions, Plaintiff Burnikel has in the past and will in the future suffer injuries and damages.

130.  As a direct and proximate result of Defendant City of Des Moines' illegal and unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, and medical and dental expenses; and

b.  Other damages as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant City of Des Moines, Iowa, jointly and severally, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## JURY DEMAND

The above-named Defendants, and each of them, are hereby notified that the Plaintiff herein does hereby demand trial by jury on all issues presented in this Complaint triable to a jury.

**SWAIM LAW FIRM, P.L.L.C.**

By: /s/  Justin K. Swaim
   Justin K. Swaim AT0007788
   701 13th Street, Suite 2
   West Des Moines, IA 50265
   Telephone: 641-777-5120
   Facsimile:  515-777-1127
   E-mail: justin@swaimlawfirm.com
   ATTORNEY FOR PLAINTIFF

Original Electronically Filed.

Copy to:

Dustin Burnikel
PLAINTIFF