IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| DUSTIN BURNIKEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00050 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FONG, individually and in his | ) | |
| official capacity as a law enforcement | ) | |
| officer with the Des Moines Police | ) | ANSWER AND AFFIRMATIVE |
| Department; GREG WESSELS, | ) | DEFENSES |
| Individually and in his official capacity | ) | |
| As a law enforcement officer with the | ) | |
| Des Moines Police Department; and | ) | |
| CITY OF DES MOINES, IOWA, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Defendants, Michael Fong, Greg Wessels and the City of Des Moines,

Iowa, by and through their undersigned counsel of record, and for their Answer to Plaintiffs'

Petition, respectfully state to this Court as follows:

1.      The allegations of paragraph 1 are denied.

2.      The allegations of paragraph 2 are denied.

3.      Defendants admit paragraph 3 of the Complaint.

4.      The allegations of paragraph 4 are admitted.

5.      The allegations of paragraph 5 are admitted.

6.      The Defendants admits paragraph 6 of the Complaint.

7.      The Defendants can neither admit nor deny paragraph 7 of the Complaint for lack

of knowledge or belief.

8.      The Defendants admit paragraph 8 of the Complaint.

9.      The Defendants admit paragraph 9 of the Complaint. .

10.     Defendants admit paragraph 10 of the Complaint.

11.     The allegations of paragraph 11 are denied.

12.     The Defendants admit paragraph 12 of the Complaint.

13.     The Defendants can neither admit nor deny paragraph 13 of the Complaint for lack of knowledge or belief.

14.     The Defendants can neither admit nor deny paragraph 14 of the Complaint for lack of knowledge or belief.

15.     The Defendants deny paragraph 15 of the Complaint.

16.     The Defendants deny paragraph 16 of the Complaint.

17.     The Defendants deny paragraph 17 of the Complaint.

18.     The Defendants deny paragraph 18 of the Complaint.

19.     The Defendants deny paragraph 19 of the Complaint.

20.     The Defendants deny paragraph 20 of the Complaint.

21.     The Defendants deny paragraph 21 of the Complaint.

22.     The Defendants admit paragraph 22 of the Complaint.

23.     The Defendants admit paragraph 23 of the Complaint.

24.     The Defendants admit paragraph 24 to the extent that Plaintiff was acquitted of criminal charges pursued against him by the City and Polk County Attorney's Offices.

25.     The Defendants admit paragraph 25 of the Complaint.

26.     The Defendants can neither admit nor deny paragraph 26 of the Complaint for lack of knowledge and belief.

27.     The Defendants can neither admit nor deny paragraph 27 of the Complaint for lack of knowledge and belief.

28.     The Defendants can neither admit nor deny paragraph 28 of the Complaint for lack of knowledge and belief.

29.     The Defendants can neither admit nor deny paragraph 29 of the Complaint for lack of knowledge and belief.

30.     The Defendants can neither admit nor deny paragraph 30 of the Complaint for lack of knowledge and belief

## COUNT I OF THE PLAINTIFF'S COMPLAINT

31.     The Defendant Fong can neither admit nor deny paragraph 31 of the Complaint.

32.     The Defendant Fong denies paragraph 32 of the Complaint for lack of knowledge and belief.

33.     The Defendant Fong denies paragraph 33 of the Complaint.

34.     The Defendant Fong denies paragraph 34 of the Complaint.

35.     The Defendant Fong denies paragraph 35 of the Complaint.

36.     The Defendant Fong denies paragraph 36 of the Complaint.

37.     The Defendant Fong denies paragraph 37 of the Complaint.

38.     The Defendant Fong denies paragraph 38 of the Complaint.

39.     The Defendant Fong denies paragraph 39 of the Complaint.

40.     The Defendant Fong denies paragraph 40 of the Complaint.

41.     The Defendant Fong denies paragraph 41 insofar as he does not believe the Plaintiff is entitled to recover damages, costs or fees as his claims will not be established.

42.     The Defendant Fong denies paragraph 42 of the Complaint.

WHEREFORE, Defendant Fong respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendant Fong with costs taxed to Plaintiff.

## COUNT II

43.     The Defendant Wessels can neither admit nor deny paragraph 43 of the Complaint.

44.     The Defendant Wessels denies paragraph 44 of the Complaint.

45.     The Defendant Wessels denies paragraph 45 of the Complaint.

46.     The Defendant Wessels denies paragraph 46 of the Complaint.

47.     The Defendant Wessels denies paragraph 47 of the Complaint.

48.     The Defendant Wessels denies paragraph 48 of the Complaint.

49.     The Defendant Wessels denies paragraph 49 of the Complaint.

50.     The Defendant Wessels denies paragraph 50 of the Complaint.

51.     The Defendant Wessels denies paragraph 51 of the Complaint.

52.     The Defendant Wessels denies paragraph 52 of the Complaint.

53.     The Defendant Wessels denies paragraph 53 insofar as he does not believe the Plaintiff is entitled to recover damages, costs, or fees as his claims will not be established.

54.     The Defendant Wessels denies paragraph 54 of the Complaint.

WHEREFORE, Defendant Wessels respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendant Fong with costs taxed to Plaintiff.

## COUNT III

55.     The Defendant City can neither admit nor deny paragraph 55 of the Complaint.

56.     The Defendant City denies paragraph 56 of the Complaint.

57.     The Defendant City denies paragraph 57 of the Complaint.

58.     The Defendant City denies paragraph 58 of the Complaint.

59.     The Defendant City denies paragraph 59 of the Complaint.

60.     The Defendant City admits that it maintains records generally of the type alleged within paragraph 60 of the Complaint but denies the remainder of the paragraph.

61.     The Defendant City can neither admit nor deny paragraph 61 of the Complaint.

62.     The Defendant City denies paragraph 62 of the Complaint.

63.     The Defendant City denies paragraph 63 of the Complaint.

64.     The Defendant City denies paragraph 64 of the Complaint.

65.     The Defendant City denies paragraph 65 of the Complaint.

66.     The Defendant City denies paragraph 66 of the Complaint.

67.     The Defendant City denies paragraph 67 of the Complaint insofar as it does not believe the Plaintiff is entitled to recover damages, costs, or fees as his claims will not be established.

68.     The Defendant City denies paragraph 68 of the Complaint.

WHEREFORE, Defendant City respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendant City with costs taxed to Plaintiff.  Further, and as alleged with greater specificity in the Affirmative Defenses below, Defendant City is immune from punitive damages at law, as held in *City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247; 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

## COUNT IV

69.     The Defendant City can neither admit nor deny paragraph 69 of the Complaint.

70.     The Defendant City denies paragraph 70 of the Complaint.

71.    Defendant City denies paragraph 71 of the Complaint, specifically as it is well-established law that *Respondeat Superior* claims cannot be made against Municipal Corporations such as the City of Des Moines. See *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

72.    The Defendant City denies paragraph 72 of the Complaint.

73.    The Defendant City denies paragraph 73 of the Complaint insofar as it does not believe the Plaintiff is entitled to recover damages, costs, or fees as his claims will not be established.

74.    The Defendant City denies paragraph 74 of the Complaint.

WHEREFORE, Defendant City respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendant City with costs taxed to Plaintiff.

## COUNT V

75.    The Defendant Fong can neither admit nor deny paragraph 75 of the Complaint.

76.    The Defendant Fong denies paragraph 76 of the Complaint.

77.    Defendant Fong can neither admit nor deny paragraph 77 of the Complaint for lack of knowledge or belief.

78.    Defendant Fong denies paragraph 78 of the Complaint.

79.    Defendant Fong denies paragraph 79 of the Complaint.

80.    Defendant Fong denies paragraph 80 of the Complaint.

81.    Defendant Fong denies paragraph 81 of the Complaint.

82.    Defendant Fong denies paragraph 82 of the Complaint.

WHEREFORE, Defendants respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendants with costs taxed to Plaintiff.

## COUNT VI

83.     Defendant Fong can neither admit nor deny paragraph 83 of the Complaint.

84.     Defendant Fong can neither admit nor deny paragraph 84 of the Complaint.

85.     Defendant Fong can neither admit nor deny paragraph 85 of the Complaint.

86.     Defendant Fong denies paragraph 86 of the Complaint.

87.     Defendant Fong denies paragraph 87 of the Complaint.

88.     Defendant Fong denies paragraph 88 of the Complaint.

WHEREFORE, Defendants respectfully request the Court deny the Plaintiff's Claim and enter a judgment for Defendant Fong with costs taxed to Plaintiff.

## COUNT VII

89.     Defendant Fong can neither admit nor deny paragraph 89 of the Complaint.

90.     Defendant Fong admits paragraph 90 of the Complaint.

91.     Defendant Fong denies paragraph 91 of the Complaint.

92.     Defendant Fong denies paragraph 92 of the Complaint.

93.     Defendant Fong denies paragraph 93 of the Complaint.

94.     Defendant Fong denies paragraph 94 of the Complaint.

WHEREFORE, Defendants respectfully request the Court deny the Plaintiff's Claim and enter a judgment for Defendant Fong with costs taxed to Plaintiff.

## COUNT VIII

95.     Defendant Wessels can neither admit nor deny paragraph 95 of the Complaint.

96.     Defendant Wessels denies paragraph 96 of the Complaint.

97.     Defendant Wessels can neither admit nor deny paragraph 97 of the Complaint for lack of knowledge or belief.

98.     Defendant Wessels denies paragraph 98 of the Complaint.

99.     Defendant Wessels denies paragraph 99 of the Complaint.

100.    Defendant Wessels denies paragraph 100 of the Complaint.

101.    Defendant Wessels denies paragraph 101 of the Complaint.

102.    Defendant Wessels denies paragraph 102 of the Complaint.

WHEREFORE, Defendants respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendants with costs taxed to Plaintiff.

## COUNT IX

103.    Defendant Wessels can neither admit nor deny paragraph 103 of the Complaint.

104.    Defendant Wessels denies paragraph 104 of the Complaint.

105.    Defendant Wessels denies paragraph 105 of the Complaint.

106.    Defendant Wessels denies paragraph 106 of the Complaint.

107.    Defendant Wessels denies paragraph 107 of the Complaint.

108.    Defendant Wessels denies paragraph 108 of the Complaint.

WHEREFORE, Defendants respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendants with costs taxed to Plaintiff.

## COUNT X

109.    Defendant Wessels can neither admit nor deny paragraph 109 of the Complaint.

110.    Defendant Wessels admits paragraph 110 of the Complaint.

111.    Defendant Wessels denies paragraph 111 of the Complaint.

112.    Defendant Wessels denies paragraph 112 of the Complaint.

113.    Defendant Wessels denies paragraph 113 of the Complaint.

114.    Defendant Wessels denies paragraph 114 of the Complaint.

WHEREFORE, Defendants respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendants with costs taxed to Plaintiff.

## COUNT XI

115. Defendant City can neither admit nor deny paragraph 115 of the Complaint.

116. Defendant City admits paragraph 116 of the Complaint.

117. Defendant City admits paragraph 117 of the Complaint.

118. Defendant City denies paragraph 118 of the Complaint, specifically as it is well-established law that *Respondeat Superior* claims cannot be made against Municipal Corporations such as the City of Des Moines. See *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

119. Defendant City denies paragraph 119 of the Complaint.

120. Defendant City denies paragraph 120 of the Complaint.

121. Defendant City denies paragraph 121 of the Complaint.

WHEREFORE, Defendants respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendants with costs taxed to Plaintiff. Further, and as alleged with greater specificity in the Affirmative Defenses below, Defendant City is immune from punitive damages at law, as held in *City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247; 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

## COUNT XII

122. Defendant City can neither admit nor deny paragraph 122 of the Complaint.

123. Defendant City admits paragraph 123 of the Complaint.

124.    Defendant City can neither admit nor deny paragraph 124 of the Complaint. The Supreme Court of the United States has made clear that Respondeat Superior Liability cannot be applied to local government entities. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

125.    Defendant City denies paragraph 125 of the Complaint.

126.    Defendant City denies paragraph 126 of the Complaint.

127.    Defendant City denies paragraph 127 of the Complaint.

128.    Defendant City denies paragraph 128 of the Complaint.

129.    Defendant City denies paragraph 129 of the Complaint.

130.    Defendant City denies paragraph 130 of the Complaint.

WHEREFORE, Defendant City respectfully requests the Court deny the Plaintiff's Claim and enter a judgment for Defendant City with costs taxed to Plaintiff. Further, and as alleged with greater specificity in the Affirmative Defenses below, Defendant City is immune from punitive damages at law, as held in *City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247; 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

## AFFIRMATIVE DEFENSES

COME NOW Defendants Michael Fong, Greg Wessels and City of Des Moines, Iowa, and for their affirmative defenses, set forth the following:

1.    Plaintiffs have failed to state a claim upon which relief may be granted.

2.    Defendants Fong and Wessels have qualified immunity from suit as their actions as police officers were undertaken in good faith.

3.    Defendant City of Des Moines is not liable in respondeat superior.

4.    Defendant City of Des Moines cannot be found liable for punitive damages.

5.    The Defendants are immune pursuant to Iowa Code Chapter 670.

6.    Plaintiffs' fault exceeds the fault of the Defendants and bars any recovery pursuant to Iowa Code Chapter 668.

7.    The Plaintiffs' fault must be compared with the fault of the Defendants', if any, and the Plaintiffs' award must be reduced or eliminated by the percentage of fault pursuant to Iowa Code Chapter 668.

8.    The Plaintiff will not be able to establish the City of Des Moines had a custom, policy or practice that violated the Plaintiff's or any citizen's constitutional rights in regard to the issues asserted in Plaintiff's Complaint.

9.    The Plaintiff will not be able to establish of a pervasive pattern of unconstitutional conduct on the part of the City of Des Moines in the hiring and/or retention of police officers or in regard to any other matter asserted in his Complaint.

10.    Defendant Officers Fong and Wessels had probable cause for their actions toward the Plaintiff on February 16, 2013.

11.    The Defendants reserve the right to supplement their affirmative defenses as discovery continues in this case.

                                        Respectfully submitted,


                                        /s/ John O. Haraldson
                                        John O. Haraldson        AT0003231
                                        City of Des Moines Legal Dept.
                                        400 Robert D. Ray Drive
                                        Des Moines, IA  50309-1891
                                        Telephone:  (515) 283-4072
                                        Facsimile: (515) 237-1748
                                        E-Mail:  joharaldson@dmgov.org
                                        ATTORNEY FOR DEFENDANTS

Original filed via EDMS.

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 8, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and a true copy of the foregoing was electronically sent via the Clerk of Court.

/s/ *John O. Haraldson*

John O. Haraldson