## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | | |
|---|---|---|
| DUSTIN BURNIKEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00050 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL FONG, individually and in his | ) | |
| official capacity as a law enforcement | ) | |
| officer with the Des Moines Police | ) | DEFENDANTS' MOTION IN |
| Department; GREG WESSELS, | ) | LIMINE |
| Individually and in his official capacity | ) | |
| As a law enforcement officer with the | ) | |
| Des Moines Police Department; and | ) | |
| CITY OF DES MOINES, IOWA, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW the Defendants, by and through the undersigned, and pursuant to Federal Rule of Evidence 104(a), prior to the selection of the jury and trial of this matter, and move for an Order in Limine instructing Plaintiff, Plaintiff's counsel, and witnesses in Plaintiff's case to refrain from making any mention, directly or indirectly, in any manner whatsoever, concerning the matters described below in the presence of the jury or prospective jurors until such time as the Court has had opportunity to rule upon the admissibility of such evidence.  In support of this motion, the Defendants state the following to the Court:

1.      Among the purposes of a Motion in Limine, one purpose is to prevent references during voir dire examination and opening statement to incompetent, irrelevant, immaterial, or privileged evidence.

2.      An additional purpose of a Motion in Limine is to restrict counsel from

asking questions or making statements and offering such matters until the admissibility of the questionable evidence can be determined during the course of the trial by presenting it to the Court in the absence of the jury.  The objective of the Motion is to control such matters in advance, and thus avoid disclosing to the jury inadmissible prejudicial material.

3.      Defendants believe that unless limited by order of the Court, the matters described below will be brought before the jury.

4.      For the reasons set forth below, such matters are not admissible.  If the matters are introduced or otherwise brought before the jury, Defendants will be required to make objections in the presence of the jury.

5.      The evidence sought to be excluded by the Defendants in this matter, as well as the reasons for the exclusion, are as follows:

a.      All offers to settle the claim prior to trial, as such evidence is precluded pursuant to Federal Rule of Evidence 408.

b.      Other occasions of the use of force by any named Defendants, other than the incident in this case. The Plaintiff may attempt to use the incident that occurred on February 16, 2013, as part of a pattern of conduct by either Officer Fong or Officer Wessels as police officers.   Such assertions for claims against individual officers sued for excessive force is improper.   When determining whether a police officer used excessive force in the course of an arrest, "[t]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, *without regard to their underlying intent or motivation." Brown v. City of Golden Valley*, 534 F.Supp.2d 984

(emphasis added), citing *Winters v. Adams*, 254 F.3d 758, 765 (8th Cir. 2001), see also *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

c.     Any occasions of the use of force by any other Des Moines police officers. See FRE 401 to 403.

d.     The prior disciplinary records of the Individual Defendant Officers pursuant to both FRE 403 and 404(b).

e.     Any video evidence that does not provide a complete recording of the interaction between the Plaintiff and the named Defendants on the night of the incident giving rise to this litigation.  Any partial recordings of events after the initial encounter is unfairly prejudicial and misleading to the jury pursuant to FRE 403.

f.     Any complaints, lawsuits, claims or allegations against any named Defendants alleging the use of excessive force for the same reasons as paragraph 5(b) above pursuant to FRE 403 and 404.

g.     Any complaints, lawsuits, claims or allegations against any other Des Moines police officers alleging the use of excessive force. See FRE 401 to 403.

h.     Whether or not any named Defendants have ever been questioned or investigated by OPS (Office of Professional Standards), the County Attorney's Office, a grand jury, or by any other local, state or federal agency regarding any type of alleged misconduct, including the alleged use of excessive force.  See FRE 403, 404.

i.     Any investigation of any other Des Moines police officer's use of force by OPS, the County Attorney's Office, a grand jury or by any other local, state or

federal agency, including officers prosecuted for alleged criminal actions.  See FRE 403, 404.

j.      Evidence regarding the Plaintiff's acquittal on criminal charges.  The fact of an acquittal affords no evidence that the charges against Plaintiff were without probable cause on behalf of the officers.  Acquittal only implies that the evidence did not meet the heavy standard necessary for a criminal conviction.  See, *Yoch v. City of Cedar Rapids*, 353 N.W.2d 95, 101 (Iowa 1994).  See FRE 403.

k.      Evidence of liability insurance in the possession of the Defendants pursuant to FRE 411.

In addition, all such evidence should be excluded for the following reasons: (a) such evidence is irrelevant since the reasonableness of the force used is an objective standard from the standpoint of the officer at the time of the use of force and can vary on a case-by-case basis; (b) none of the permissible purposes listed in Federal Rule of Evidence 404(b) for admission of other crimes, wrong or acts are present in this case; and (c) to allow the jury to hear this evidence will unfairly prejudice Defendants, mislead the jury and confuse the issues.

6.      Any sworn out-of-Court statements of individuals who are not available to testify or will not be called to testify in this matter is inadmissible hearsay pursuant to Federal Rule of Evidence 801.  As a curative to the use of such statements, if admitted, the Plaintiff would request to be allowed to enter into evidence any sworn statements obtained in this matter of witnesses unavailable to testify.

7.      For all the reasons listed above, the Court should exercise its discretion for the orderly, fair, and just conduct of this trial, and order Plaintiff's counsel not to question

any juror or make any remark in opening statements or closing summation, or to elicit or attempt to elicit any testimony or evidence from any witness, either directly or indirectly, which relates to any of the above-described matters.  Further, the Court should instruct Plaintiff and Plaintiff's counsel to advise all of their witnesses of the Court's ruling and order in this regard so that such matters will not be brought before the jury by any witness until and unless further orders are made by the Court.

WHEREFORE, the Defendants respectfully request the Court instruct the Plaintiff and Plaintiff's counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters described in paragraph 5 above, without first obtaining permission of the Court outside of the jury's presence.  Further, Defendants request the Court instruct Plaintiff and Plaintiff's counsel not to make any reference to the fact that this Motion has been filed and granted, and to warn and caution each and every one of Plaintiff's witnesses to strictly follow the same instructions.

DATED: September 22, 2016

  /s/*John O. Haraldson*
John O. Haraldson        AT0003231
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone:  (515) 283-4547
Facsimile:  (515) 237-1748
E-mail:  joharaldson@dmgov.org

ATTORNEY FOR DEFENDANTS
CITY OF DES MOINES AND
OFFICERS FONG AND WESSELS

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on, September 22, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and a true copy of the foregoing was electronically sent via the Clerk of Court.


<u>        <i>/s/ John O. Haraldson</i>        </u>
John O. Haraldson
Assistant City Attorney