# UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BURNIKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:15-cv-00050 |
| ) | |
| MICHAEL FONG, GREG WESSELS and ) | |
| CITY OF DES MOINES, IOWA ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR LEAVE TO REOPEN DISCOVERY

Pursuant to Local Rule 26 -3.01(B) and Fed. R. Civ. P. 16(b)(4), Plaintiff Dustin Burnikel moves the Court for an Order reopening expert discovery for 90 days. In support of his motion, Plaintiff states as follows:

1. Discovery was originally set to close in this matter on March 8, 2016 with a trial start date of October 24, 2016. (Doc. 13).

2. Plaintiff was supposed to designate his expert witnesses and disclose his written reports by November 2, 2015. *Id*. The deadline was extended to December 2, 2015, two months before undersigned counsel entered the case.

3. On February 4, 2016, Plaintiff's previous lead counsel filed a motion to withdraw because he had accepted a position with the federal government. (Doc. 26). The Court granted the motion the next day. (Doc. 29).

4. On March 3, 2016, the undersigned entered his appearance on behalf of Plaintiff. The undersigned's law firm took over lead counsel duties. (Docs. 34 and 35).

1

5. Plaintiff's new lead counsel entered five months *after* Plaintiff was ordered to designate his expert witnesses and disclose their written reports.

6. After entry of Plaintiff's new counsel, this Court extended the non-expert discovery deadline to May 13, 2016 and then to May 20, 2016. (Docs. 49 and 51).

7. Notably, none of the parties requested that any of the other deadlines be changed because of the short discovery extension.

8. At the time, Plaintiff requested the extensions to complete depositions of previously identified witnesses of the Defendants and to produce documents responsive to Defendants' requests.

9. Plaintiff did not request any extensions that would significantly delay the Court's planned trial schedule or prejudice the Defendants. This included reopening expert discovery as that would have delayed dispositive motions by several months and necessitated a new trial date.

10. Plaintiff does not know why his previous counsel did not identify or retain any experts regarding the reasonableness of the force used by Defendants Wong and Wessels against Plaintiff and to the adequacy of the Defendant City of Des Moines' policies and procedure to proper identify, discipline, retrain, and/or terminate officers with a history of misconduct, other than to opine that the designations were missed as Plaintiff's previous counsel was transitioning his complete practice before a deadline to start a new job with the federal government.

11. Plaintiff did disclose medical experts related to his injuries and damages.

12. On October 12, 2016, this Court ruled on the parties' Motions for Summary Judgment. (Doc. 89).

13. The next day, on October 13, 2016, Defendants filed a Notice of Interlocutory Appeal with the 8th Circuit Court of Appeals. (Doc. 93).

14. That same day, the Court indefinitely stayed this case. (Doc. 95).

15. On February 28, 2017, Plaintiff filed a motion to reopen discovery.

16. On March 13, 2017, the Court denied the motion as premature because the case had been stayed as a result of the appeal.

17. On April 25, 2018, the Eighth Circuit issued the mandate, reopening this case. Accordingly, this motion is now ripe for review.

18. Plaintiff has identified an expert witness to testify regarding the reasonableness of the force used by Defendants Wong and Wessels against Plaintiff and to the adequacy of the Defendant City of Des Moines' policies and procedure to proper identify, discipline, retrain, and/or terminate officers with a history of misconduct.

19. If the Court grants this motion, Plaintiff's expert should be able to produce a report with the appropriate disclosures within three weeks of the entry of such order.

20. Plaintiff does not anticipate needing a rebuttal expert.

21. Reopening expert discovery will not prejudice Defendants as there is no current trial date and the parties are scheduled to discuss scheduling with the Court today.

22. However, denying this motion will substantially prejudice Plaintiff by preventing Plaintiff from introducing evidence to directly contradict Defendants and their other witnesses, who are law enforcement officers and will likely receive extra deference from a jury, as to the reasonableness of the force used by Defendants Wong and Wessels against Plaintiff and to the adequacy of the Defendant City of Des Moines' policies and procedure to proper identify, discipline, retrain, and/or terminate officers with a history of misconduct.

23. Plaintiff's counsel certifies that on February 22, 2017, Plaintiff's counsel Javad Khazaeli spoke and Defendants' counsel John Haraldson in a good faith attempt faith to resolve this matter pursuant to Local Rule 37 – 2.04(A).

WHEREFORE, for the reasons above and in the attached memorandum in support of this motion, Plaintiff respectfully moves this Court to reopen expert discovery.

Respectfully submitted,

KHAZAELI WYRSCH LLC

By: /s/ James R. Wyrsch
James R. Wyrsch
Javad M. Khazaeli
911 Washington Ave, Suite 211
St. Louis, MO. 63101
(314) 288-0777
Fax: (314) 400-7701
james.wyrsch@kwlawstl.com


Justin K. Swaim
Swaim Law Firm, PLLC
701 13th Street, Suite 2
West Des Moines, IA  50265
(641) 777-5120
Fax: (515) 777-1127
Email:  justin@swaimlawfirm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 3, 2018, he served the foregoing Memorandum to all counsel of record via this court's CM/ECF system at the following addresses:

John O. Haraldson
City of Des Moines Legal Department
400 Robert D. Ray Drive
Des Moines, IA  50309-1891
Email:  JOHaraldson@dmgov.org


        /s/ James R. Wyrsch