UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DUSTIN BURNIKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:15-cv-00050 |
| | ) | |
| MICHAEL FONG, GREG WESSELS and | ) | |
| CITY OF DES MOINES, IOWA | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**<u>PLAINTIFF'S MOTION FOR LEAVE TO REOPEN DISCOVERY</u>**

Pursuant to Local Rule 26 -3.01(B) and Fed. R. Civ. P. 16(b)(4), Plaintiff Dustin Burnikel moves the Court for an Order re-opening expert discovery for 90 days. Undersigned counsel entered this matter after the close of expert discovery and with an impending deadline to finish fact discovery. Because of the tight deadlines and on order to accommodate the existing schedule, undersigned counsel did not seek to re-open expert discovery. On October 13, 2016, Defendants filed a notice of interlocutory appeal which has resulted in a 17-month stay of the case in the District Court. *See* Doc 91. On February 28, 2017, Plaintiff filed a Motion for Leave to Reopen Discovery. See Docs. 91 and 92. On March 13, 2017, this Court denied Plaintiff's motion as premature. *See* Doc. 103. In its order, this Court stated:

> Plaintiff's motion for leave to reopen discovery is premature. Until the circuit has ruled on the issues raised in the interlocutory appeal, all proceedings in this Court have been stayed. Once the circuit has ruled and mandate has been issued, the Court will set a status conference. Plaintiff may renew his motion after mandate is returned from the circuit.

1

*Id.* at 1.

On April 2, 2018, the Eight Circuit affirmed this Court's decision regarding Summary Judgement and returned the mandate to this Court on April 25, 2018. As such, this Motion is now ripe. Further, given the delay caused by the Defendants' interlocutory appeal and the fact that no trial is currently scheduled, undersigned counsel respectfully request that expert discovery be re-opened to allow Plaintiff to fully prosecute his case.

A motion to reopen discovery need not come while discovery is open. *Her v. Paulos*, No. CIV. 11-808 PAM/TNL, 2012 WL 6634777, at *3–4 (D. Minn. Dec. 20, 2012). Discovery schedules are to be changed "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists in this case.

"Once discovery has closed, it is within the district court's discretion whether or not to allow it to be reopened." *Philip v. Ford Motor Co.,* 328 F.3d 1020, 1024 (8th Cir. 2003) (citing *Boardman v. Nat'l Med. Enters.,* 106, F.3d 840, 843 (8th Cir. 1997)). Once a scheduling deadline has passed, a party must show "good cause" to reopen discovery. *E.E.O.C. v. Hibbing Taconite Co.,* 266 F.R.D. 260, 265 (D. Minn. 2009). Whether good cause exists to modify the scheduling order does not turn on the existence or absence of prejudice to the nonmoving party. *E.E.O.C. v. Hibbing Taconite Co.,* 266 F.R.D. 260, 265 (D. Minn. 2009) (citing *Luigino's Inc. v. Pezrow Cos.,* 178 F.R.D. 523, 525 (D. Minn. 1998)).

While Plaintiff could not find any standards enunciated by the Eighth Circuit to determine the existence of good cause, the other courts have identified the following factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed

for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) *citing Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3rd Cir.1984)*; Wilk v. American Medical Association*, 719 F.2d 207, 232 (7th Cir.1983), *cert. denied,* 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984)*; Geremia v. First National Bank of Boston*, 653 F.2d 1, 5-6 (1st Cir.1981). The *Smith* factors weigh in favor of granting Plaintiff's motion.

First, trial is not imminent. On October 12, 2016, this Court ruled on the parties' Motions for Summary Judgment. (Doc. 89). The next day, on October 13, 2016, Defendants filed a Notice of Interlocutory Appeal with the 8th Circuit Court of Appeals. (Doc. 93). That same day, the Court indefinitely stayed this case. (Doc. 95). Not only is the stay still pending, but the 8th Circuit has yet to schedule the Interlocutory Appeal for oral arguments. Once the 8th Circuit rules on Defendants' Interlocutory Appeal, this Court must reschedule the trial date. If the Court allows expert discovery to be reopened, it will be completed well before another trial date can be scheduled.

Regarding the second and third factors, although the Defendants oppose this motion, Defendants will not be prejudiced by reopening expert discovery as Defendants will have ample time to review Plaintiff's expert reports, depose Plaintiff's experts, and retain an expert of their own if they choose. However, denying this motion will substantially prejudice Plaintiff by preventing Plaintiff from introducing evidence to directly contradict Defendants and their other witnesses, who are law enforcement officers and will likely receive extra deference from a jury, as to the reasonableness of the force used by Defendants Wong and Wessels against Plaintiff and to the adequacy of the Defendant City of Des Moines' policies and procedure to proper identify, discipline, retrain, and/or terminate officers with a history of misconduct.

Plaintiff has been diligent in obtaining discovery within the guidelines established by the Court. Plaintiff's new lead counsel entered this matter in the middle of discovery. Yet, Plaintiff's new counsel was able to review all of the voluminous evidence that had already been produced and still need to be produced. Plaintiff's new counsel was able to get up to speed and produce the required documents without causing the proposed trial date of October 24, 2016 to be rescheduled. Plaintiff did not request any extensions[1] that would delay the Court's planned trial schedule or prejudice the Defendants. This included re-opening expert discovery as that would have delayed dispositive motions by several months and necessitated a new trial date.

Plaintiff does not foresee that any additional fact discovery will be required if the Court grants his motion. Rather, all of the factual evidence and documentation related to this litigation has already been produced by the parties. Plaintiff has identified an expert witness to testify regarding the reasonableness of the force used by Defendants Wong and Wessels against Plaintiff and the adequacy of the Defendant City of Des Moines' policies and procedure to proper identify, discipline, retrain, and/or terminate officers with a history of misconduct. In addition, Plaintiff may identify and produce additional witnesses to testify as to the financial and physical impact of

---

[1] Plaintiff cannot explain why his previous lead counsel did not designate any expert witnesses regarding the reasonableness of the force used by Defendants Wong and Wessels against Plaintiff and to the adequacy of the Defendant City of Des Moines' policies and procedure to proper identify, discipline, retrain, and/or terminate officers with a history of misconduct by the Court's deadline. Plaintiff can only opine that the designations were missed as Plaintiff's previous counsel was transitioning his complete practice before a deadline to start a new job with the federal government. In fact, the *Smith* court found that a lawyer's failure to comply with a discovery deadline should not negatively effect his or her client. "When imposing sanctions for a party's failure to comply with pretrial deadlines, the trial court is to consider, insofar as practical, where the fault lies for noncompliance. The impact of any sanction should then be directed at the lawyer or the party depending upon who is at fault." *Smith v. United States*, 834 F.2d 166, 171 (10th Cir. 1987) *citing In re Sanction of Baker,* 744 F.2d 1438, 1442 (10th Cir. 1984) (en banc), *cert. denied,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985).

Plaintiff's injuries. None of these areas of testimony should be a surprise to Defendants as the issues were presented in Plaintiff's original complaint and Defendants have produced evidence in response to these allegations. As such, no additional discovery should be required beyond depositions of the parties' experts.

Finally, there is a high likelihood that, if the Court reopens expert testimony, relevant evidence will result. The evidence Plaintiff believes he will elicit from the expert is "specialized knowledge" that "will assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588, 113 S. Ct. 2786, 2794, 125 L. Ed. 2d 469 (1993) citing Fed. R. Evid. 702. Because the testimony requires "specialized knowledge," "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." *Id.* [2] The reasonableness of the force used by Defendants Wong and Wessels against Plaintiff and to the adequacy of the Defendant City of Des Moines' policies and procedure to proper identify, discipline, retrain, and/or terminate officers with a history of misconduct is the core of Plaintiff's claim. As such, the expert's testimony will almost assuredly produce evidence that is relevant to this matter and which will assist the jury in resolving this case.

**Conclusion**

WHEREFORE, Plaintiff respectfully moves this Court to reopen expert discovery.

---

[2] If Plaintiff also identifies and produces additional witnesses to testify as to the financial and physical impact of Plaintiff's injuries, the same would apply.

Respectfully submitted,

KHAZAELI WYRSCH LLC

By: /s/ James R. Wyrsch
James R. Wyrsch
Javad M. Khazaeli
911 Washington Ave, Suite 211
St. Louis, MO 63101
(314) 288-0777
Fax: (314) 400-7701
james.wyrsch@kwlawstl.com

Justin K. Swaim
Swaim Law Firm, PLLC
701 13th Street, Suite 2
West Des Moines, IA  50265
(641) 777-5120
Fax: (515) 777-1127
Email:  justin@swaimlawfirm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 3, 2018, he served the foregoing Memorandum to all counsel of record via this court's CM/ECF system at the following addresses:

John O. Haraldson
City of Des Moines Legal Department
400 Robert D. Ray Drive
Des Moines, IA  50309-1891
Email:  JOHaraldson@dmgov.org


                                                 /s/ James R. Wyrsch