IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BURNIKEL,<br><br>    Plaintiff(s),<br><br>vs.<br><br>MICHAEL FONG, GREG WESSELS and CITY OF DES MOINES, IOWA,<br><br>    Defendant(s). | 4:15-cv-00050-JAJ-HCA<br><br><br><br><br>RULING GRANTING PLAINTIFF'S MOTION FOR LEAVE TO REOPEN EXPERT DISCOVERY |

    Plaintiff's motion for leave to reopen discovery [107],[1] which Defendants resist [111], is before the Court.

    On October 12, 2016, Chief Judge Jarvey granted in part and denied in part Defendants' motion for summary judgment and denied Plaintiff's cross-motion for summary judgment. [89]. In denying portions of Defendants' motion, the Court denied Defendants qualified immunity as there were factual issues on the underlying constitutional claims. Defendants filed a notice of appeal on October 13, 2016 [91] and at a status conference on that day made an oral motion to stay proceedings. The Court granted the motion to stay pending receipt of further information from the Eight Circuit concerning the appeal. [95]. On April 2, 2018, the Eighth Circuit affirmed Judge Jarvey's ruling. *Burnikel v. Fong,* 886 F.3d 706 (8th Cir. 2018). The mandate was returned to this Court on April 25, 2018. Plaintiff filed the present motion after the Court scheduled a status conference to re-set the case for trial.

---

[1] This is a renewal of Plaintiff's motion for leave to reopen discovery [98] filed while the appeal was pending. The Court denied the original motion without prejudice to renewal as premature given the pending appeal. [103]

During the course of this case, on November 2, 2015, Plaintiff's original lead counsel, Stephen Ryals and Justin Swaim, filed an unresisted motion to extend the deadlines for expert witness disclosures [20], noting that while counsel did "not intend to designate any liability experts," he did want "to use Plaintiff's treating physicians and other healthcare providers as witnesses to prove up Plaintiff's damages claims and to link Plaintiff's damages" to Defendants' conduct. (Pl. Motion [20] at 1-2). Based on this, defense counsel agreed to an additional thirty-day extension of Plaintiff's expert witness disclosure deadline to December 2, 2015. (*Id.* at 2). The Court granted this extension. [21].

On February 4, 2016, Mr. Ryals filed a motion to withdraw as co-counsel for Plaintiff as he was leaving to take a position with the federal government. [26]. He filed a concurrent motion to extend the discovery deadline to allow new counsel time to complete discovery, which the Court granted after a status conference with counsel. [28]. On March 2, 2016, attorneys James Wyrsch and Javad Khazaeli entered appearances as co-counsel with Mr. Swaim. [34][35]. After a status conference was held with counsel, the Court gave Plaintiff's new counsel until March 22, 2016 to determine what additional discovery was needed and to file any motions to compel. The discovery deadline was set as May 5, 2016. Plaintiff's counsel requested a one week extension to and including March 29 to determine what additional discovery was needed and to file any motions to compel. [38]. The Court again granted this requested extension. [39]. Plaintiff ultimately filed two motions to compel, which were briefed and ruled on by the Court. The Court also extended the discovery deadline until May 20, 2016. [51]. The parties filed cross-motions for summary judgment. On October 6, 2016, Plaintiff requested that the jury trial scheduled for October 24, 2016 be continued. [85]. The Court denied the motion to continue the trial. [87]. Plaintiff's current counsel did not request an extension of the expert witness disclosure deadline at any time prior to

the interlocutory appeal. As discussed above, Judge Jarvey granted in part and denied in part Defendant's summary judgment motion and denied Plaintiff's motion. [89].

Plaintiff now seeks to identify an expert witness to testify regarding use of force and the adequacy of the City of Des Moines' policies and procedures regarding identifying, disciplining, retraining, and/or terminating officers with a history of misconduct. (Pl. Mot. [107] at 3). If the Court grants the motion, Plaintiff expects to be able to produce an expert report within three weeks and does not expect to need a rebuttal expert.

Defendants resist the motion, asserting the good cause standard to support modification of a scheduling order has not been established nor has Plaintiff shown diligence in attempting to comply with the expert witness disclosure deadlines. They further argue that Defendants' appeal on the issue of qualified immunity should have no impact on whether Plaintiff has shown the requisite diligence in following the scheduling order. (Def. Resist. [111] at 4-6). Defendants argue they would be prejudiced as designation of experts at this date would be a surprise to them, particularly since the cross-motions for summary judgment were not based on expert testimony and the parties had been prepared to proceed to trial without liability experts before Judge Jarvey's ruling and the appeal.

Jury trial has now been set for November 13, 2018. At a recent status conference, the parties indicated most discovery was complete, with the exception of this issue. Plaintiff's counsel estimated expert disclosures and discovery could be completed in ninety days.

"When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir.

2008)(citing Fed. R. Civ. P. 37(c)(1); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998)).

> When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information.

*Wegner*, 527 F.3d at 692 (citing *Sellers v. Mineta*, 350 F.3d 706, 711-12 (8th Cir. 2003) and *Marti v. City of Maplewood*, 57 F.3d 680, 683 (8th Cir. 1995)).

The reason for Plaintiff's original decision not to name a liability expert is not clear on this record, although the Court does not believe it was the result of inadvertence. As for surprise or prejudice, in reliance on Plaintiff's original statement regarding liability experts, defendants did not retain experts. However, as a result of Plaintiff's premature attempt to re-open the expert witness disclosure deadline after Judge Jarvey's ruling and during the appeal Defendants have been on notice since February 2017 that Plaintiff wished to designate a liability expert. As for the extent to which allowing for expert witness disclosures and discovery would impact the trial schedule, trial is not until November 2018 and Plaintiff has proposed a very tight schedule to accomplish expert disclosures and discovery which would not interfere with that schedule. Finally, as for the importance of the expert witness information, it is common in an excessive force case for a plaintiff to name an expert on use of force or police procedures, particularly in a case such as this where the claims against the City will be bifurcated for trial, pending the jury's verdict on the claims against the officers. On the other hand, neither side's summary judgment motion relied on expert testimony in support of their arguments.

On balance, the Court in its discretion believes allowing Plaintiff the opportunity to name an expert witness and conduct limited expert discovery is appropriate in the circumstances of this case. Plaintiff's motion to reopen discovery [107] is **granted** as follows:  By no later than **May**

**30, 2018** Plaintiff should provide his expert witness disclosures. Defendants shall have to and including **June 29, 2018** to make expert witness disclosures responsive to Plaintiff's disclosures. All expert discovery shall be completed by no later than by **August 31, 2018.**

    IT IS SO ORDERED.

    Dated this 9th day of May, 2018.

                                                              _____
                                                              Helen C. Adams
                                                              Chief U.S. Magistrate Judge