IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| DUSTIN BURNIKEL, ) </br> ) </br> Plaintiff, ) </br> ) </br> ) </br> ) </br> v. ) </br> ) </br> MICHAEL FONG, individually and in ) </br> his official capacity as a law enforcement ) </br> officer with the Des Moines Police ) </br> Department; GREG WESSELS, ) </br> individually and in his official capacity ) </br> as a law enforcement officer with the ) </br> Des Moines Police Department; and ) </br> CITY OF DES MOINES, IOWA, ) </br> ) </br> Defendants. ) | Case No. 4:15-cv-00050 </br></br> PLAINTIFF'S MOTION IN LIMINE |

Plaintiff moves *in limine* that an Order be entered precluding the parties from making statements, argument or reference to the information or records referred to below in either direct, cross, or rebuttal of any witness or presenting evidence or argument regarding the following issues and matters in front of the jury without a showing being made outside the presence of the jury as to the foundation facts for admission, relevance, and adequate showing being made that any probative value of any such evidence outweighs its unfairly prejudicial effect. Plaintiff further moves this Court to prohibit Defendants and their counsel from mentioning, referring to, or attempting to convey to the jury any of the subjects listed below, and to prohibit any witness from testifying regarding the subjects listed below. Plaintiff further moves this Court to instruct the witnesses not to mention, refer to, or attempt to convey to the jury in any manner, either directly

or indirectly, any of the subjects listed below during their testimony without first obtaining permission from the Court outside the presence and hearing of the jury.

1. **Any and all references and evidence relating to criminal convictions of Plaintiff or any facts related thereto.**

Plaintiff's criminal convictions are for conduct unrelated to his claims in this case and/or conduct that occurred in the distant past, and are therefore irrelevant and should be excluded. *See* FED R. EVID. 401 and 402; *United States v. Van Elsen*, 652 F.3d 955, 962 (8th Cir. 2011). None of the evidence of Plaintiff's criminal convictions has any tendency to make a fact of consequence in determining the action at hand more or less probable than it would be without the evidence. Accordingly, any such evidence is not relevant. *See* FED R. EVID. 401. And, therefore, any such evidence is inadmissible. *See* FED R. EVID. 402.

Plaintiff has no felony convictions. The majority of his criminal convictions were for simple traffic-related violations. And, the vast majority of his criminal convictions occurred more than 10 years ago. The one criminal conviction that Plaintiff has had relatively recently (other than traffic violations) was in 2012 for operating a motor vehicle while intoxicated (OWI). Clearly, this criminal conviction, along with all others, is not relevant and should therefore be excluded.

Plaintiff has convictions for crimes such as possession of alcohol under age, driving with a suspended or revoked license, operating a motor vehicle while intoxicated (OWI), interference with official acts, assault causing bodily injury, and theft 5th, among others, none of which have any relevance in this case. Moreover, these convictions occurred in 1999 through 2002, some 14 to 17 years ago. Even if it could be argued that these criminal convictions have some very marginal relevance, the prejudicial effect of such evidence greatly outweighs its probative value, and should

therefore be excluded. *See* FED R. EVID. 403; *United States v. Roenigk*, 810 F.2d 809, 816 (8th Cir. 1987).

Rule 404, Federal Rules of Evidence, prohibits the use of "[e]vidence of a person's character or character trait…to prove that on a particular occasion the person acted in accordance with the character or trait." FED R. EVID. 404(a)(1). While there are exceptions for use of character evidence in criminal cases and for witnesses, those exceptions do not apply here. And, Rule 404 goes on to specifically state, "Evidence of a **crime**, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED R. EVID. 404(b)(1)(emphasis added). Again, while there are limited exceptions set forth in FED R. EVID. 404(b)(2), none of those exceptions apply in this case.

Evidence of Plaintiff's criminal convictions should not even be admitted for purposes of impeachment. *See* FED R. EVID. 609. With respect to evidence of any convictions for crimes that were "punishable by death or by imprisonment for more than one year" (FED R. EVID. 609(a)(1)), there is none. Plaintiff has not been convicted of any felonies. Even if he had, this Court should exclude any such evidence under Rule 403, as "its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, …[and] wasting time…" (FED R. EVID. 403). *See* FED R. EVID. 609(a)(1)(A). Moreover, even with respect to convictions for offenses in which "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement" (FED R. EVID. 609(a)(2)), which arguably Plaintiff's theft 5th convictions may fall under, the Court should still exclude this evidence, as "more than 10 years have passed since the…conviction…" (FED R. EVID. 609(b)).

Finally, Plaintiff has a couple of juvenile adjudications, and the evidence of these juvenile adjudications should likewise be excluded for all of the same reasons set forth above with respect to Plaintiff's criminal convictions, as well as Federal Rule of Evidence 609(d).

Defendants have inquired in discovery in this case as to Plaintiff's criminal arrests and convictions, both in written discovery and in Plaintiff's deposition, as shown in Interrogatory No. 20 of Defendant's First Set of Interrogatories to the Plaintiff and in the Transcript of Deposition of Dustin Burnikel at pp. 8, 62-64. While Plaintiff answered this interrogatory for purposes of discovery and answered the questions in his deposition, Plaintiff specifically requests an Order from this Court precluding Defendants from using or in any way making reference to or alluding to Plaintiff's answer to this interrogatory or his deposition testimony in this regard at trial. Plaintiff also specifically requests that any reference to Plaintiff's criminal convictions that are contained in any medical records or other exhibits be redacted for trial.

**2. Any and all references and evidence relating to Plaintiff's past history of prescription medication addiction or abuse or any other mental health/alcohol/substance abuse counseling and any facts related thereto.**

Plaintiff's past history of prescription medication addiction or abuse and all other evidence of mental health/alcohol/substance abuse counseling is irrelevant and should be excluded. *See* FED R. EVID. 401 and 402; *United States v. Van Elsen*, 652 F.3d 955, 962 (8th Cir. 2011). Plaintiff's past history of prescription medication addiction or abuse or any other alcohol or substance abuse counseling does not have any tendency to make a fact of consequence in determining the action at hand more or less probable than it would be without the evidence. Accordingly, any such evidence is not relevant. *See* FED R. EVID. 401. And, therefore, any such evidence is inadmissible. *See* FED R. EVID. 402.

As a result of the serious and painful injuries Plaintiff sustained as a result of the Defendant police officers' use of excessive force on and physical beating of Plaintiff, he was prescribed a large amount of pain medications. Plaintiff admittedly became hooked on the pain medications and sought help for his addiction at Northeast Iowa Behavioral Health in Decorah, Iowa. Moreover, medical/mental health records have been obtained from Northeast Iowa Behavioral Health in discovery in this case that indicate Plaintiff may have had an addiction to pain medications on a prior occasion. Plaintiff denies that he was addicted to pain medications prior to the incident that is the subject of this action. In any event, any and all evidence of an addiction of Plaintiff on pain medications or anything related thereto is irrelevant and should be excluded.

Plaintiff also underwent substance abuse counseling with Northeast Iowa Behavioral Health in connection with his OWI criminal conviction in 2012. Any and all evidence of this substance abuse counseling or anything related thereto is irrelevant and should be excluded.

Rule 404, Federal Rules of Evidence, prohibits the use of "[e]vidence of a person's character or character trait…to prove that on a particular occasion the person acted in accordance with the character or trait." FED R. EVID. 404(a)(1). While there are exceptions for use of character evidence in criminal cases and for witnesses, those exceptions do not apply here. And, Rule 404 goes on to specifically state, "Evidence of a crime, **wrong, or other act** is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED R. EVID. 404(b)(1)(emphasis added). Again, while there are limited exceptions set forth in FED R. EVID. 404(b)(2), none of those exceptions apply in this case.

Evidence of Plaintiff's addiction to pain medication or other alcohol or substance abuse counseling should not even be admitted for purposes of impeachment. *See* FED R. EVID. 608(b).

Defendants have inquired in discovery in this case as to Plaintiff's addiction to pain medication and other alcohol or substance abuse counseling, as well as other bad acts or instances of misconduct, both in written discovery and in Plaintiff's deposition, as shown in Interrogatory No. 7 of Defendant's First Set of Interrogatories to the Plaintiff and in the Transcript of Deposition of Dustin Burnikel, e.g., at pp. 64-86, 101-104, 108-110. While Plaintiff answered this interrogatory for purposes of discovery and answered the questions in his deposition, Plaintiff specifically requests an Order from this Court precluding Defendants from using or in any way making reference to or alluding to Plaintiff's answer to this interrogatory or his deposition testimony in this regard at trial. Plaintiff also specifically requests that any reference to Plaintiff's addiction to pain medication and/or other alcohol or substance abuse counseling, as well as any reference to any other bad act or other instance of misconduct that are contained in any medical records or other exhibits be redacted for trial.

3. **Any and all references and evidence relating to Plaintiff's prior bad acts or instances of misconduct or any facts related thereto.**

Any behavior by Plaintiff unrelated to the incident at issue in this case, including but not limited to any other physical altercation, alleged violent or aggressive behavior because of Plaintiff's addiction to prescription pain medication or otherwise, or any other instances of misconduct involving alcohol or otherwise, is irrelevant and should be excluded at trial. *See* FED R. EVID. 401 and 402; *United States v. Van Elsen*, 652 F.3d 955, 962 (8th Cir. 2011). Any such evidence of Plaintiff's behavior, misconduct, or bad acts does not have any tendency to make a fact of consequence in determining the action at hand more or less probable than it would be without the evidence. Accordingly, any such evidence is not relevant. *See* FED R. EVID. 401. And, therefore, any such evidence is inadmissible. *See* FED R. EVID. 402.

Even if it could be argued that any of Plaintiff's prior bad acts or instances of misconduct, although unrelated in time, place, and circumstances to the incident at issue in this case, had some very marginal relevance, the prejudicial effect of such evidence greatly outweighs its probative value and should therefore be excluded. *See* FED R. EVID. 403; *See generally Old Chief v. United States*, 519 U.S. 172, 180-182 (1997) (discussing the risk of misuse of evidence of other crimes, wrongs, or acts as propensity evidence).

Rule 404, Federal Rules of Evidence, prohibits the use of "[e]vidence of a person's character or character trait…to prove that on a particular occasion the person acted in accordance with the character or trait." FED R. EVID. 404(a)(1). While there are exceptions for use of character evidence in criminal cases and for witnesses, those exceptions do not apply here. And, Rule 404 goes on to specifically state, "Evidence of a crime, **wrong, or other act** is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED R. EVID. 404(b)(1)(emphasis added). Again, while there are limited exceptions set forth in FED R. EVID. 404(b)(2), none of those exceptions apply in this case.

Evidence of any of Plaintiff's prior bad acts or specific instances of misconduct should not even be admitted for purposes of impeachment. *See* FED R. EVID. 608(b).

Defendants have inquired in discovery in this case as to Plaintiff's criminal arrests and charges, in addition to actual convictions, as well as other bad acts or instances of misconduct both in written discovery and in Plaintiff's deposition, as shown in Interrogatory No. 20 of Defendant's First Set of Interrogatories to the Plaintiff and in the Transcript of Deposition of Dustin Burnikel, e.g., at pp. 8, 62-64, 69-86, 94, 100-104, 108-111. While Plaintiff answered this interrogatory for purposes of discovery and answered the questions in his deposition, Plaintiff specifically requests

7

an Order from this Court precluding Defendants from using or in any way making reference to or alluding to Plaintiff's answer to this interrogatory or his deposition testimony in this regard at trial. Plaintiff also specifically requests that any reference to Plaintiff's criminal arrests and charges, in addition to convictions, as well as any reference to any other bad act or other instance of misconduct that are contained in any medical records or other exhibits be redacted for trial.

4. **Limitation on references and evidence relating to Plaintiff's "intoxication" or "interference with official acts" and/or "resisting arrest" on the night of the incident at issue in this case.**

As a result of the altercation with the Defendant police officers on the night in question, Plaintiff was charged with public intoxication and interference with official acts/resisting arrest. Importantly, a Polk County, Iowa jury acquitted Plaintiff on these criminal charges. Of course, however, Defendants are trying to use Plaintiff's "intoxication" and "interference" and/or "resisting arrest" in an attempt to excuse their wrongful behavior in using excessive force against Plaintiff in this §1983 action.

While Plaintiff admits to drinking a few beers on the night in question, he adamantly denies being intoxicated at any time that night, including at the time of the altercation with the Defendant police officers. Plaintiff understands that evidence of his drinking a few beers on the night in question will likely come in at trial. However, because the word "intoxicated" has a legal and criminal connotation and the City of Des Moines and the State of Iowa were unable to prove the legal elements necessary to prove Plaintiff was "intoxicated", Defendants should be precluded from introducing any unrebutted evidence or making any unrebutted argument that Plaintiff was "intoxicated" or "drunk" at the time of the incident in question. In other words, each and every time Defendants attempt to introduce any evidence or any argument that Plaintiff was "intoxicated" or "drunk" or make any similar insinuation, Plaintiff should be allowed to

immediately rebut any such evidence or argument with evidence and argument as to the jury's acquittal of Plaintiff on the public intoxication criminal charge that arose out of the incident that is the subject of this action. If Plaintiff were not afforded this opportunity to immediately rebut any such evidence or argument of "intoxication", with evidence and argument of the jury's acquittal on the public intoxication criminal charge, there would be a substantial risk of jury confusion with resulting prejudice to the Plaintiff.

Similarly, Plaintiff understands that evidence of the Defendant police officers being unable to immediately get Plaintiff's hands behind his back and handcuffed will likely come in at trial. Plaintiff admits that he held his hands up in front of his face and body to protect himself when the officers had maced him in the face and were punching and/or kicking him. But, Plaintiff adamantly denies he was ever "resisting arrest" or "interfering with official acts". Again, because the words "resisting arrest" and/or "interfering with official acts" have legal and criminal connotations and the City of Des Moines and the State of Iowa were unable to prove the legal elements necessary to prove Plaintiff "interfered with official acts", Defendants should be precluded from introducing any unrebutted evidence or making any unrebutted argument that Plaintiff was "interfering with official acts" or "resisting arrest" at the time of the incident in question. In other words, each and every time Defendants attempt to introduce any evidence or make any argument that Plaintiff was "interfering with the police" or "resisting arrest" or any similar insinuation, Plaintiff should be allowed to immediately rebut any such evidence or argument with evidence and argument as to the jury's acquittal of Plaintiff on the interference with official acts charge that arose out of the incident that is the subject of this action. If Plaintiff were not afforded this opportunity to immediately rebut any such evidence or argument of "interfering with the police" or "resisting arrest", there would be a substantial risk of jury confusion and resulting prejudice to the Plaintiff.

Furthermore, the terms "intoxicated", "interference with official acts", and "resisting arrest" and similar terms are legal conclusions. While Defendants can state facts, they cannot testify as to legal conclusions and should be precluded from so testifying.

5. **<u>Limitation on references and evidence relating to either Justin Sovereign or Darrick Burnikel being "intoxicated" on the night of the incident at issue in this case</u>**.

Justin Sovereign and Darrick Burnikel witnessed the incident at question. While they admit to have a few drinks on the night in question, they adamantly deny being intoxicated at any time that night, including at the time of the incident at issue. Plaintiff understands that evidence of Justin and Darrick having a few drinks on the night in question will likely come in at trial. However, because the word "intoxicated" has a legal and criminal connotation and the City of Des Moines and the State of Iowa were unable to prove the legal elements necessary to prove Justin and Darrick were "intoxicated", Defendants should be precluded from introducing any unrebutted evidence or making any unrebutted argument that Justin and Darrick were "intoxicated" or "drunk" at the time of the incident in question. Further, there is no evidence that Defendants or any of their witnesses ever spoke to or evaluated Justin or Darrick on the evening of the incident. As such, any reference to Justin or Darrick being "intoxicated" or "drunk" would be pure conjecture. The probative value of the evidence, if any, is substantially outweighed by a danger of confusing the issues or misleading the jury and, therefore, will be excluded. FED. R. CIV. P. 403.

Furthermore, the terms "intoxicated", "interference with official acts", and "resisting arrest" and similar terms are legal conclusions. While Defendants can state facts, they cannot testify as to legal conclusions and should be precluded from so testifying.

6. **Any and all references by Defendants as to the nature and extent of Plaintiff's injuries.**

Defendants have no medical qualifications to testify as to the nature and extent of Plaintiff's injuries resulting from their use of excessive force and physical assault and battery of Plaintiff. And, Defendants have no personal knowledge based on observations of or communications with Plaintiff, other than any observations of or communications with Plaintiff on the night of the incident immediately after the physical attack occurred. Accordingly, Defendants are not qualified or competent to express any opinions or to testify as to the nature and extent of Plaintiff's injuries, and they should be precluded from doing so. *See* FED R. EVID. 104, 602, 701, and 702.

7. **Any and all references and evidence relating to the Use of Force Investigation and its results in the first phase of the trial.**

Due to the bifurcated nature of the trial, all references and evidence relating to the Use of Force Investigation should be precluded during the first phase of the trial. *See Humphrey v. Snell*, No. 1:13-cv-01029, 2015 WL 11112428, *1 (W.D. Ark. Feb. 5, 2015) (excluding evidence of police internal investigation); *Lee v. Anderson*, No. 07-1205-PAM-JSM, 2009 WL 1346147, *2 (D. Minn. May 13, 2009) (same); *Willis v. City of Hattiesburg*, No. 2:14-CV-89-KS-MTP, 2016 WL 6769191, at *2 (S.D. Miss. Nov. 15, 2016) (use of force investigations "have no relevancy on Plaintiffs' § 1983 claims against the individual Defendants for excessive force as the standard used to make that determination is not the standard used in a constitutional use of force analysis."). The self-serving findings by the City of Des Moines are not relevant to the constitutional violation. *See* FED R. EVID. 401. And, therefore, any such evidence is inadmissible. *See* FED R. EVID. 402. Even if it could be argued that the internal investigation had some very marginal relevance, the

prejudicial effect of such evidence greatly outweighs its probative value and should therefore be excluded. *See* FED R. EVID. 403.

Moreover, the Court has decided that bifurcation is appropriate. Allowing the result of the Use of Force investigation in the first phase of the trial will necessitate a full examination of the invalid and perfunctory nature of the Des Moines Police Department's investigation. Plaintiff contends that the Use of Force Investigation was not only flawed but was indicative of the Des Moines Police Department's failure to take action against officers with a history of unjustified use of force. Plaintiff should be allowed to immediately rebut any such evidence or argument with evidence and argument as to the deficiencies in the investigation. In such a scenario, the purpose of bifurcating the trial would be defeated.

**8.     Any and all references to the taxpayers being responsible for paying any judgment in this case.**

Any introduction of evidence or argument, mentioning, or alluding to taxpayers being ultimately responsible for paying any judgment entered in this case against the City of Des Moines and/or its police officers should be precluded, as it is irrelevant and highly prejudicial to Plaintiff. *See* FED R. EVID. 401-403.

## Conclusion

Plaintiff's Motion in Limine attempts to prevent the defense from shifting the focus from the relevant events to testimony or mention of irrelevant facts that merely unfairly taint the proceedings. The issue for the jury is simply — although not a simple task — to decide whether the arrest and treatment of Dustin Burnikel were objectively reasonable. Post-hoc rationalizations and previous police contact are not a legitimate part of the inquiry and the defense should be prevented, as more fully set forth herein, from engaging in them. The interests of justice and judicial economy are best served by in limine rulings that focus the trial on the relevant inquiry,

reasonableness, and eliminate the foray into side issues that are not only wasteful of the time and resources of the court and parties, but are unfairly prejudicial.

Respectfully submitted,

DUSTIN BURNIKEL, Plaintiff

KHAZAELI WYRSCH LLC

By: James R. Wyrsch
Javad M. Khazaeli
Kiara Drake
911 Washington Ave., Suite 211
St. Louis, MO 63101
Telephone: 314-288-0777
Facsimile: 314-400-7701
E-mail: james.wyrsch@kwlawstl.com
javad.khazaeli@kwlawstl.com
kiara.drake@kwlawstl.com
(*Admitted Pro Hac Vice*)

SWAIM LAW FIRM, P.L.L.C.

By: */s/ Justin K. Swaim*
Justin K. Swaim        AT0007788
701 13th Street, Suite 2
West Des Moines, IA 50265
Telephone: 641-777-5120
Facsimile: 515-777-1127
E-mail: justin@swaimlawfirm.com

*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 5, 2018, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system with the understanding that a true copy of the foregoing would be electronically sent to/served on all counsel of record via the CM/ECF system that same date.

                                            */s/ James. R Wyrsch*

Original Electronically Filed Via CM/ECF.

Copy Via CM/ECF to:

John O. Haraldson
Assistant City Attorney
City of Des Moines
400 Robert D. Ray Drive
Des Moines, IA 50309-1891

ATTORNEY FOR DEFENDANTS