IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| DUSTIN BURNIKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:15-cv-00050 |
| v. | ) |
| | ) |
| MICHAEL FONG, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; GREG WESSELS, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; and CITY OF DES MOINES, IOWA, | ) PLAINTIFF'S TO EXCLUDE EXPERT TESTIMONY PURSUANT TO *DAUBERT* |
| | ) |
| Defendants. | ) |

Plaintiff moves to exclude certain opinions of Defendants' proffered expert, Dr. John G. Peters, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

## I.      Factual and Procedural Background

On June 29, 2018, Dr. Peters submitted a preliminary expert report containing twelve numbered opinions (hereafter known as "Opinion 1," "Opinion 2," etc.). *See* Exhibit A. Defendants have endorsed Dr. Peters as an expert witness to offer opinions included in his report. Because some of Dr. Peters's Opinions fail to assist the trier of fact under the standard set out by Federal Rule of Evidence 702, Plaintiff asks the Court to exclude the opinions identified below in this matter.

## II. Standard of Review and Legal Requirements

Federal Rule of Evidence 702 governs the admission of expert testimony in federal court. The Supreme Court has interpreted Rule 702 to require district courts to serve as "gatekeepers," admitting only the expert evidence based on specialized knowledge that is both "relevant and reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

"The proposed expert testimony must meet three prerequisites in order to be admitted under Rule 702." *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (citations omitted).

> "First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. *Id.* Third, "the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires ...."

*Id.*

An expert opinion "so fundamentally unsupported that it can offer no assistance to the jury" must be excluded. *Nebraska Plastics, Inc., v. Holland Colors Americas, Inc.*, 408 F.3d 410, 416 (8th Cir. 2005). An expert opinion is fundamentally unsupported if it fails to fit the relevant and specific facts of the case at hand. *Lawrey v. Good Samaritan Hosp.*, 751 F.3d 947, 952-53 (8th Cir. 2014).

## III. Argument

### A. Opinions 1 through 6 and 11 should be excluded from the first phase of the trial.

Plaintiff does not oppose the introduction of Opinions 1 through 6 and 11 in the second phase of the bifurcated trial, but Plaintiff believes any mention of the City's training of the officers is not relevant to the issues to be decided in the first phase of the trial.

**B. Opinions 7 and 8 invade the province of the jury and should be excluded.**

In his report, Dr. Peters offers the following opinions:

7. The force used by DMPD Sergeant Wessels and/or Officer Fong to capture, control, and restrain Mr. Burnikel was consistent with national force standards, recommendations, guidelines, and within DMPD use-of-force policy.

8. Officer Fong and Sergeant Wessels knew from their training that Mr. Burnikel had violated the law and had resisted them, thereby forming the bases for seizing and charging him.

*See* Exhibit A at 5.

Both of these opinions unlawfully invade the province of the jury and should be excluded. "Opinions that are 'phrased in terms of inadequately explored legal criteria' or that 'merely tell the jury what result to reach' are not deemed helpful to the jury ... and thus, are not admissible under Rule 702." *Aiels v. City of Cedar Rapids*, No. C01-0076, 2003 WL 25686841, at *1 (N.D. Iowa Dec. 30, 2003). "[I]t is the exclusive province of the jury to assess the credibility of the witnesses who will testify at trial about the events that occurred during Plaintiff's interaction with [Defendants] on the night in question." *Id.* Experts should not "be permitted to testify about who is telling the truth." *Id.*

Opinions 7 and 8 both improperly assume that the officers are credible. In his basis for Opinion 7, Dr. Peters states "Mr. Burnikel was an initial threat to Officer Fong when he quickly moved toward Officer Fong who was attempting to make an arrest of a very intoxicated female, Ms. Breanna Hunemiller (Ms. Hunemiller), and continued to be non-complaint [sic] with the requests of Officer Fong and Sergeant Wessels when he displayed active resistance toward them." Exhibit A at 9. Dr. Peters goes on to make numerous other credibility determinations, including that Burnikel was an immediate threat to the officers, that he actively resisted the officers, and that he committed a crime. Exhibit A at 10-11.

Similarly, in Opinion 8, Dr. Peters states that Mr. Burnikel "violated the law and had resisted them." Whether Mr. Burnikel was ever a threat to the police officers and whether he was

compliant and/or resisted are two of the primary issues in the case. Dr. Peters should not be permitted to make a credibility determination and then base an opinion on that credibility determination. Mr. Burnikel has steadfastly denied that he ever acted in a non-compliant, resistant, or aggressive manner. *See* Doc 53, Exh. 3, App. 10 at 39:17-40:1; *id.* at App. 13 at 53:7-10 *id.* at App. 33 at 28:22-22; *id.* In fact, Mr. Burnikel explicitly testified that during the assault he yelled "I didn't do anything. I'm not resisting" and "Stop hitting me." *Id.* at App. 11 at 44:14-17; 45:13-22.

This entire opinion is an improper credibility determination and a legal conclusion. The Eighth Circuit holds that legal knowledge lies squarely in the realm of the Court; "resolving […] questions of law is the distinct and exclusive province of the trial judge" *McCabe v. Macaulay*, No. C05-73-LRR, 2007 WL 625569 (N.D. Iowa Feb. 26, 2007). When an expert witness testifies to a legal conclusion, that "special legal knowledge of the judge makes the witness' testimony superfluous [and] [t]he admission of such testimony would give the appearance that the court was shifting to witnesses the responsibility to decide the case." *Farmland Indus. v. Frazier-Parrott Commodities, Inc.,* 871 F.2d 1402, 1409 (8th Cir. 1989). Finders of fact already have the benefit of this Court's specialized legal knowledge; they do not need Dr. Peters inserting his view that Mr. Burnikel had "violated the law and resisted them." *See In re Schmidt v. City of Bella Villa*, 557 F.3d 564 (8th Cir. 2009), *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). Contrary to Dr. Peters's view, a criminal jury exonerated Mr. Burnkiel of the charges of interference with official acts, resisting arrest, and public intoxication.

### C. Opinion 9 should be excluded because Dr. Peters does not identify a basis for the opinion.

An expert opinion "so fundamentally unsupported that it can offer no assistance to the jury" must be excluded. *Nebraska Plastics, Inc.*, 408 F.3d at 416. In Opinion 9, Dr. Peters opines that "Mr. Burnikel was decontaminated according to generally accepted pepper spray decontamination methods." Exhibit A 15. Dr. Peters explains that "[w]hether or not Mr. Burnikel was

decontaminated on scene or at the jail, both are consistent with national decontamination recommendations." *Id.* Nowhere in his report does Dr. Peters explain the basis for this claim that "national decontamination recommendations" exist or cite to any basis for this opinion, other than his experience, education and training. As Dr. Peters has not offered any credible basis for this opinion, it should be excluded.

### D. Opinion 10 should be excluded because it is irrelevant.

In Opinion 10, Dr. Peters states that "Plaintiff has not produced data to show that the CITY had a custom, practice, or policy of *failing to train* their law enforcement officers in use of force and/or force options" (emphasis added). Plaintiff is not claiming that Des Moines failed to train the officers. As discussed in length in the summary judgment pleadings, Plaintiff's *Monell* claim is based on Des Moines's systematic failure to discipline and supervise its officers, including Officers Fong and Wessels. Accordingly, this opinion is irrelevant to any issue in this case and should be excluded.

Respectfully submitted,

DUSTIN BURNIKEL, Plaintiff

KHAZAELI WYRSCH LLC

By: /s/ James R. Wyrsch
    James R. Wyrsch
    Javad M. Khazaeli
    Kiara Drake
    911 Washington Ave., Suite 211
    St. Louis, MO 63101
    Telephone: 314-288-0777
    Facsimile: 314-400-7701
    E-mail:
    james.wyrsch@kwlawstl.com
    javad.khazaeli@kwlawstl.com
    kiara.drake@kwlawstl.com
(*Admitted Pro Hac Vice*)

SWAIM LAW FIRM, P.L.L.C.

By: /s/ Justin K. Swaim
    Justin K. Swaim    AT0007788
    701 13th Street, Suite 2
    West Des Moines, IA 50265
    Telephone: 641-777-5120
    Facsimile: 515-777-1127
    E-mail: justin@swaimlawfirm.com

*ATTORNEYS FOR PLAINTIFF*

# CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on October 5, 2018, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system with the understanding that a true copy of the foregoing would be electronically sent to/served on all counsel of record via the CM/ECF system that same date.

                                                           /s/ James. R Wyrsch

Original Electronically Filed Via CM/ECF.

Copy Via CM/ECF to:

John O. Haraldson
Assistant City Attorney
City of Des Moines
400 Robert D. Ray Drive
Des Moines, IA 50309-1891

ATTORNEY FOR DEFENDANTS