IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BURNIKEL, | ) |
| Plaintiff, | ) Case No. 4:15-cv-00050 |
| v. | ) |
| MICHAEL FONG, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; GREG WESSELS, Individually and in his official capacity As a law enforcement officer with the Des Moines Police Department; and CITY OF DES MOINES, IOWA, | ) DEFENDANTS' MOTION IN LIMINE (Renewed) |
| Defendants. | ) |

COME NOW the Defendants, by and through the undersigned, and pursuant to Federal Rule of Evidence 104(a), prior to the selection of the jury and trial of this matter, and move for an Order in Limine instructing Plaintiff, Plaintiff's counsel, and witnesses in Plaintiff's case to refrain from making any mention, directly or indirectly, in any manner whatsoever, concerning the matters described below in the presence of the jury or prospective jurors until such time as the Court has had opportunity to rule upon the admissibility of such evidence in regard to the trial beginning November 13, 2018.  In support of this motion, the Defendants state the following to the Court:

1.      Among the purposes of a Motion in Limine, one purpose is to prevent references during voir dire examination and opening statement to incompetent, irrelevant, immaterial, or privileged evidence.

2.      An additional purpose of a Motion in Limine is to restrict counsel from

1

asking questions or making statements and offering such matters until the admissibility of the questionable evidence can be determined during the course of the trial by presenting it to the Court in the absence of the jury. The objective of the Motion is to control such matters in advance, and thus avoid disclosing to the jury inadmissible prejudicial material. In this particular case, the matter contains two distinct phases of the trial. The first stage involves claims against the individual defendant officers and, if necessary, a second phase involving claims against the Defendant City of Des Moines. Such a bifurcated trial contains clear distinctions of the evidence admissible and relevant at different stages and some evidence that is inadmissible at either stage.

      3.      Defendants believe that unless limited by order of the Court, the matters described below will be brought before the jury on the subject of liability of the individually named defendant officers.

      4.      For the reasons set forth below, such matters are not admissible. If the matters are introduced or otherwise brought before the jury, Defendants will be required to make objections in the presence of the jury.

      5.      The evidence sought to be excluded by the Defendants in this matter, as well as the reasons for the exclusion, are as follows:

      **A.**      **Settlement Offers**:

All offers to settle the claim prior to trial, as such evidence is precluded pursuant to Federal Rule of Evidence 408.

      **B.**      **Other Uses of Force by Defendant Officers:**

In regard to the *first portion of the trial dealing with the actions of the individual defendant officers*, the prohibition of evidence of other occasions of the use of force by

any of the named Defendants, other than the incident in this case. The introduction of such evidence would be irrelevant and prejudicial and violate FRE 401, 403 and 404(a) and 404(b). The introduction of such evidence would also violate, in regard to the Plaintiff's state claims Iowa Rule of Evidence, 5.401, 5.403 and 5.404.

The Plaintiff may attempt to assert the incident that occurred on February 16, 2013, is part of a pattern of conduct by either Officer Fong or Officer Wessels as police officers. Such assertions for claims against individual officers sued for excessive force is improper. When determining whether a police officer used excessive force in the course of an arrest, "[t]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, *without regard to their underlying intent or motivation.*" *Brown v. City of Golden Valley*, 534 F.Supp.2d 984 (emphasis added), citing *Winters v. Adams*, 254 F.3d 758, 765 (8th Cir. 2001), see also *Saucier v. Katz*, 533 U.S. 194, 205, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Further, both the claims under the Fourth Amendment and the states claim do not have a "motive" or "intent" requirement, but rather are based solely upon the acts undertaken by Defendant at the time. "An officer's ill will towards a plaintiff is generally irrelevant to an excessive force claim." See, *Shannon v. Kohler*, 2011 WL 10483363 (N.D. Iowa 9/16/2011) citing *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), *Robinson v. City of St. Charles*, 972 F.3d 974, 976 (8th Cir. 1992)(affirming exclusion of prior bad acts in officers' personnel files). To the extent that the state claims do require an "intent component", there is no dispute that the defendants did intend to place their hands upon the plaintiff in order to take him into custody. Further, the defendant officers admit they intended to use physical force to

effectuate the plaintiff's arrest. For this reason the use of such unrelated acts as evidence should be introduced.

To be admissible in a Fourth Amendment claim the other acts must be "similar in kind and close in time to the [event at issue]." See, *Baptiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008). Furthermore, other uses of force by the officers occurred in different factual contexts, an issue that the Supreme Court has repeatedly emphasized must be heeded in the context of specific cases. "We have repeatedly told courts ... not to define clearly established law at a high level of generality." *Ashcroft v. al–Kidd,* 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011). The dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Ibid.* (emphasis added). This inquiry "'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen,* 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (*per curiam*) (quoting *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts." 533 U.S., at 205, 121 S.Ct. 2151. Careful attention must be paid to the "facts and circumstances of each particular case." See *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005)(quoting *Graham*, 490 U.S at 396). The factual situation confronted by the officers here, is not identical to that used in other situations and should not be admitted under FRE 401 and 403, and should not be admitted for the purpose of pattern or motive in this matter.

In addition, to be admissible for other purposes evidence of other crimes, wrongs, or acts must also be "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than prejudicial effect; and (4) similar-in-kind and close in time to the event at issue". *Baptiste*, 526 F.3d at 380, quoting *Barry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir. 1998), accord *United States v. Aranda*, 963 F.2d 211, 215 (8th Cir. 1992), *United States v. Campbell*, 937 F.2d 404, 406 (8th Cir. 1991). None of these requirements are met in this matter, the defendant officers are not denying they intended to use force, which included the use of O.C., attempting to take control of the plaintiff's hands/arms, knee strikes, or blows with their hands.

The introduction of such evidence is therefore clearly intended to prove character and conformity therewith and prohibited under FRE 404(a)(1) or FRE 404(b)(1) and Iowa Rule of Evidence 5.404. Further, such evidence cannot be used under FRE 407 in the first stage of this trial. To the extent such matters have any relevance they would only rise in the second phase of the trial, if necessary.

        C.        **Disciplinary Records of Defendant Officers**:

In regard to the *preliminary portion of the trial dealing with the actions of the individual defendant officers* the prior disciplinary records of the Individual Defendant Officers pursuant to both FRE 403 and 404(b) for the same reasons as 5(B) above.

In regard to *all phases of the trial* any disciplinary incidents or investigations involving the individually named defendants (Fong and Wessels) *for incidents that do not involve the use of force*. Such matters are not the subject of this suit, or have any relevance as to the incident giving rise to this suit and are therefore irrelevant and prejudicial pursuant to FRE 401, 403, 404 and Iowa Rules of Evidence 5.401, 5.403 and

5.404. Officer Wessels, for example, over his lengthy employment with the Des Moines Police Department has been discipline for non-force issues of insubordination and viewing inappropriate material while on duty, he also had an incident *after* February 16, 2013 involving a policy violation for discharging a firearm at a fleeing vehicle. Such matters are clearly not germane to the facts at issue in the present matter as well as being highly prejudicial.

As stated in 5(B) above, to be admissible in a Fourth Amendment claim the other acts must be "similar in kind and close in time to the [event at issue]." See, *Baptiste-Davis v. Lincare, Inc*., 526 F.3d 377, 380 (8th Cir. 2008). The event at issue in this case involves the use of force in the undertaking of an arrest.

To be admissible for other purposes evidence of other crimes, wrongs, or acts must also be "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than prejudicial effect; and (4) similar-in-kind and close in time to the event at issue". *Baptiste*, 526 F.3d at 380, quoting *Barry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir. 1998), accord *United States v. Aranda*, 963 F.2d 211, 215 (8th Cir. 1992), *United States v. Campbell*, 937 F.2d 404, 406 (8th Cir. 1991). Evidence of uses of force in other context, when the Defendants here will state that they intended to use force to arrest a resistant plaintiff do not make these requirements.

    **D.**    **Complaints, Lawsuits, Claims or Allegations of Excessive Force Use by Named Defendant Officers**:

Any complaints, lawsuits, claims or allegations against any named Defendants alleging the use of excessive force for the same reasons as paragraph 5(B) above pursuant to FRE 403 and 404.

Whether or not any named Defendants have ever been questioned or investigated by OPS (Office of Professional Standards), the County Attorney's Office, a grand jury, or by any other local, state or federal agency regarding any type of alleged misconduct, including the alleged use of excessive force. See FRE 403, 404 are not relevant to the use of force at issue in the first phase of this case.

### E.   Complaints, Lawsuits, Claims or Allegations of Excessive Force Use by Other City of Des Moines Police Officers:

Other lawsuits and claims made against police officers asserting excessive force or other claims related to police actions not the subject of this suit and are therefore not relevant to the present case. Reference to other suits and their underlying claims can only serve to confuse the jury and create an impermissible, prejudicial effect. Therefore, the Court should prohibit Plaintiff or Plaintiff's counsel referring to other claims or lawsuits or potential lawsuits alleged, asserted or filed against the police. See FRE. 401, 402 and 403 and Iowa Rule of Evidence 5.401 through 5.403.

### F.   Performance Reviews of Named Defendant Officers:

Performance reviews of the individual defendants should be prohibited from being placed into evidence. This is particularly true in regard to the actions of the individual defendants for violations of state and federal laws in the first stage of the trial. Such reviews are irrelevant and prejudicial in the context of the individual defendants' actions on February 16, 2013. Such evidence is not allowed under FRE 401, 403 and 404 and Iowa Rules of Evidence 5.401, 4.403 and 5.404.

In addition, all such evidence should be excluded in both stages of the trial for the following reasons: (a) such evidence is irrelevant since the reasonableness of the force used is an objective standard from the standpoint of the officer at the time of the use of

7

force and can vary on a case-by-case basis; (b) none of the permissible purposes listed in Federal Rule of Evidence 404(b) for admission of other crimes, wrong or acts are present in this case; and (c) to allow the jury to hear this evidence will unfairly prejudice Defendants, mislead the jury and confuse the issues.

### G. Prohibition on Expert Testimony on Defendant City's Policies, Customs and Practices and Training at Initial Portion of Trial:

In regard to this particular issue and issue 5(H) below the Defendants reserve the right to file a separate "Daubert" Motion or further Motion in Limine to limit the testimony of Plaintiff's designated expert on the subject of use of force, arrest, and police department policies. Notwithstanding such possible additional exclusions, the Defendants state in regard to expert testimony at trial:

Testimony on merits or deviation from national standards of the policies, training, customs, or practices of the City of Des Moines through its police department in the actions of the individually named officers at the initial "individual capacity" stage of the trial is irrelevant to the question of whether or not Federal or State Laws were violated by the named Defendant Officers in their inaction with the Plaintiff.

When an officer is accused of using excessive force, the decisive question is whether the officer's conduct meets the Fourth Amendment's objective standard of reasonableness. See, *Williams v. Indiana State Police Dep't*., 797 F.3d 468, 472-3 (7th Cir. 2015). "The excessive-force inquiry is governed by constitutional principles, not police-department regulations." *United States v. Brown*, 871 F.3d 536-7 (7th Cir. 2017). If the compliance with departmental policy were decisive in Fourth Amendment claims, the reasonableness standard would "vary from place to place and from time to time." *Whren v. United States*, 517 U.S. 806, 815, 116 S.Ct. 1769, 135, L.Ed.2d 89 (1996).

     **H.**     **Prohibition on Expert Testimony on Questions of Law**

Pursuant to FRE 704 the Plaintiff's expert should be prevented from testifying as to whether the conduct of the officers was "reasonable" under the Fourth Amendment as probable cause and reasonableness is ultimately a question of law for court and the jury. Such testimony from an expert would not be helpful to the jury, but rather direct the jury as to how to rule on a question of law. See *Shannon v. Koehler*, 2011 WL 10483363 (N.D. Iowa 9/16/2011 *22) citing *United States v. Well*, 63 F.3d 745, 753 (8th Cir. 1995), rev'd on other grounds, 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997); *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995); *Estes v. Moore*, 993 F.2d 161, 163 (8th Cir. 1993)

While the testimony of experts on police policies and practices is generally admissible in a §1983 case for the question of the conduct of the named officers, expert testimony on matters of law is not. *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). Whether a police officer's conduct was reasonable or excessive under the Fourth Amendment are questions of law. See, *Brossart v. Janke*, 859 F.3d 616, 624 (8th Ci9r. 2017).

     **I.**     **Prohibition on Testimony Regarding the Plaintiff's Acquittal of Misdemeanor Charges without a Limiting Instruction**

That the Plaintiff's acquittal of charges in his criminal trial not be mentioned to the jury without a limiting instruction being provided to the jury.

The fact of an acquittal affords no evidence that the charges against Plaintiff were without adequate probable cause on behalf of the officers. Acquittal only implies that the evidence did not meet the heavy standard necessary for a criminal conviction. See, *Yoch v. City of Cedar Rapids*, 353 N.W.2d 95, 101 (Iowa 1994); *Parkerson v.*

*Carrouth*, 782 F.2d 1449, 1452 (8th Cir. 1986). While the standard for a warrantless arrest under the Fourth Amendment is whether the officers had 'arguable probable cause'. See, *Hoyland v. McMenomy*, 869 F.3d 644, 652 (8th cir. 2017) citing *Ulrich v. Pope County*, 715 F.3d 1054, 1059 (8th Cir. 2013); *see also*, *Borgman v. Kedley*, 646 F.3d 518, 522-23 (8th Cir. 2011) *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008). Evidence before the jury of the acquittal in a criminal case with a higher standard would be highly prejudicial and/or confusing as it misstates the standards applicable to police officers in making arrests. See FRE 403.

Defendants believe that if evidence of Mr. Burnikel's acquittal is introduced the following instruction should be provided to the jury:

> You have heard testimony in this trial that the plaintiff, Dustin Burnikel, was found not guilty at a prior criminal trial. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. The fact of a previous criminal trial should have no bearing on your decision in this case.
>
> You are instructed that a defendant in a criminal trial is presumed innocent of the crime charged. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government. The burden is different in this case, the burden is upon the Plaintiff, Mr. Burnikel, and he must prove his claims against the Defendants, Mr. Fong and Mr. Wessels, by proving they are more likely than not.
> - See, *Gill v. Maciejewski*, 546 F.3d 557, 562 (8th Cir. 2009)

**J.  Prohibition upon any alleged Out of Court Statements by Plaintiff's Medical Practitioner's or Counselors Regarding Plaintiff's Medical Condition or Prognosis not otherwise an Exception under 803(4):**

Defendants object to any statement made by a medical provider not provided in a medical treatment document and therefore an exception to the hearsay rules or any

statement made in court by the medical practitioner themselves as inadmissible hearsay under FRE 801 and 802 or Iowa Rule of Evidence 5.801 and 5.802.

**K.     Evidence or Testimony as to Plaintiff's Character, Integrity, Honesty, or Character.**

It is anticipated that the plaintiff, or his witnesses, may attempt to render opinions about the plaintiff's character, integrity or honesty.  Such evidence is inadmissible pursuant to FRE 404 (except as permitted by Rules 405, 607, 608 and 609)

**L.     Medical Documents or Evidence Not Previously Disclosed**:

Any reference to any documents, medical condition, expense, diagnosis, prognosis, or testimony by any medical or mental health care provider, or testimony of any witness who is not previously identified in plaintiff's answers to interrogatories, should be precluded.  Such references and/or testimony would be in violation of the supplementation requirement of the Federal Rules of Civil Procedure, and would be unfairly prejudicial to the defendants, and should be precluded pursuant to Federal Rule of Evidence 403.

**M.     Evidence or Testimony Concerning Any Claims for Injuries or Damages Not previously disclosed by Plaintiff**:

Any and all references to or evidence of any claims for damages which plaintiff has failed to identify in his answers to interrogatories, or through other discovery responses or through his depositions should be excluded from evidence.  The plaintiff has previously provided through discovery a summary of the nature and extent of all items of damages he intends to submit to the jury at trial.  Such new evidence should be excluded pursuant to Federal Rule of Evidence 403.

**N.     Any reference to the lack of a police video recording of the incident leading to the arrest and use of force on February 16, 2013**

Defendants have not created and have never had any video or audio recording of incident leading to Plaintiff's arrest and the use of force against him on February 16, 2013. Nor is there any evidence in this matter that the Defendants were required to make or keep any video recording of any portion of their pursuit, apprehension, and arrest of Plaintiff. Plaintiff, nevertheless may try to suggest at trial that the lack of any portion of the incident gives rise to the inference that the Defendants are attempting to hide a use of excessive force or lack of sufficient probable cause to arrest Plaintiff.

It is undisputed that the Defendant Officers never had any video equipment to record their apprehension and arrest of the Plaintiff. The absence of such evidence is not, therefore, evidence of excessive force use or lack of sufficient probable cause in regard to their actions involving the plaintiff. Any such reference would therefore be irrelevant and prejudicial under FRE 401 and 403 and Iowa Rule of Evidence 5.401 and 5.403.

**O.     The Court Should Bifurcate the Question of the Amount of Punitive Damages and the Evidence Supportive of Such an Award to a Successive Stage of the Trial only after the Jury has determined Punitive Damages should be Awarded**

The Defendant believes that the evidence presented at trial will not be sufficient to merit the requisite malice or recklessness to merit the submission of a punitive damage claim to the jury. Notwithstanding this probable objection during the course of trial, during the pendency of the initial stage of the trial should be as stated below.

While the Jury can be instructed, if the evidence so warrants, on the issue of whether the Defendants' actions were such as to warrant the consideration of a punitive

award, the evidence that could be put forth for the jury to determine such an award would, as described in 5(B), 5(C), 5(D) and 5(F) above would be prejudicial to defendants on the issue of liability and in violation of applicable case law requiring the circumstances of each case to be considered upon their own particular facts. The bifurcation of the issue of the amount of punitive damages, if found, would allow the jury to consider evidence that would have been prejudicial in the initial phase. A trial court has wide discretion in regard to the admission of evidence. *Dillon v. Nissan Motor Co. Ltd.*, 986 F.2d 263, 270 (8th Cir. 1993) Such a bifurcation would be appropriate in a Fourth Amendment case such as the present matter. See, *Wilson v. City of Hazelwood, Mo.*, 628 F.Supp. 1063, 1069-70 (E.D. Mo. 2008)

    **P.**    **Reference to the financial disparity of the parties or the source of any award for damages**

As Defendants should not imply that the taxpayers of the City of Des Moines may have a role in paying any award in this matter, similarly the Court should not allow Plaintiff to suggest or imply that the City of Des Moines will indemnify the individual Defendants in the event of any finding of liability or damages. Likewise, Plaintiff should be prohibited from commenting on the size of the City of Des Moines, or the size of the Des Moines Police Department, or the resources of the City of Des Moines in regard to their ability to indemnify. Any such references are irrelevant and prejudicial to the Defendants and would confuse the jury. See FRE 401, 403, see also *Griffin v. Hilke*, 804 F.2d 1052 (8th Cir. 1986)(prejudicial error for plaintiff's counsel in closing statement in an excessive force case to indicate the City would be paying for any judgment against the officers.

    6.    Any sworn out-of-Court statements of individuals who are not available to

testify or will not be called to testify in this matter is inadmissible hearsay pursuant to Federal Rule of Evidence 801.

7.   For all the reasons listed above, the Court should exercise its discretion for the orderly, fair, and just conduct of this trial, and order Plaintiff's counsel not to question any juror or make any remark in opening statements or closing summation, or to elicit or attempt to elicit any testimony or evidence from any witness, either directly or indirectly, which relates to any of the above-described matters.  Further, the Court should instruct Plaintiff and Plaintiff's counsel to advise all of their witnesses of the Court's ruling and order in this regard so that such matters will not be brought before the jury by any witness until and unless further orders are made by the Court.

WHEREFORE, the Defendants respectfully request the Court instruct the Plaintiff and Plaintiff's counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters described in paragraph 5 above, without first obtaining permission of the Court outside of the jury's presence.  Further, Defendants request the Court instruct Plaintiff and Plaintiff's counsel not to make any reference to the fact that this Motion has been filed and granted, and to warn and caution each and every one of Plaintiff's witnesses to strictly follow the same instructions.

DATED: October 8, 2018

                                                         /s/*John O. Haraldson*

John O. Haraldson     AT0003231
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA 50309-1891
Telephone: (515) 283-4547
Facsimile: (515) 237-1748
E-mail: joharaldson@dmgov.org

ATTORNEY FOR DEFENDANTS
CITY OF DES MOINES AND
OFFICERS FONG AND WESSELS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on, October 8, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and a true copy of the foregoing was electronically sent via the Clerk of Court.

    */s/ John O. Haraldson*
John O. Haraldson
Assistant City Attorney