IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BURNIKEL, | |
| Plaintiff, | Case No. 4:15-cv-00050 |
| v. | |
| MICHAEL FONG, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; GREG WESSELS, Individually and in his official capacity As a law enforcement officer with the Des Moines Police Department; and CITY OF DES MOINES, IOWA, | DEFENDANTS' RESPONSE TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE EXPERT TESTIMONY |
| Defendants. | |

COMES NOW the Defendant, by and through their undersigned counsel resists the Plaintiff's Motion to Exclude Opinion Testimony from Dr. John Peters on the City's behalf.

**ARGUMENT**

**I.     STANDARD**

The Plaintiffs in this matter have moved to exclude certain opinions of Defendant's Expert Dr. John G. Peters, pursuant to Federal Rule of Evidence 702 as interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Under FRE 702 "the rejection of expert testimony is the exception rather than the rule." Fed R. Evid. 702 (Advisory Note, 2000 amendments). FRE 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training Or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and Methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The now well established law is that the scientific analysis set forth in *Daubert* applies equally to non-scientific expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The standard used by the Eighth Circuit for FRE 702 and whether or not expert testimony is relevant and helpful to a fact-finder is "low" and expert evidence should be admitted if it has the tendency to make a fact of consequence more or less probable. *United States v. Holmes*, 751 F.3d 846, 851 (8th Cir. 2014).

## II. PLAINTIFF'S PARTICULAR MOTIONS TO EXCLUDE

### A. Opinions 1 Through 6 And 11 From First Phase Of Trial

The Defendants do not disagree with this aspect of Plaintiff's Motion. As the parties respective Motions in Limine have discussed, this matter is separately first into a trial over the claims of the plaintiff against the individual officers. Therefore, the City's policies are of limited basis other than as an explanation of the procedures that occurred after the arrest and the documenting of the plaintiff's injuries and a narrative of the events. These are not necessarily issues upon which an expert's opinions can guide a jury on questions of liability for the defendant municipality. The same would be true of Dr. Peters' Opinion in regard to Sgt. Wessels use of force and disciplinary record during the period of his employment with the City of Des Moines, which is irrelevant to the issues in the first phase of the trial. See, *Shannon v. Kohler*, 2011 WL 10483363

(N.D. Iowa 9/16/2011) citing *Graham v. Connor*, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), *Robinson v. City of St. Charles*, 972 F.2d 974, 976 (8th Cir. 1992)(affirming exclusion of prior bad acts in officers' personnel files).

### B. Opinions 7 and 8 as Invading the Province of the Jury

Defendant's agree that both Dr. Peters and the Plaintiff's expert Mr. Meyer, while qualified experts on national police practices and standards relating to the use of force, should refrain from making credibility determinations or testimony on legal conclusions, while being allowed to testify on police practices and standards and applying such matters to factual stipulations or hypotheticals. See, *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003).

However, Dr. Peters should be allowed to opine, as an expert on undisputed facts or hypotheticals using factual assumptions. Such matters are permissible areas of inquiry. Judge Bennett discussed this in a case from the Northern District: (1) an expert may provide opinions that are phrased in such a manner as to avoid the baseline legal conclusion, for example, the "reasonableness" of the force used, (2) an expert may also respond to *hypothetical* or *abstract questions* about the reasonableness of the force used in stated circumstances, (3) an expert may also offer a *personal* assessment of the use of force, such as that the expert did or did not see any reason for the force used in the incident in question, but (4) an expert may *not* opine that the conduct in question transgressed the applicable *legal* standard, such as "objective reasonableness," See, *Peters v. Woodbury*, 979 F.Supp.2d 901, 922 (N.D. Iowa 2013) citing *United States v. Perkins*, 470 U.S. 150, 156, 159-60 (4th Cir. 2006).

As the Tenth Circuit Court of Appeals stated a way to "ensure that the jury connected the dots from the objective facts to the conclusion that force was warranted" was that a "police practices

3

expert could have testified under the circumstances faced by the officer who applied the allegedly 'excessive force'" a reasonable officer would been justified in using such force. *Cavanaugh v. Woods Cross City*, 718 F.3d 1244, 1250-51 (10th Cir. 2013), cited by *Peters*, 979 F.Supp.2d at 924.

Further, experts are allowed to provide jurors the ability to understand more completely particular techniques or equipment used by police officers in the field. See, *United States v. Brown*, 871 F.3d 532 (7th Cir. 2017). When it is standard practice across the country to train officers to handle a given situation in a particular way, expert testimony as to that practice can aid jury tasked with evaluating the execution of that practice under particular factual situations. See, *Florek v. Village of Mundelein*, 649 F.3d 594, 602-3 (7th Cir. 2011). Dr. Peters has the particularized skill and education to provide such testimony and should be allowed to do so.

### C. Opinion 9 Excluded for not having a basis

Dr. Peters is a nationally recognized expert on mace and OC spray and law enforcement. The latter of these was utilized by Officer Fong against Mr. Burnikel. The Plaintiff has alleged that he has no recall and does not believe that his eyes were flushed with water at the location in which he was arrested. Rather, he has stated his first recollection of rinsing the pepper-spray from his eyes was when he was at the Polk County Jail facility. This lack of ability to rinse his eyes is among the pieces of evidence emphasized in making up the various aspects of excessive force alleged by the Plaintiff. The Defendants assert, as documented contemporaneously, that the Plaintiff's eyes were flushed with water at the scene of the arrest.

Dr. Peters is, therefore, well-qualified to opine upon national standards for the use and deployment of OC spray as well as decontamination standards under either alleged scenario and has done so in his Opinion 9.

### D. Opinion 10 Excluded as Irrelevant

Plaintiff states that Peters opinion as to the "failure to train" claim is irrelevant. The opinion of Dr. Peters, is in fact relevant on the subject of proper training as this has been alleged by the Plaintiff. What is unclear is that the Plaintiff now states they do not wish to pursue this aspect of their *Monell* claim [failure to train], as explicitly asserted in ¶58 of their Complaint. If, in fact, the Plaintiff is now affirming they are dismissing the failure to provide proper training aspect of their *Monell* claim, then the Plaintiff is correct.

## CONCLUSION

For all the reasons stated above the Plaintiffs' motion to exclude the testimony of Peters should be denied – Mr. Peters' expected testimony, based upon his Rule 26 Opinion is well-within the requirements of FRE 702.

Respectfully submitted,

   */s/John O. Haraldson.*
John O. Haraldson AT00033231
Assistant City Attorney
400 Robert D. Ray Drive
Des Moines, IA 50309-1891
Telephone: (515) 283-4547
Facsimile: (515) 237-1748
E-Mail: joharaldson@dmgov.org
ATTORNEY FOR DEFENDANT
CITY OF DES MOINES

Original filed via CM/ECF.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 19, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system with a true copy to counsel of record.

   */s/John O. Haraldson.*