UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| DUSTIN BURNIKEL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FONG, individually and in hisofficial capacity as a law enforcement officer with the Des Moines Police department; GREG WESSELS,  Individually and in his official capacity As a law enforcement officer with the Des Moines Police Department; and CITY OF DES MOINES, IOWA,<br><br>Defendants. | Case No. 4:15-cv-00050<br><br>DEFENDANTS' PROPOSED JURY INSTRUCTIONS (Phase One) |

Defendants believe the following standard Eighth Circuit Instructions should be utilized at trial:

| | | | | |
|---|---|---|---|---|
| 1.01 | Explanatory Before Voir Dire | | 2.03 | Stipulated Facts |
| 1.02 | Explanatory End of Voir Dire | | 2.04 | Judicial Notice |
| 1.03 | General Nature of Case | | 2.06 | Previous Trial |
| 1.04 | Evidence Limitations | | 2.11 | Demonstrative Summaries |
| 1.05 | Bench Conferences | | 2.14 | Deposition Evidence |
| 1.06 | Note Taking | | | |
| 1.07 | Questions by Jurors | | 3.01 | Additional Instructions |
| 1.08 | Conduct of Jury | | 3.02 | Judge's Opinion |
| 1.09 | Outline of Trial | | 3.03 | Credibility of Witnesses |
| | | | 3.04 | Burden of Proof (Civil) |
| 2.01 | Duties of Jurors: Recesses | | 3.06 | Election of Foreperson, etc. |
| 2.02 | Stipulated Testimony | | 3.07 | Allen Charge |

Defendants further assert that as expert testimony will be presented in this matter the following instruction should be provided.

## INSTRUCTION NO. ___
### (Expert Witnesses)

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Authority
Seventh Circuit Model Jury Instruction 1.21
*See* FED. R. EVID. 602, 701-705. *See generally United States v. Mansoori*, 304 F.3d 635, 654 (7th Cir. 2002), *cert. denied* 538 U.S. 967, 123 S. Ct. 1761, 155 L.Ed.2d 522 (2003) (approving instruction to jury that "the fact an expert has given an opinion does not mean that it is binding upon you" and finding no prejudice where witness testified as both expert and fact witness)

## INSTRUCTION NO. 1

### Statement of the Case

This is a civil case brought by the Plaintiff, Dustin Burnikel against the Defendants Michael Fong and Gregg Wessels, police officers employed by the Des Moines Police Department.

Mr. Burnikel asserts a claim of "excessive force" in violation of the Fourth Amendment to the United States Constitution against Mr. Fong and also Mr. Wessels.  Mr. Burnikel also asserts that the officers each committed a battery against him in the process of arrest.  Mr. Fong and Mr. Wessels deny these claims.

Mr. Burnikel has also brought a claim of a false arrest under the Fourth Amendment to the United States Constitution against Mr. Fong and also Mr. Wessels.  Mr. Burnikel further asserts that the officers each subjected him to a malicious prosecution.   Mr. Fong and Mr. Wessels deny these claims.

You have been chosen and sworn as jurors to try the issues of fact related to the plaintiff's claims.  In making your decision, you are the sole judges of the facts.  You must not decide this case based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.  The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these Instructions.  Do not take anything that I have said or done or that I may say or do as indicating what I think of the evidence or what I think your verdict should be.

You should consider and decide this case as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons,

including the Plaintiff, Mr. Burnikel, and the Defendants, Mr. Fong and Mr. Wessels, stand equal before the law, and each is entitled to the same fair consideration.

**INSTRUCTION NO. 2**
(Excessive Force Fong)

Mr. Burnikel claims that Officer Fong used excessive force against him on February 16,

2013, in violation of the Fourth Amendment to the United States Constitution.  Officer Fong denies

this claim.  Whether or not excessive force was used has nothing to do with whether or not the

arrest of Mr. Burnikel or taking him into custody was lawful.  The lawfulness of the arrest is before

you in another claim.  The only issue for you to decide at present is whether the force Officer Fong

used was excessive.

To prevail on his "excessive force" claim, Mr. Burnikel must prove the following elements

by a preponderance of the evidence:

**One, that on February 16, 2013, Officers Fong used physical force against Burnikel.**

> Note: The parties agree that Fong did use "physical force"
> against Burnikel.

**Two, the use of such force was excessive.**

> The force used was "excessive," if the force was more than
> reasonably necessary to arrest Burnikel or to take him into
> custody in the circumstances confronting Fong.
> You must decide whether the force used by Officer Fong was "excessive' without
> regard to Fong's own state of mind, intention, or motivation, or
> facts unknown to him at the time he used force.  In deciding whether
> the force used was "excessive," you must consider the following
> factors, if you find that they are present:
> - the need for the application of force
> - the relationship between the need and the amount of forced
>   used
> - the extent of the injury inflicted
> - whether a reasonable officer on the scene, without the
>   benefit of 20/20 hindsight, would have used such force
>   under similar circumstances - , an officer need not pursue the most
>   prudent course of conduct, as long as the force the officer used was
>   reasonable

5

- whether the decision about how much force to use was made in tense, uncertain, or rapidly changing circumstances
- the severity of the crime for which Fong arrested Burnikel
- whether Burnikel posed an immediate threat to the safety of Fong or others
- whether Burnikel was actively resisting the officers or attempting to flee

**Three, as a direct result of Fong's use of excessive force, Burnikel was damaged.**

If Burnikel proved all of these elements by a preponderance of the evidence, then he is entitled to damages in some amount on this excessive force claim.

<u>Authority</u>

Eighth Circuit Model Civil Jury Instruction 4.40 (as modified)
*Graham v. Connor*, 490 U.S. 386, 396-7 (1989)
*Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007-08 (8th Cir. 2003)
*Retz v. Seaton*, 741 F.3d 913, 918 (8th Cir. 2014)
*Church v. Anderson*, 898 F.3d 830, 833 (8th Cir. 2018)

**INSTRUCTION NO. 3**
(Excessive force)

Mr. Burnikel claims that Officer Wessels used excessive force against him on February 16, 2013, in violation of the Fourth Amendment to the United States Constitution. Officer Wessels denies this claim. Whether or not excessive force was used has nothing to do with whether or not the arrest of Burnikel or taking him into custody was lawful. The lawfulness of the arrest is before you in another claim. The only issue for you to decide at present is whether the force Officer Wessels used was excessive.

To prevail on his "excessive force" claim, Mr. Burnikel must prove the following elements by a preponderance of the evidence:

**One, that on February 16, 2013, Officer Wessels used physical force against Burnikel.**

Note: The parties agree that Wessels did use "physical force" against Burnikel.

**Two, the use of such force was excessive.**

The force used was "excessive," if the force was more than reasonably necessary to arrest Burnikel or to take him into custody in the circumstances confronting Wessels. You must decide whether the force used by Officer Wessels was "excessive' without regard to Wessels' own state of mind, intention, or motivation, or facts unknown to him at the time he used force. In deciding whether the force used was "excessive," you must consider the following factors, if you find that they are present:

- the need for the application of force
- the relationship between the need and the amount of forced used
- the extent of the injury inflicted
- whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances - an officer need not pursue the most prudent course of conduct, as long as the force the officer used was reasonable
- whether the decision about how much force to use was made in tense, uncertain, or rapidly changing circumstances

7

- the severity of the crime for which Wessels arrested Burnikel
- whether Burnikel posed an immediate threat to the safety of Wessels or others
- whether Burnikel was actively resisting the officers or attempting to flee

**Three, as a direct result of Wessels' use of excessive force, Burnikel was damaged.**

If Burnikel proved all of these elements by a preponderance of the evidence, then he is entitled to damages in some amount on this excessive force claim.

<u>Authority</u>

Eighth Circuit Model Civil Jury Instruction 4.40(as modified)
*Graham v. Connor*, 490 U.S. 386, 396-7 (1989)
*Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007-08 (8th Cir. 2003)
*Retz v. Seaton*, 741 F.3d 913, 918 (8th Cir. 2014)
*Church v. Anderson*, 898 F.3d 830, 833 (8th Cir. 2018)

## INSTRUCTION NO. 4
(Battery Fong)

Mr. Burnikel has also filed a common law claim of battery against the Defendant Officer Fong.  In order to prove the claim of battery, Mr. Burnikel must prove all of the following propositions:

1.  Officer Fong used physical restraint or force upon him. [The Parties agree that physical restraint or force was used]

2.  The act was done with the intent to cause physical pain or injury.

3.  The actions of Officer Fong resulted in physical pain or injury.

4.  The acts of Fong were a proximate cause of plaintiff's damage.

5.  The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages.  If the plaintiff has proved all of these propositions, then you will consider the affirmative defense of a police officer making a lawful arrest as explained in Instruction No. 7.


Authority:
Iowa Model Civil Instruction 1900.3

**INSTRUCTION NO. 5**
(Battery Wessels)

Mr. Burnikel has also filed a common law claim of battery against the Defendant Officer Wessels.  In order to prove the claim of battery, Mr. Burnikel must prove all of the following propositions:

1. Officer Wessels used physical restraint or force upon him. [The parties agree that physical restraint or force was used]

2. The act was done with the intent to cause physical pain or injury.

3. The actions of Officer Wessels resulted in physical pain or injury.

4. The acts of Wessels were a proximate cause of plaintiff's damage.

5. The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages. If Mr. Burnikel has has proved all of these propositions, then you will consider the affirmative defense of a police officer making a lawful arrest as explained in Instruction No. 7.

Authority:
Iowa Model Civil Instruction 1900.3

**INSTRUCTION NO. 6**

Intent means doing something on purpose as opposed to accidentally.  Because intent requires a finding of what a person is thinking when doing an act, it is seldom capable of being proven by direct evidence.  You may use your common experience when considering all of the facts surrounding the doing of an act to determine what a person's intent was when committing the act.  You may find that if a person does an act on purpose, the person also intended the natural results of the act.

<u>Authority</u>

*Lutterman v. Romey*, 143 Iowa 233, 121 N.W. 1040 (1909)
Restatement of Torts (Second), Sections 16, 20 and 32

**INSTRUCTION NO. 7**
(Affirmative Defense Battery)

A peace officer, while making a lawful arrest, is justified in the use of any force which the peace officer reasonably believes to be necessary to effect the arrest or to defend any person from bodily harm while making the arrest.

Authority:

Iowa Code 804.8

*Johnson v. Civil Service Commission of City of Clinton,* 352 N.W.2d 252, 257 (Iowa 1984)

*Lawyer v. City of Council Bluffs, Iowa,* 240 F.Supp.2d 941, 955 (S.D.Iowa 2002)

**INSTRUCTION NO. 8**
(Fourth Amendment False Arrest - Fong)

In this case, Dustin Burnikel also claims that Officer Fong falsely arrested him. To succeed on this claim, Mr. Burnikel must prove each of the following things by a preponderance of the evidence:

    1.      Officer Fong arrested Mr. Burnikel;

    2.      Officer Fong did not have probable cause to arrest Mr. Burnikel;

If you find that Mr. Burnikel has proved each of these things by a preponderance of the evidence, then you should find for him on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Burnikel has failed to prove any one of these things by a preponderance of the evidence, then you should find for Officer Fong on this claim, and you will not consider the question of damages.

**Authority**
Seventh Circuit Model Instruction 7.5
*Ehlers v. City of Rapid City*, 846 F.3d 1002, 1009-10 (8th Cir. 2017)

**INSTRUCTION NO. 9**
(Fourth Amendment: False Arrest, Assisting Officer - Wessels)

In this case, Dustin Burnikel also claims that Officer Wessels falsely arrested him.

If you found in Interrogatory No. 8 above that Officer Fong had probable cause for arresting Mr. Burnikel, then as Officer Wessels came to the assistance of Officer Fong, Wessels possessed probable cause to arrest Burnikel as well and you must find for Wessels on this claim. If you found that Fong did not have probable cause to arrest Burnikel then you may consider this instruction as stated below:

To succeed on this claim, Mr. Burnikel must prove each of the following things by a preponderance of the evidence:

    1.      Officer Wessels arrested Mr. Burnikel;

    2.      Officer Wessels did not have probable cause to arrest Mr. Burnikel;

If you find that Mr. Burnikel has proved each of these things by a preponderance of the evidence, then you should find for him on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Burnikel has failed to prove any one of these things by a preponderance of the evidence, then you should find for Officer Wessels on this claim, and you will not consider the question of damages.

**Authority**
*United States v. Hensley*, 469 U.S. 221, 232, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985)
*Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir. 2005)
*Ehlers v. City of Rapid City,* 846 F.3d 1001, 1010(8th Cir. 2017)(assisting officer entitled to rely on probable cause of arresting officer and may receive qualified immunity as long as reliance reasonable)
Seventh Circuit Model Instruction 7.5 (as modified)

14

# INSTRUCTION NO. 10
## (Definition of Probable Cause)

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a reasonable person would have believed that Mr. Burnikel was committing a crime or was committing an offense. This includes even very minor criminal offenses if committed in an officer's presence. . In making this decision, you should consider what Officers Fong and Wessels knew and what reasonably trustworthy information Officers Fong and Wessels had received.

It is not necessary that Officers actually had probable cause to arrest Plaintiff for interference with official acts, public intoxication, or resisting arrest so long as Officers Fong and Wessels had probable cause to arrest him for some criminal offense.  The elements of "interference with official acts", "public intoxication", and "resisting arrest" are elaborated in Instruction 11 below.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the Officer's beliefs were probably right. The fact that Mr. Burnikel was later acquitted of interference with official acts, public intoxication, or not tried for resisting arrest does not by itself mean that there was no probable cause at the time of his arrest.

## Committee Comments

**Authority:**
Seventh Circuit Model Jury Instructions 7.6 (as modified)
*Brinegar v. United States*, 338 U.S. 160, 175- 176 (1949)
*Atwater v. City of Lago Vista*, 532 U.S. 318 (2001)
*Ehlers v. City of Rapid City*, 846 F.3d 1002, 1008-9 (8th Cir. 2017)
*Borgman v. Kelly*, 646 F.3d 518, 522-23 (8th Cir. 2011)
*Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008)
*Cook v. City of Bella Villa*, 582 F.3d 840, 859 (8th Cir. 2009)(arresting charges against plaintiff appropriate basis for determining the severity of crime at issue in Fourth Amendment cases)

## INSTRUCTION NO. 11

Interference with Official Acts:

A person commits interference with official acts when the person knowingly resists or obstructs anyone known by the person to be a police officer in the performance of any act which is within the scope of the lawful duty or authority of that officer.


Public Intoxication:

A person shall not be intoxicated, or simulate intoxication, in a public place.


Resisting Arrest:

A person may not resist an arrest, either of themselves, or others, in which the person knows or has good reason to know is being made by a police officer even if they believe the arrest is unlawful, or the arrest actually is unlawful.


Authority:

Iowa Code Chapter 719.1

Iowa Code Chapters 123.46(2) and 123.46(3)

Iowa Code Chapter 804.12

*U.S. v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995)(resistance to arrest provides independent grounds for arrest under Iowa Code §804.12)

*State v. Thomas*, 262 N.W.2d 607, 611 (Iowa 1978)("a person may not resist arrest reasonably effected by one whom the arrestee knows or has good reason to know is a peace officer, despite legality or illegality of the arrest.")

*State v. Dawdy*, 533 N.W.2d 551, 552 (Iowa 1995)("Even though an initial arrest is unlawful, a defendant has no right to resist the arrest. If the defendant does so, probable cause exists for a second arrest for resisting")

**INSTRUCTION NO. 12**

(Common Law False Arrest)

Mr. Burnikel asserts that defendant Officer Michael Fong "falsely arrested" him under Iowa law.  Under Iowa Law a "false arrest" is the unlawful restraint of an individual's personal liberty or freedom of movement.

Mr. Burnikel must prove all of the following propositions to prevail on this claim:

1.       Mr. Burnikel was detained or restrained against his will.

2.       The detention or restraint was done by the Defendant Fong.

3.       The detention or restrain was a proximate cause of Mr. Burnikel's damage.

4.       The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages.

If the Plaintiff has proved all of these propositions, you will consider the defense of Good Faith and Reasonable Belief as explained in Instructions No. 15, 16 below).

Authority

*Kraft v. City of Bettendorf*, 359 N.W.2d 466 (Iowa 1984)
*Children v. Burton*, 331 N.W.2d 673 (Iowa 1983)

17

## INSTRUCTION NO. 13

### (Common Law False Arrest)

Mr. Burnikel asserts that defendant Officer Gregg Wessels "falsely arrested" him under Iowa law.  Under Iowa Law a "false arrest" is the unlawful restraint of an individual's personal liberty or freedom of movement.

Mr. Burnikel must prove all of the following propositions to prevail on this claim:

1.     Mr. Burnikel was detained or restrained against his will.

2.     The detention or restraint was done by the Defendant Wessels.

3.     The detention or restrain was a proximate cause of Mr. Burnikel's damage.

4.     The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages. If the Plaintiff has proved all of these propositions, you will consider the defense of Good Faith and Reasonable Belief as explained in Instructions No. 15, 16 below).

Authority

*Kraft v. City of Bettendorf*, 359 N.W.2d 466 (Iowa 1984)
*Children v. Burton*, 331 N.W.2d 673 (Iowa 1983)

18

## INSTRUCTION NO. 14

"Arrest" is defined under Iowa Law as taking a person into custody.  It includes restraint or detention of the person or his or her submission into custody.

Authority:

Model Iowa Civil Jury Instruction No. 2800.2

Iowa Code §804.5

## INSTRUCTION NO. 15

Under Iowa Law the defendant officers have an affirmative defense to a claim of "false arrest" under Iowa Law.  To do so Officer Fong and/or Officer Wessels must prove the following propositions:

1.  Defendant Fong and/or Defendant Wessels believed in good faith that Mr. Burnikel had committed a crime.

2.  The belief of Fong and/or Wessels was reasonable.

If the Defendants have failed to prove both of these propositions, they have not proved the defense. If the defendants have proven both of these propositions, Mr. Burnikel cannot recover and your verdict will be for the defendants.

Authority:

Iowa Model Civil Jury Instruction 2800.3

*Kraft v. City of Bettendorf*, 359 N.W.2d 466 (Iowa 1984)

**INSTRUCTION NO. 16**

"Reasonable Belief" under Iowa Law states that a person's belief if reasonable if it is based on reasonably trustworthy information about the facts and circumstances which would allow a reasonable careful person to believe a crime had been committed.

Whether an arrest is based on a reasonable belief is determined by the circumstances existing and known to the defendant when the arrest was made, and not later investigation of the facts or the outcome of later criminal charges.

Authority

*Sundholm v. City of Bettendorf*, 389 N.W.2d 849 (Iowa 1986)
*Children v. Burton*, 331 N.W.2d 673 (Iowa 1983)

**INSTRUCTION NO. 17**
(Limiting instruction concerning, statutes
Administrative rules, regulations, and policies)

You have heard evidence about whether either Defendant Fong or Defendant Wessels' conduct violated an administrative rule or locally imposed procedure or regulation. You may consider this evidence in your deliberations as to the claims of "excessive force" or "false arrest" under Instructions 2, 3 or Instructions 8, 9.  But remember that the issue is whether Defendant used *excessive force* or *falsely arrested Plaintiff,* in violation of the Fourth Amendment of the United States Constitution, not whether a rule, procedure, or regulation might have been violated.

Authority
Seventh Cir. Model Civil Jury Instruction 7.04
*Whren v. United States*, 517 U.S. 806, 811–16, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)
*Franks v. Delaware*, 438 U.S. 154 (1978)
*Michigan v. Summers*, 452 U.S. 692 (1981)
*Bonds v. Dautovic*, 725 F.Supp.2d 841, 846 (S.D. Iowa 2010)

**INSTRUCTION NO. 18**
(Common Law Malicious Prosecution – Fong)

Mr. Burnikel asserts that the defendant Fong maliciously prosecuted him. "Malicious prosecution" means causing an unsuccessful criminal proceeding with malice and without probable cause.

Burnikel must prove all of the following propositions:

1. Mr. Burnikel was prosecuted in a criminal proceeding when Defendant, Officer Fong filed charges against him on February 16, 2013 alleging Public Intoxication and Interference with Official Acts, both misdemeanors.

2. The defendant Fong caused that prosecution.

3. The prosecution ended favorably for Mr. Burnikel, as defined by Instruction No. 22.

4. Defendants Fong acted without probable cause.

5. Defendant Fong acted with malice, as defined by Instruction No. 21.

6. The prosecution was a proximate cause of Mr. Burnikel's damage.

7. The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages.    If Mr. Burnikel has proved all of these propositions, then you will consider the defense of Probable Cause as explained in Instruction No. 20.

Authority
Iowa Model Civil Instruction 2200.1
*Mills County State Bank v. Roure*, 291 N.W.2d 1 (Iowa 1980)
*Paige v. City of Chariton*, 252 N.W.2d 433 (Iowa 1977)

## INSTRUCTION NO. 19
(Common Law Malicious Prosecution – Wessels)

Mr. Burnikel asserts that the defendant Wessels maliciously prosecuted him.  "Malicious prosecution" means causing an unsuccessful criminal proceeding with malice and without probable cause.

Burnikel must prove all of the following propositions:

  1.  Mr. Burnikel was prosecuted in a criminal proceeding when Defendant, Officer Wessels, filed charges against him on February 16, 2013, alleging Public Intoxication and Interference with Official Acts, both misdemeanors.

  2.  The defendant Wessels caused that prosecution.

  3.  The prosecution ended favorably for Mr. Burnikel, as defined by Instruction No. 22.

  4.  Defendant Wessels acted without probable cause.

  5.  Defendant Wessels acted with malice, as defined by Instruction No. 21.

  6.  The prosecution was a proximate cause of Mr. Burnikel's damage.

  7.  The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages.    If Mr. Burnikel has proved all of these propositions, then you will consider the defense of Probable Cause as explained in Instruction No. 20.

Authority
Iowa Model Civil Instruction 2200.1
*Mills County State Bank v. Roure*, 291 N.W.2d 1 (Iowa 1980)
*Paige v. City of Chariton*, 252 N.W.2d 433 (Iowa 1977)

## INSTRUCTION NO. 20

Probable cause for filing a criminal charge means having a reasonable ground.  Probable cause exists where the defendants knew enough about the facts and circumstances and had reasonable trustworthy information, including what someone else told them at the time, so that a reasonable person would believe that the plaintiff was guilty of the crime charged.  The elements of the charges filed against Mr. Burnikel are elaborated in Instruction No. 11 above.

Probable cause does not require absolute certainty or proof beyond a reasonable doubt.  It is to be determined by the factual and practical considerations of everyday life on which reasonable and careful persons [not legal experts] act.

Authority
Model Iowa Civil Instructions 2200.3
*Sisler v. City of Centerville*, 372 N.W.2d 248 (Iowa 1985)
Restatement (Second) of Torts, section 662

# INSTRUCTION NO. 21

An act is done "maliciously" when the main reason for doing the act was ill-will, hatred or other wrongful motive.  The fact that defendants disliked or felt resentment towards the plaintiff would not in itself constitute malice.

Authority
Model Iowa Civil Instruction 2200.5
*Moser v. County of Black Hawk*, 300 N.W.2d 150 (Iowa 1981)

**INSTRUCTION NO. 22**


Favorable Termination Of Prior Criminal Proceeding.  The acquittal of Mr. Burnikel by the trial jury in the prior criminal charges constitutes a favorable ending to the prosecution.


<u>Authority</u>
Model Iowa Civil Instruction 2200.7
*Carter v. MacMillan Oil Co., Inc*., 355 N.W.2d 52 (Iowa 1984)

**INSTRUCTION NO. 23**
**(Effect of an Acquittal)**

You have heard testimony in this trial that the plaintiff, Dustin Burnikel, was found not guilty *at a prior criminal trial*. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. The fact of a previous criminal trial should have no bearing on your decision in this case.

You are instructed that a defendant in a criminal trial is presumed innocent of the crime charged. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government. *The burden is different in this case, the burden is upon the Plaintiff, Mr. Burnikel*, and he must prove his claims against the Defendants, Mr. Fong and Mr. Wessels, by proving they are more likely than not true.

Authority
See, *Gill v. Maciejewski*, 546 F.3d 557, 562 (8th Cir. 2009)

## INSTRUCTION NO. 24
### (Damages)

If you find in favor of the plaintiff, Mr. Burnikel, you must award him an amount of money, if any, that will fairly compensate him for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the conduct of the defendants as submitted in Instructions 2, 3, 4, 5, 8, 9, 12, 13, 18 or 19 you should consider the following elements of damages:

> 1.  The physical pain and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and any aggravation of a pre-existing condition;

> 2.  The reasonable value of the medical care and supplies reasonably needed by and actually provided to the plaintiff and reasonably certain to be needed and provided in the future; and

> 3.  The wages the plaintiff has lost and the reasonable value of the earning capacity the plaintiff is reasonably certain to lose in the future because of his diminished ability to work.

You must enter separate amounts for each type of damages, if any, caused by the wrongful conduct of Officers Fong and/or Wessels.  Do not include the same items in more than one category.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

Authority

Eighth Circuit Model Instruction 4.70

**INSTRUCTION NO. 25**

(Nominal damages)

"Nominal damages" are awarded to vindicate a plaintiff's rights, when the violation of those rights has not caused injury that can be valued in monetary terms.  If you find for Mr. Burnikel on his "excessive force" [Instructions No. 2, 3] or "false arrest" claim [Instructions No. 8, 9], but you find that he has failed to prove "compensatory damages" as defined in Instruction No. 24, then you must award "nominal damages".  In other words, do not award "nominal damages" if you award any "compensatory damages".   "Nominal damages" cannot exceed one dollar.

Authority

Eighth Circuit Model Instruction 4.71 (as modified)

**INSTRUCTION NO. 26**
(Punitive Damages)

If you find for Mr. Burnikel in regard to any of his claims under Instructions 2, 3 and/or 8, 9, you may, but are not required to, award punitive damages.  Punitive damages are awarded to punish a defendant for engaging in the misconduct at issue and to deter a defendant and others from engaging in such misconduct in the future.

To get punitive damages, Mr. Burnikel must prove the following:

**One, punitive damages should be awarded.**

> You may award punitive damages even if you award Burnikel only nominal, and not compensatory, damages.  You may award punitive damages on the claim or claims only if Fong and/or Wessels acted
> - with malice, which is an evil motive or intent,
> 
> OR
> - with reckless indifference to Burnikel's federally protected right to be free from the use of excessive force, or false arrest.
> 
> In deciding whether to award punitive damages, you should also consider whether Fong and/or Wessels conduct was reprehensible.   To decide whether conduct was "reprehensible," you may consider the following:
> - whether the harm suffered by Burnikel was physical or economic or both
> - whether there was violence, intentional malice, or reckless disregard for human health or safety

**Two, the amount of any punitive damages.**

> You must use reason in setting the amount of any punitive damages.  You should consider the following:
> - how much harm Fong and/or Wessels' conduct caused Burnikel
> - what amount of punitive damages would bear a reasonable relationship to the harm caused to Burnikel
> - what amount of punitive damages, in addition to other damages already awarded is needed considering Fong and/or Wessel's financial condition, to deter Fong and/or Wessels and others from similar wrongful conduct in the future
> 
> On the other hand you must not consider the following:
> - bias, prejudice, or sympathy toward any party
> - Punishment of Fong and/or Wessels for harm to anyone other than Burnikel

Authority:
Eighth Circuit Model Instruction 4.50C (2011)

<u>Defendant's Objection to Punitive Damages Instruction</u>:

Defendant initially states there will be insufficient grounds of malice or reckless indifference to submit punitive damages to the jury under either the Federal or State claims.

However, in regard to the Federal Punitive Damages request the Defendant objects to the use of the standard of lesser "*greater weight of the evidence*" as the burden of proof for punitive damages for a violation of the Fourth Amendment.

 There is no definitive case law on the issue other than the model instruction.  The traditional common law standard, as applied in Iowa is that punitive damages require the plaintiff demonstrate such damages are warranted through "*clear and convincing evidence*".   See, *Iowa Model Civil Jury Instruction 210.1, Iowa Code section 668A.1.*

The Defendant believes that this same "clear and convincing" standard should be applied to the claims of "Excessive Force" and "False Arrest" under the Fourth Amendment as well.

Further, this case will now require two separate standards of proof and provide a likely source of confusion for the jury.

**INSTRUCTION NO. 27**

(State Law Punitive Damages for Battery, False Arrest and/or Malicious Prosecution
Claims)

Punitive damages for the Plaintiff's claims under Instructions, 4, 5, 12, 13, 18 or 19 may be awarded if the plaintiff has proven by a preponderance of clear, convincing and satisfactory evidence the defendants' conduct constituted a willful and wanton disregard for the rights or safety of another and caused actual damage to the plaintiff as defined in Instructions 28 and 29.

Punitive damages are not intended to compensate for injury but are allowed to punish and discourage the defendants and others from like conduct in the future. You may award punitive damages under Instructions 4, 5, 12, 13, 18 or 19 only if the defendants' conduct warrants a penalty in addition to the amount you award to compensate for plaintiff's actual injuries.

There is no exact rule to determine the amount of punitive damages, if any, you should award. You may consider the following factors:

1. The nature of defendant Fongs and/or defendant Wessels conduct that harmed the plaintiff.

2. The amount of punitive damages which will punish and discourage like conduct by the defendant. You may consider each defendant's financial condition or ability to pay. You may not, however, award punitive damages solely because of a defendant's wealth or ability to pay.

3. The plaintiff's actual damages. The amount awarded for punitive damages must be reasonably related to the amount of actual damages you award to the plaintiff.

4. The existence and frequency of prior similar conduct. Although you may consider harm to others in determining the nature of defendant's conduct, you may not award punitive damages to punish the defendant for harm caused to others, or for out-of-state conduct that was lawful where it occurred, or for any conduct by the defendant that is not similar to the conduct which caused the harm to the plaintiff in this case.

Authority
Iowa Model Civil Jury Instruction 210.1
Iowa Code section 668A.1
*Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007)
*State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003)

**INSTRUCTION NO. 28**
(Clear and Convincing Evidence)

Clear Convincing And Satisfactory Evidence.  Evidence is clear, convincing and satisfactory if there is no serious or substantial uncertainty about the conclusion to be drawn from it.

<u>Authority</u>
Iowa Model Civil Jury Instruction 100.19
*Raim v. Stancel*, 339 N.W.2d 621, 624 (Iowa Appeals 1983)
*Sinclair v. Allender*, 26 N.W.2d 320, 326 (Iowa 1947)

**INSTRUCTION NO. 29**
(Definition of Willful and Wanton)

**Willful and Wanton - Defined.**  Conduct is willful and wanton when a person intentionally does an act of an unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow.

Authority
Iowa Model Jury Instruction 210.4
*Fell v. Kewanee Farm Equipment Co.*, 457 N.W.2d 911 (Iowa 1990)
*Kosmacek v. Farm Service Coop of Persia*, 485 N.W.2d 99 (Iowa App. 1992)

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)

| | |
|---|---|
| DUSTIN BURNIKEL, | |
| Plaintiff, | |
| v. | Case No. 4:15-cv-00050 |
| MICHAEL FONG, individually and in hisofficial capacity as a law enforcement officer with the Des Moines Police department; GREG WESSELS,  Individually and in his official capacity As a law enforcement officer with the Des Moines Police Department; and CITY OF DES MOINES, IOWA, | VERDICT FORM (PHASE ONE) |
| Defendants. | |

VERDICT

**Part One:   "Excessive Force"**

Step No. 1:  On Mr. Burnikel's "excessive force" claim as explained in Instructions No. 2 and/or 3 in whose favor do you find?

_____ Mr. Burnikel                              _____ The Defendant Officers

*(If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, instead proceed to Part Two of this form)*

Step No. 2:  On Mr. Burnikel's "excessive force" claim, as explained in Instructions No. 2 and/or 3, which one or more of the Defendant Officers do you find used "excessive force"?

____ Officer Michael Fong

____ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his "excessive force" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory

damages are explained in Instruction No. 24?

Past Pain and Suffering:                    $_____

Future Physical Pain and Suffering:         $_____

Past Medical Expenses:                      $_____

Future Medical Expenses:                    $_____

Past Economic Losses:                       $_____

Future Economic Losses:                     $_____

Step 4:  *If you found in favor of Mr. Burnikel on his "excessive force" claim in Step 1,* but you found that he has failed to prove "compensatory damages" as defined in Instruction No. 24, then you must award "nominal damages" not exceeding $1.00, as explained in Instruction No. 25.  (*Do not award "nominal damages" if you award any "compensatory damages" on this claim.)*

Nominal Damages:                            $_____

Step 5:  *If you found in favor of Mr. Burnikel on his "excessive force" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

_____Yes                          _____ No

37

**Part Two:** **"Battery"**

Step No. 1:  On Mr. Burnikel's "battery" claim as explained in Instructions No. 4, 5, in whose favor do you find?

_____ Mr. Burnikel                           ____ The Defendant Officers

*(If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, instead proceed to Part III of this form)*

Step No. 2:  On Mr. Burnikel's "battery" claim, as explained in Instructions No. 4, 5, which one or more of the Defendant Officers do you find committed a "battery" against Mr. Burnikel?

____ Officer Michael Fong

____ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his "battery" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering:                    $_____

Future Physical Pain and Suffering:    $_____

Past Medical Expenses:                      $_____

Future Medical Expenses:                   $_____

Past Economic Losses:                       $_____

Future Economic Losses:                     $_____

Step 4:  *If you found in favor of Mr. Burnikel on his "battery" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

____Yes                           _____ No

38

**Part Three:  Fourth Amendment "False Arrest"**

Step No. 1:  On Mr. Burnikel's "false arrest" claim as explained in Instructions No. 8, 9, in whose favor do you find?

_____ Mr. Burnikel                    _____ The Defendant Officers

(*If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, instead proceed to Part IV of this form*)

Step No. 2:  On Mr. Burnikel's "false arrest" claim, as explained in Instructions No. 8, 9 which one or more of the Defendant Officers do you find used "false arrest"?

____ Officer Michael Fong

____ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his "false arrest" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering:                    $_____

Future Physical Pain and Suffering:     $_____

Past Medical Expenses:                       $_____

Future Medical Expenses:                    $_____

Past Economic Losses:                         $_____

Future Economic Losses:                      $_____

Step 4:  *If you found in favor of Mr. Burnikel on his "false arrest" claim in Step 1,* but you found that he has failed to prove "compensatory damages" as defined in Instruction No. 24, then you must award "nominal damages" not exceeding $1.00, as explained in Instruction No. 25.  (*Do not award "nominal damages" if you award any "compensatory damages" on this claim.*)

Nominal Damages:                    $_____

Step 5:  *If you found in favor of Mr. Burnikel on his "false arrest" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

____Yes                              _____ No

**Part Four: State Law "False Arrest"**

Step No. 1:  On Mr. Burnikel's "false arrest" claim as explained in Instructions No. 12, 13 in whose favor do you find?

_____ Mr. Burnikel                              _____ The Defendant Officers

(*If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, instead proceed to Part III of this form*)

Step No. 2:  On Mr. Burnikel's "false arrest" claim, as explained in Instructions No. 12 and/or 13, which one or more of the Defendant Officers do you find committed a "battery" against Mr. Burnikel?

_____ Officer Michael Fong

_____ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his State Law "false arrest" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering:                      $_____

Future Physical Pain and Suffering:          $_____

Past Medical Expenses:                       $_____

Future Medical Expenses:                     $_____

Past Economic Losses:                        $_____

Future Economic Losses:                      $_____

Step 4:  *If you found in favor of Mr. Burnikel on his State Law "false arrest" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

_____Yes                              _____ No

**Part Five:  "Malicious Prosecution"**

Step No. 1:  On Mr. Burnikel's "malicious prosecution" claim as explained in Instructions No. 18, 19, in whose favor do you find?

\_\_\_\_\_ Mr. Burnikel                                    \_\_\_\_ The Defendant Officers

(*If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, proceed no further*)

Step No. 2:  On Mr. Burnikel's "malicious prosecution" claim, as explained in Instructions No. 18, 19, which one or more of the Defendant Officers do you find engaged in  "malicious prosecution" against Mr. Burnikel?

\_\_\_ Officer Michael Fong

\_\_\_ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his "malicious prosecution" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering:                     $_____

Future Physical Pain and Suffering:    $_____

Past Medical Expenses:                         $_____

Future Medical Expenses:                      $_____

Past Economic Losses:                           $_____

Future Economic Losses:                        $_____

Step 4:  *If you found in favor of Mr. Burnikel on his "malicious prosecution" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

\_\_\_\_Yes                                    \_\_\_\_\_ No

41

**Special Findings of Fact**:

<u>Question 1</u>: Was it reasonable for Officer Fong to perceive Mr. Burnikel as a threat to himself or others?

___ Yes                                    ____ No


<u>Question 2</u>:  Did Mr. Burnikel actively resist the officers at the time of arrest?

___ Yes                                    ____ No

**Part Six: Punitive Damages**

Step One: *If you found in favor of Mr. Burnikel on his claims* under Instructions 2, 3 and/or Instructions 8, 9 and determined conduct that established a right to punitive damages, what amount, if any, do you award for "punitive damages", as such damages are explained in Instruction No. 26, against each Defendant Officer found liable for any of the claims in your verdict.

$_____ for punitive damages against Officer Michael Fong

$_____ for punitive damages against Officer Greg Wessels

Step Two:   If you found for Mr. Burnikel in regard to his claims under Instructions 4, 5, 12, 13, 18, or 19, please answer the following questions:

Question No. 1:  Do you find by a preponderance of clear, convincing and satisfactory evidence the conduct of the defendant Michael Fong constituted willful and wanton disregard for the rights or safety of another?

___ Yes                                        ___ No

[*If your answer to Question No. 1 is "No" do not answer Question Nos. 2 and 3*]

Question No. 2:  What amount of punitive damages, if any, do you award?

ANSWER:    $_____

[*If your answer to Question No. 2 is "None" do not answer Question No. 3*]

Question No. 3:  Was the conduct of the defendant directed specifically at Dustin Burnikel?

___ Yes                                        ____No

Question No. 4:  Do you find by a preponderance of clear, convincing and satisfactory evidence the conduct of the defendant Gregg Wessels constituted willful and wanton disregard for the rights or safety of another?

___ Yes                                        ___ No

[*If your answer to Question No. 4 is "No" do not answer Question Nos. 5 and 6*]

43

Question No. 5:  What amount of punitive damages, if any, do you award?

ANSWER:    $_____

[*If your answer to Question No. 5 is "None" do not answer Question No. 6*]


Question No. 6:  Was the conduct of the defendant directed specifically at Dustin Burnikel?

        ___ Yes                              ____No

_____
                                        Foreperson

Dated: _____

Respectfully submitted,

    */s/John O. Haraldson*
John O. Haraldson  AT0003231
Assistant City Attorney
City Hall, 400 Robert D. Ray Dr.
Des Moines, IA  50309-1891
Telephone:  (515) 283-4547
Facsimile:  (515) 237-1748
E-mail:  joharaldson@dmgov.org

ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on, October 24, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and a true copy of the foregoing was electronically sent via the Clerk of Court.

    */s/ John O. Haraldson*
John O. Haraldson
Assistant City Attorney