## UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| DUSTIN BURNIKEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00050 |
| | ) | |
| v. | ) | **JOINT PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| MICHAEL FONG, et al. | ) | **(Phase One)** |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff and Defendants submit their Joint Proposed Jury Instructions for the first phase of trial.

The parties disagree on some of the included proposals. Where appropriate, the parties have included two versions of the same instruction. The instruction labeled "Version A" is Plaintiff's proposal, and the instruction labeled "Version B" is Defendants' proposal.

INSTRUCTION NO. 1

Members of the Jury Panel, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, you must leave it off.

You may tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court. If you do so, you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. Furthermore, you must not post any information on any social media or a social network, or communicate with anyone, about the parties, witnesses, participants, claims, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties, and it would result in a verdict that is not based on the evidence and the law.

Also, while you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or social media or in any other way communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror.

Do not do any research -- on the Internet, through social media, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any

information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The important reason for your not talking with anyone about the case is that the parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the Rules of Evidence, the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you throughout the trial could result in the case having to be retried. And failure to follow the court's instructions could also result in you being held in contempt of the court and punished accordingly.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?

*Eighth Circuit Model Jury Instructions* (2018), Instruction 1.01, Explanatory: Before Voir Dire

Submitted by Plaintiff
Agreed to by Defendant

## INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

*Eighth Circuit Model Jury Instructions* (2018), Instruction 1.02, Explanatory: At End of Voir Dire

Submitted by Plaintiff
Agreed to by Defendant

INSTRUCTION NO. 3

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I may also give you instructions during the trial. All instructions - those I give you now and those I give you later - whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You may give them to the court security officer for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil case brought by the plaintiff, Dustin Burnikel, against the defendants, Greg Wessels and Michael Fong, police officers employed by the Des Moines Police Department. The plaintiff alleges that the defendants used excessive force against him. The defendants deny these claims. The plaintiff alleges that the defendants assaulted and battered him. The defendants deny these claims. The plaintiff alleges that Defendants Wessels and Fong falsely arrested him and maliciously prosecuted him. The defendants deny these claims. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants.

Your duty is to decide what the facts are from the evidence. You are allowed to consider the evidence in the light of your own observations and experiences. After you have decided what the facts are, you will have to apply those facts to the law that I give you in these and in my other instructions. That is how you will reach your verdict. Only you will decide what the facts are.

However, you must follow my instructions, whether you agree with them or not. You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any reasons they might have to testify a certain way, how they act while testifying, whether they said something different at another time, whether their testimony is generally reasonable, and how consistent their testimony is with other evidence that you believe.

Do not let sympathy, or your own likes or dislikes, influence you. The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

*Eighth Circuit Model Jury Instructions* (2018), Instruction 1.03, Explanatory: General; Nature of Case; Burden of Proof; Duty of Jury; Cautionary

Submitted by Plaintiff
Agreed to by Defendant

INSTRUCTION NO. 4

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence. I will tell you now what is not evidence:

(1) Lawyers' statements, arguments, questions, and comments are not evidence.

(2) Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

(3) Objections are not evidence. Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial. Do not be influenced one way or the other by objections. If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information. When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

(4) Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

(5) Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose. If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for. You need to pay close attention when I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 1.04, Explanatory: Evidence; Limitations

Submitted by Plaintiff
Agreed to by Defendant

INSTRUCTION NO. 5

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 1.05, Explanatory: Bench Conferences and Recesses

Submitted by Plaintiff
Agreed to by Defendant

# INSTRUCTION NO. 6

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 1.06 Explanatory: No Transcript Available

Submitted by Plaintiff
Agreed to by Defendant

## INSTRUCTION NO. 7

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the trial when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to Court personnel.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness. So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial. You can tell them when you have to be in court, and you can warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about this case in front of you. But, you must not communicate with anyone or post information in any manner about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again. During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, Blackberry, PDA, computer, or computer-like device. Likewise, do not use the Internet or any Internet service; do not text or send instant messages; do not go on or use any internet or other medium, including an Internet chat room, blog, or other websites such as Facebook, Instagram, Snapchat, YouTube, or Twitter. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations – until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, newspapers, or otherwise – and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony. Also, do not look up any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or me.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to any radio or television reports, or digital streaming, about the case or about anyone involved with it. I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case. If you want,

you can have someone collect information or clip out any stories and set them aside to give to you after the trial is over.

The parties have a right to have you decide their case based only on evidence admitted here in court. If you research, investigate, or experiment on your own, or get information from other sources, your verdict might be influenced by inaccurate, incomplete, or misleading information. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination. All of the parties are entitled to a fair trial and an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process. If you decide a case based on information not admitted in court, you will deny the parties a fair trial. You will deny them justice. Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 1.08, Explanatory: Conduct of the Jury

Submitted by Plaintiff
Agreed to by Defendant

# INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, plaintiff's lawyer may make an opening statement. Next, defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, plaintiff will then present evidence. The defendant's lawyer will have a chance to cross-examine plaintiff's witnesses. After plaintiff has finished presenting his case, defendants may present evidence, and plaintiff's lawyer will have a chance to cross-examine their witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the court's instructions you will go to the jury room to deliberate and decide on your verdict.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 1.09, Explanatory: Outline of Trial

Submitted by Plaintiff
Agreed to by Defendant

## INSTRUCTION NO. 9

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 2.01, Explanatory: Duties of Jury; Recesses

Submitted by Plaintiff
Agreed to by Defendant

INSTRUCTION NO. 10

The plaintiff and defendants have stipulated -- that is, they have agreed -- that the following facts are true:

1.      In the early morning of February 16, 2013, Defendants Greg Wessels and Michael Fong arrested Plaintiff Dustin Burnikel.

2.      At all times during their February 16, 2013 interactions with plaintiff, Defendants Wessels and Fong were acting within the scope of their employment or duties as law enforcement officers for the City of Des Moines Police Department.

3.      The City of Des Moines is responsible for maintaining and operating the Des Moines Police Department.

4.      During plaintiff's arrest, Defendants Wessels and Fong used physical force against plaintiff.

5.      Defendants Wessels and Fong arrested plaintiff.

6.      Defendants Wessels and Fong charged plaintiff with Public Intoxication, Interfering with Official Acts in violation of Iowa law and Resisting Arrest, in violation of a Des Moines City Ordinance.

7.      The City of Des Moines prosecuted plaintiff in a criminal proceeding in Polk County, Iowa.

8.      A jury acquitted plaintiff of all charges.

You must, therefore, treat those facts as having been proved.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 2.03, Explanatory: Stipulated Facts

Submitted by Defendant
Agreed to by Plaintiff

INSTRUCTION NO. 11

The evidence you are about to hear may be considered by you only on the question of

Defendant Wessels's credibility as a witness. It may not be considered for any other purpose.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 2.09, Explanatory: Evidence Admitted
for Limited Purpose

Submitted by Plaintiff

INSTRUCTION NO. 12

Testimony will now be presented to you in the form of a deposition. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and now will be read to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person. You should not place any significance on the manner or tone of voice used to read the witness's answers to you.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 2.14, Explanatory: Deposition Evidence at Trial

Submitted by Plaintiff
Agreed to by Defendant

## INSTRUCTION NO. 13

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect.  Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones  I gave you earlier, as well as  those I give you now.  Do not single out some instructions and ignore others, because  they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all  instructions, no matter when I give them, whether or not you have written copies.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 3.01, Explanatory: Additional Instructions

Submitted by Plaintiff
Agreed by Defendant

[**Only use the following, in italics, if the Judge has asked questions during the course of trial:**

*During this trial I have asked some questions of witnesses. Do not try to guess my opinion about any issues in the case based on the questions I asked*.]

I have not intended to suggest what I think your verdicts should be by any of my rulings or comments during the trial.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 3.02, Explanatory: Judge's Opinion

Submitted by Plaintiff
Agreed by Defendant

## INSTRUCTION NO. 15

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 3.03, Explanatory: Credibility of Witnesses

Submitted by Plaintiff
Agreed to by Defendant

INSTRUCTION NO. 16

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

*Seventh Circuit Model Jury Instructions (2018)*, Instructions 1.21
*See* FED. R. EVID. 602, 701-705. *See generally United States v. Mansoori*, 304 F.3d 635, 654 (7th Cir. 2002), *cert. denied* 538 U.S. 967, 123 S. Ct. 1761, 155 L.Ed.2d 522 (2003) (approving instruction to jury that "the fact an expert has given an opinion does not mean that it is binding upon you" and finding no prejudice where witness testified as both expert and fact witness)

Submitted by Defendants
Agreed to by Plaintiff

INSTRUCTION NO. 17

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 3.04, Explanatory: Burden of Proof (Ordinary Civil Case)

Submitted by Plaintiff
Agreed to by Defendant

INSTRUCTION NO. 18

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

*Finally*, the verdict form is your written decision in this case. You will take these forms to

the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms,

sign and date them,  and tell the court security officer that you are ready to return to the  courtroom.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 3.06, Explanatory: Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

Submitted by Plaintiff
Agreed to by Defendant

INSTRUCTION NO. 19 (Version A)

Your verdict must be for plaintiff Dustin Burnikel and against defendant Greg Wessels for using excessive force if all the following elements have been proved:

*First*, defendant used physical force against plaintiff when arresting him (the parties agree that defendant used physical force against plaintiff); and

*Second*, the force used was excessive because it was not reasonably necessary to take plaintiff into custody; and

*Third*, as a direct result, plaintiff was injured.

In determining whether the force, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You must decide whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

If any of the above elements has not been proved, then your verdict must be for defendant.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 4.40, Elements of Claim: Excessive Use of Force – Arrest or Other Seizure of Person – Before Confinement – Fourth Amendment

Submitted by Plaintiff

INSTRUCTION NO. 19 (Version B)

The plaintiff claims that Defendant Greg Wessels used excessive force against him on February 16, 2013, in violation of the Fourth Amendment to the United States Constitution. Defendant Wessels denies this claim. Whether or not excessive force was used has nothing to do with whether or not the arrest of the plaintiff or taking him into custody was lawful. The lawfulness of the arrest is before you in another claim. The only issue for you to decide at present is whether the force Defendant Wessels used was excessive.

To prevail on his "excessive force" claim, the plaintiff must prove the following elements by a preponderance of the evidence:

**One, that on February 16, 2013, Defendant Wessels used physical force against the plaintiff.**

> Note: The parties agree that Defendant Wessels did use "physical force" against the plaintiff.

**Two, the use of such force was excessive.**

> The force used was "excessive," if the force was more than reasonably necessary to arrest the plaintiff or to take him into custody in the circumstances confronting Defendant Wessels. You must decide whether the force used by Defendant Wessels was "excessive' without regard to Defendant Wessels' own state of mind, intention, or motivation, or facts unknown to him at the time he used force. In deciding whether the force used was "excessive," you must consider the following factors, if you find that they are present:
>
> - the need for the application of force

- the relationship between the need and the amount of forced used

- the extent of the injury inflicted

- whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances - an officer need not pursue the most prudent course of conduct, as long as the force the officer used was reasonable

- whether the decision about how much force to use was made in tense, uncertain, or rapidly changing circumstances

- the severity of the crime for which Defendant Wessels arrested the plaintiff

- whether the plaintiff posed an immediate threat to the safety of Defendant Wessels or others

- whether the plaintiff was actively resisting the officers or attempting to flee

**Three, as a direct result of Defendant Wessels' use of excessive force, the plaintiff was damaged.**

If the plaintiff proved all of these elements by a preponderance of the evidence, then he is entitled to damages in some amount on this excessive force claim.

Authority:
*Eighth Circuit Model Civil Jury Instruction* 4.40 (as modified)
*Graham v. Connor*, 490 U.S. 386, 396-7 (1989)
*Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007-08 (8th Cir. 2003)
*Retz v. Seaton*, 741 F.3d 913, 918 (8th Cir. 2014)
*Church v. Anderson*, 898 F.3d 830, 833 (8th Cir. 2018)

Submitted by Defendants

INSTRUCTION NO. 20 (Version A)

Your verdict must be for plaintiff Dustin Burnikel and against defendant Michael Fong for using excessive force if all the following elements have been proved:

*First*, defendant used physical force against plaintiff when arresting him (the parties agree that defendant used physical force against plaintiff); and

*Second*, the force used was excessive because it was not reasonably necessary to take plaintiff into custody; and

*Third*, as a direct result, plaintiff was injured.

In determining whether the force, was "excessive," you must consider: the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You must decide whether the officer's actions were reasonable in the light of the facts and circumstances confronting the officer without regard to the officer's own state of mind, intention or motivation.

If any of the above elements has not been proved, then your verdict must be for defendant.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 4.40, Elements of Claim: Excessive Use of Force – Arrest or Other Seizure of Person – Before Confinement – Fourth Amendment

Submitted by Plaintiff

INSTRUCTION NO. 20 (Version B)

The plaintiff claims that Defendant Fong used excessive force against him on February 16, 2013, in violation of the Fourth Amendment to the United States Constitution. Defendant Fong denies this claim. Whether or not excessive force was used has nothing to do with whether or not the arrest of the plaintiff or taking him into custody was lawful. The lawfulness of the arrest is before you in another claim. The only issue for you to decide at present is whether the force Defendant Fong used was excessive.

To prevail on his "excessive force" claim, the plaintiff must prove the following elements by a preponderance of the evidence:

**One, that on February 16, 2013, Defendant Fong used physical force against the plaintiff.**

> Note: The parties agree that Defendant Fong did use "physical force" against the plaintiff.

**Two, the use of such force was excessive.**

> The force used was "excessive," if the force was more than reasonably necessary to arrest the plaintiff or to take him into custody in the circumstances confronting Defendant Fong. You must decide whether the force used by Defendant Fong was "excessive' without regard to Defendant Fong's own state of mind, intention, or motivation, or facts unknown to him at the time he used force.  In deciding whether the force used was "excessive," you must consider the following factors, if you find that they are present:
>
> - the need for the application of force

- the relationship between the need and the amount of forced
  used

- the extent of the injury inflicted

- whether a reasonable officer on the scene, without the
  benefit of 20/20 hindsight, would have used such force
  under similar circumstances - an officer need not pursue the most
  prudent course of conduct, as long as the force the officer used was
  reasonable

- whether the decision about how much force to use
  was made in tense, uncertain, or rapidly changing circumstances

- the severity of the crime for which Defendant Fong arrested the
  plaintiff

- whether the plaintiff posed an immediate threat to the safety
  of Defendant Fong or others

- whether the plaintiff was actively resisting the officers or attempting
  to flee

**Three, as a direct result of Defendant Fong's use of excessive force, the plaintiff was damaged.**

If the plaintiff proved all of these elements by a preponderance of the evidence, then he is entitled to damages in some amount on this excessive force claim.

*Eighth Circuit Model Civil Jury Instruction* 4.40 (as modified)
*Graham v. Connor*, 490 U.S. 386, 396-7 (1989)
*Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007-08 (8th Cir. 2003)
*Retz v. Seaton*, 741 F.3d 913, 918 (8th Cir. 2014)
*Church v. Anderson*, 898 F.3d 830, 833 (8th Cir. 2018)

Submitted by Defendants

INSTRUCTION NO. 21(Version A)

To prove the claim of assault by Defendant Wessels, plaintiff must prove all of the following propositions:

1.      Defendant Wessels used physical restraint or force against plaintiff (the parties agree that defendant used physical restraint or force against plaintiff).

2.      The act was done with the intent to put plaintiff in fear of physical pain or injury or in fear physical contact which would be insulting or offensive.

3.      Defendant Wessels's act was a cause of plaintiff's damage.

4.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 1900.1, Assault – Essentials for Recovery; modified pursuant to *Tinius v. Carroll Cty. Sheriff Dep't*, 321 F. Supp. 2d 1064, 1079 (N.D. Iowa 2004).

Submitted by Plaintiff

To prove the claim of assault by Defendant Wessels, plaintiff must prove all of the following propositions:

1.  Defendant Wessels used physical restraint or force against plaintiff (the parties agree that defendant used physical restraint or force against plaintiff).

2.  The act was done with the intent to put plaintiff in fear of physical pain or injury or in fear physical contact which would be insulting or offensive.

3.  Defendant Wessels's act was a cause of plaintiff's damage.

4.  The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If the plaintiff has proved all of these propositions, then you will consider the defense of probable cause as explained in Instruction No. 26(B).

*Iowa Civil Jury Instructions* Instruction 1900.1

Submitted by Defendant

INSTRUCTION NO. 22 (Version A)

To prove the claim of assault by Defendant Fong, plaintiff must prove all of the following propositions:

1.    Defendant Fong used physical restraint or force against plaintiff (the parties agree that the defendant used physical restraint or force against the plaintiff).

2.    The act was done with the intent to put plaintiff in fear of physical pain or injury or in fear physical contact which would be insulting or offensive.

3.    Defendant Wessels's act was a cause of plaintiff's damage.

4.    The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 1900.1, Assault – Essentials for Recovery; modified pursuant to *Tinius v. Carroll Cty. Sheriff Dep't*, 321 F. Supp. 2d 1064, 1079 (N.D. Iowa 2004).

Submitted by Plaintiff

INSTRUCTION NO. 22 (Version B)

To prove the claim of assault by Defendant Fong, plaintiff must prove all of the following propositions:

1.      Defendant Fong used physical restraint or force against plaintiff (the parties agree that the defendant used physical restraint or force against the plaintiff).

2.      The act was done with the intent to put plaintiff in fear of physical pain or injury or in fear physical contact which would be insulting or offensive.

3.      Defendant Wessels's act was a cause of plaintiff's damage.

4.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, then you will consider the defense of probable cause as explained in Instruction No. 26(B).

*Iowa Civil Jury Instructions* Instruction 1900.1

Submitted by Defendant

INSTRUCTION NO. 23 (Version A)

To prove the claim of battery by Defendant Wessels, plaintiff must prove all of the following propositions:

1.      Defendant Wessels used physical restraint or force against plaintiff (the parties agree that the defendant used physical restraint or force against the plaintiff).

2.      The act was done with the intent to cause physical pain or injury or insulting or offensive bodily contact.

3.      Defendant Wessels's act resulted in physical pain or injury or insulting or offensive bodily contact.

4.      Defendant Wessels's act was a cause of plaintiff's damage.

5.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages. If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 1900.3, Battery – Essentials for Recovery

Submitted by Plaintiff

INSTRUCTION NO. 23 (Version B)

Mr. Burnikel has also filed a common law claim of battery against the Defendant Officer Wessels.  In order to prove the claim of battery, Mr. Burnikel must prove all of the following propositions:

1. Officer Wessels used physical restraint or force upon him. [The parties agree that physical restraint or force was used]

2. The act was done with the intent to cause physical pain or injury.

3. The actions of Officer Wessels resulted in physical pain or injury.

4. The acts of Wessels were a proximate cause of plaintiff's damage.

5. The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages. If Mr. Burnikel has proved all of these propositions, then you will consider the affirmative defense of a police officer making a lawful arrest as explained in Instruction No. 26.

Iowa Model Civil Instruction 1900.3

Submitted by Defendants

INSTRUCTION NO. 24 (Version A)

To prove the claim of battery by Defendant Fong, plaintiff must prove all of the following propositions:

1.      Defendant Fong used physical restraint or force against plaintiff (the parties agree that the defendant used physical restraint or force against the plaintiff).

2.      The act was done with the intent to cause physical pain or injury or insulting or offensive bodily contact.

3.      Defendant Fong's act resulted in physical pain or injury or insulting or offensive bodily contact.

4.      Defendant Fong's act was a cause of plaintiff's damage.

5.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages. If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 1900.3, Battery – Essentials for Recovery

Submitted by Plaintiff

INSTRUCTION NO. 24 (Version B)

Mr. Burnikel has also filed a common law claim of battery against the Defendant Officer Fong.  In order to prove the claim of battery, Mr. Burnikel must prove all of the following propositions:

  1.  Officer Fong used physical restraint or force upon him. [The Parties agree that physical restraint or force was used]

  2.  The act was done with the intent to cause physical pain or injury.

  3.  The actions of Officer Fong resulted in physical pain or injury.

  4.  The acts of Fong were a proximate cause of plaintiff's damage.

  5.  The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages.  If the plaintiff has proved all of these propositions, then you will consider the affirmative defense of a police officer making a lawful arrest as explained in Instruction No. 26.


Iowa Model Civil Instruction 1900.3

Submitted by Defendants

INSTRUCTION NO. 25

Intent means doing something on purpose as opposed to accidentally. Because intent requires a finding of what a person is thinking when doing an act, it is seldom capable of being proven by direct evidence. You may use your common experience when considering all of the facts surrounding the doing of an act to determine what a person's intent was when committing the act. You may find that if a person does an act on purpose, the person also intended the natural results of the act.

*Lutterman v. Romey*, 143 Iowa 233, 121 N.W. 1040 (1909)
Restatement of Torts (Second), Sections 16, 20 and 32

Submitted by Defendants

INSTRUCTION NO. 26 (Version A)

This affirmative defense only applies to Instruction Nos. 23 and 24 (battery) and does not apply to any other Instruction(s). A peace officer, while making a lawful arrest, is justified in the use of any force which the peace officer reasonably believes to be necessary to effect the arrest or to defend any person from bodily harm while making the arrest.

Iowa Code 804.8
*Johnson v. Civil Service Commission of City of Clinton,* 352 N.W.2d 252, 257 (Iowa 1984)
*Lawyer v. City of Council Bluffs, Iowa,* 240 F.Supp.2d 941, 955 (S.D.Iowa 2002)


Submitted by Plaintiff

INSTRUCTION NO. 26 (Version B)
(Affirmative Defense Battery)

A peace officer, while making a lawful arrest, is justified in the use of any force which

the peace officer reasonably believes to be necessary to effect the arrest or to defend any person

from bodily harm while making the arrest.


Iowa Code 804.8
*Johnson v. Civil Service Commission of City of Clinton,* 352 N.W.2d 252, 257 (Iowa 1984)
*Lawyer v. City of Council Bluffs, Iowa,* 240 F.Supp.2d 941, 955 (S.D.Iowa 2002)

Submitted by Defendants

INSTRUCTION NO. 27 (Version A)

Under the Fourth Amendment, your verdict must be for Plaintiff Dustin Burnikel and against Defendant Michael Fong for false arrest if all the following elements have been proved:

*First*, Defendant Fong arrested the plaintiff; and

*Second*, Defendant Fong did not have probable cause to arrest the plaintiff.

Probable cause exists for an arrest exists if, at the moment the arrest was made, a reasonable person in defendant's position would have believed that plaintiff was committing a crime. In making this decision, you should consider what defendant knew and the reasonably trustworthy information defendant had received. Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that defendant's belief was probably right.

If plaintiff has proved this proposition, plaintiff is entitled to damages in some amount.

If any of the above elements has not been proved, then your verdict must be for defendant.


*Seventh Circuit Model Jury Instructions (2018)*, Instructions 7.07 Fourth Amendment: False Arrest – Elements and 7.08 Definition of Probable Cause
*Kurtz v. City of Shrewsbury,* 245 F.3d 753, 758 (8th Cir. 2001)
*Kiser v. City of Huron*, 219 F.3d 814, 816 (8th Cir. 2000)

Submitted by Plaintiff

## INSTRUCTION NO. 27 (Version B)

In this case, Dustin Burnikel also claims that Officer Fong falsely arrested him. To succeed on this claim, Mr. Burnikel must prove each of the following things by a preponderance of the evidence:

1. Officer Fong arrested Mr. Burnikel;

2. Officer Fong did not have probable cause to arrest Mr. Burnikel;

If you find that Mr. Burnikel has proved each of these things by a preponderance of the evidence, then you should find for him on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Burnikel has failed to prove any one of these things by a preponderance of the evidence, then you should find for Officer Fong on this claim, and you will not consider the question of damages.

Seventh Circuit Model Instruction 7.5
*Ehlers v. City of Rapid City*, 846 F.3d 1002, 1009-10 (8th Cir. 2017)

Submitted by Defendants

INSTRUCTION NO. 28 (Version A)

Under the Fourth Amendment, your verdict must be for plaintiff Dustin Burnikel and against defendant Greg Wessels for false arrest if all the following elements have been proved:

*First*, Defendant Wessels arrested plaintiff; and

*Second*, Defendant Wessels did not have probable cause to arrest plaintiff.

Probable cause exists for an arrest exists if, at the moment the arrest was made, a reasonable person in defendant's position would have believed that plaintiff was committing a crime. In making this decision, you should consider what defendant knew and the reasonably trustworthy information defendant had received. Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that defendant's belief was probably right.

If plaintiff has proved this proposition, plaintiff is entitled to damages in some amount.

If any of the above elements has not been proved, then your verdict must be for defendant.

*Seventh Circuit Model Jury Instructions (2018)*, Instructions 7.07 Fourth Amendment: False Arrest – Elements and 7.08 Definition of Probable Cause
*Kurtz v. City of Shrewsbury,* 245 F.3d 753, 758 (8th Cir. 2001)
*Kiser v. City of Huron*, 219 F.3d 814, 816 (8th Cir. 2000)

Submitted by Plaintiff

INSTRUCTION NO. 28 (Version B)

In this case, Dustin Burnikel also claims that Officer Wessels falsely arrested him.

If you found in Instruction No. 27 above that Officer Fong had probable cause for arresting Mr. Burnikel, then as Officer Wessels came to the assistance of Officer Fong, Wessels possessed probable cause to arrest Burnikel as well and you must find for Wessels on this claim. If you found that Fong did not have probable cause to arrest Burnikel then you may consider this instruction as stated below:

To succeed on this claim, Mr. Burnikel must prove each of the following things by a preponderance of the evidence:

1.    Officer Wessels arrested Mr. Burnikel;

2.    Officer Wessels did not have probable cause to arrest Mr. Burnikel;

If you find that Mr. Burnikel has proved each of these things by a preponderance of the evidence, then you should find for him on this claim, and go on to consider the question of damages.

If, on the other hand, you find that Mr. Burnikel has failed to prove any one of these things by a preponderance of the evidence, then you should find for Officer Wessels on this claim, and you will not consider the question of damages.

*United States v. Hensley*, 469 U.S. 221, 232, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985)
*Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir. 2005)
*Ehlers v. City of Rapid City,* 846 F.3d 1001, 1010 (8th Cir. 2017) (assisting officer entitled to rely on probable cause of arresting officer and may receive qualified immunity as long as reliance reasonable)
Seventh Circuit Model Instruction 7.5 (as modified)

Submitted by Defendants

# INSTRUCTION NO. 29

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a reasonable person would have believed that Mr. Burnikel was committing a crime or was committing an offense. This includes even very minor criminal offenses if committed in the officer's presence. In making this decision, you should consider what Officers Fong and Wessels knew and what reasonably trustworthy information Officers Fong and Wessels had received.

It is not necessary that Officers actually had probable cause to arrest Plaintiff for interference with official acts, public intoxication, or resisting arrest so long as Officers Fong and Wessels had probable cause to arrest him for some criminal offense. The elements of "interference with official acts," "public intoxication," and "resisting arrest" are elaborated in Instruction No. 30 below.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the officer's beliefs were probably right. The fact that Mr. Burnikel was later acquitted of interference with official acts, public intoxication, or not tried for resisting arrest does not by itself mean that there was no probable cause at the time of his arrest.

Seventh Circuit Model Jury Instructions 7.6 (as modified)
*Brinegar v. United States*, 338 U.S. 160, 175- 176 (1949)
*Atwater v. City of Lago Vista*, 532 U.S. 318 (2001)
*Ehlers v. City of Rapid City*, 846 F.3d 1002, 1008-9 (8th Cir. 2017)
*Borgman v. Kelly*, 646 F.3d 518, 522-23 (8th Cir. 2011)
*Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008)
*Cook v. City of Bella Villa*, 582 F.3d 840, 859 (8th Cir. 2009)(arresting charges against plaintiff appropriate basis for determining the severity of crime at issue in Fourth Amendment cases)

Submitted by Defendants

INSTRUCTION NO. 30 (Version A)

Interference with Official Acts:

A person commits interference with official acts when the person knowingly resists or

obstructs anyone known by the person to be a police officer in the performance of any act which

is within the scope of the lawful duty or authority of that officer.

Public Intoxication:

A person shall not be intoxicated, or simulate intoxication, in a public place.

Resisting Arrest:

A person may not resist an arrest a reasonably effected arrest, either of themselves, or

others, in which the person knows or has good reason to know is being made by a police officer

even if they believe the arrest is unlawful, or the arrest actually is unlawful.


Iowa Code Chapter 719.1
Iowa Code Chapters 123.46(2) and 123.46(3)
Iowa Code Chapter 804.12
*U.S. v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995) (resistance to arrest provides independent grounds for arrest under Iowa Code §804.12)
*State v. Thomas*, 262 N.W.2d 607, 611 (Iowa 1978) ("a person may not resist arrest reasonably effected by one whom the arrestee knows or has good reason to know is a peace officer, despite legality or illegality of the arrest.")
*State v. Dawdy*, 533 N.W.2d 551, 552 (Iowa 1995) ("Even though an initial arrest is unlawful, a defendant has no right to resist the arrest. If the defendant does so, probable cause exists for a second arrest for resisting")

Submitted by Plaintiff

## INSTRUCTION NO. 30 (Version B)

<u>Interference with Official Acts</u>:

A person commits interference with official acts when the person knowingly resists or

obstructs anyone known by the person to be a police officer in the performance of any act which

is within the scope of the lawful duty or authority of that officer.

<u>Public Intoxication</u>:

A person shall not be intoxicated, or simulate intoxication, in a public place.

<u>Resisting Arrest</u>:

A person shall not resist or obstruct any police officer in the performance of the officer's
duty.


Iowa Code Chapter 719.1
Iowa Code Chapters 123.46(2) and 123.46(3)
Des Moines Municipal Code §70.67
*U.S. v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995) (resistance to arrest provides independent
grounds for arrest under Iowa Code §804.12)
*State v. Thomas*, 262 N.W.2d 607, 611 (Iowa 1978) ("a person may not resist arrest reasonably
effected by one whom the arrestee knows or has good reason to know is a peace officer, despite
legality or illegality of the arrest.")
*State v. Dawdy*, 533 N.W.2d 551, 552 (Iowa 1995) ("Even though an initial arrest is unlawful, a
defendant has no right to resist the arrest. If the defendant does so, probable cause exists for a
second arrest for resisting")

Submitted by Defendants

INSTRUCTION NO. 31 (Version A)

For his Iowa false arrest claim against Defendant Wessels, the plaintiff must prove all of the following propositions:

1.      The plaintiff was detained or restrained against his will.

2.      The detention or restraint was done by Defendant Wessels.

3.      The detention or restraint was a cause of plaintiff's damage.

4.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If the Plaintiff has proved all of these propositions, you will consider the defense as explained in Instructions Nos. 34 and 35 below. If plaintiff has proved all of these propositions and defendant has failed to prove the defense in Instructions No. 34 and 35, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2800.1, False Arrest – Essentials for Recovery

Submitted by Plaintiff

Mr. Burnikel asserts that defendant Officer Greg Wessels "falsely arrested" him under Iowa law.  Under Iowa Law a "false arrest" is the unlawful restraint of an individual's personal liberty or freedom of movement.

Mr. Burnikel must prove all of the following propositions to prevail on this claim:

1.      Mr. Burnikel was detained or restrained against his will.

2.      The detention or restraint was done by the Defendant Wessels.

3.      The detention or restrain was a proximate cause of Mr. Burnikel's damage.

4.      The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages. If the Plaintiff has proved all of these propositions, you will consider the defense of Good Faith and Reasonable Belief as explained in Instructions Nos. 34 and 35 below.

*Kraft v. City of Bettendorf*, 359 N.W.2d 466 (Iowa 1984)
*Children v. Burton*, 331 N.W.2d 673 (Iowa 1983)

Submitted by Defendants

INSTRUCTION NO. 32 (Version A)

For his Iowa false arrest claim against Defendant Fong, the plaintiff must prove all of the following propositions:

1.      The plaintiff was detained or restrained against his will.

2.      The detention or restraint was done by Defendant Fong.

3.      The detention or restraint was a cause of plaintiff's damage.

4.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If the Plaintiff has proved all of these propositions, you will consider the defense as explained in Instructions Nos. 34 and 35 below. If plaintiff has proved all of these propositions and defendant has failed to prove the defense in Instructions No. 34 and 35, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2800.1, False Arrest – Essentials for Recovery

Submitted by Plaintiff

INSTRUCTION NO. 32 (Version B)

Mr. Burnikel asserts that defendant Officer Michael Fong "falsely arrested" him under Iowa law.

Under Iowa Law a "false arrest" is the unlawful restraint of an individual's personal liberty or

freedom of movement.

Mr. Burnikel must prove all of the following propositions to prevail on this claim:

1.      Mr. Burnikel was detained or restrained against his will.

2.      The detention or restraint was done by the Defendant Fong.

3.      The detention or restrain was a proximate cause of Mr. Burnikel's damage.

4.      The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to

damages.  If the Plaintiff has proved all of these propositions, you will consider the defense of

Good Faith and Reasonable Belief as explained in Instructions Nos. 34 and 35 below.

*Kraft v. City of Bettendorf*, 359 N.W.2d 466 (Iowa 1984)
*Children v. Burton*, 331 N.W.2d 673 (Iowa 1983)

Submitted by Defendants

INSTRUCTION NO. 33

"Arrest" is defined under Iowa Law as taking a person into custody.  It includes restraint

or detention of the person or his or her submission into custody.


Model Iowa Civil Jury Instruction No. 2800.2
Iowa Code §804.5

Submitted by Defendants
Agreed to by Plaintiff

## INSTRUCTION NO. 34

Under Iowa law, the defendant officers may have an affirmative defense to a claim of "false arrest." Officer Fong and/or Officer Wessels must prove the following propositions:

1. Defendant Fong and/or Defendant Wessels believed in good faith that Mr. Burnikel had committed a crime.

2. The belief of Fong and/or Wessels was reasonable.

If the Defendants have failed to prove both of these propositions, they have not proved the defense. If the defendants have proven both of these propositions, Mr. Burnikel cannot recover and your verdict will be for the defendants.

Iowa Model Civil Jury Instruction 2800.3
*Kraft v. City of Bettendorf*, 359 N.W.2d 466 (Iowa 1984)

Submitted by Defendants
Agreed to by Plaintiff

INSTRUCTION NO. 35

"Reasonable Belief" under Iowa law states that a person's belief if reasonable if it is based on reasonably trustworthy information about the facts and circumstances which would allow a reasonable careful person to believe a crime had been committed.

Whether an arrest is based on a reasonable belief is determined by the circumstances existing and known to the defendant when the arrest was made, and not later investigation of the facts or the outcome of later criminal charges.

Iowa Model Civil Jury Instruction 2800.4
*Sundholm v. City of Bettendorf*, 389 N.W.2d 849 (Iowa 1986)
*Children v. Burton*, 331 N.W.2d 673 (Iowa 1983)

Submitted by Defendants
Agreed to by Plaintiff

INSTRUCTION NO. 36 (Version A)

You have heard evidence about whether either Defendant Fong or Defendant Wessels' conduct violated an administrative rule or locally imposed procedure or regulation. You may consider this evidence in your deliberations as to the claims of "excessive force" or "false arrest" under Instruction Nos. 19, 20, 27, and 28. But remember that the issue in Instruction Nos. 19, 20, 27, and 28 is whether Defendant used excessive force or falsely arrested Plaintiff, in violation of the Fourth Amendment of the United States Constitution, not whether a rule, procedure, or regulation might have been violated.

Seventh Cir. Model Civil Jury Instruction 7.04

Submitted by Plaintiff

INSTRUCTION NO. 36 (Version B)

You have heard evidence about whether either Defendant Fong or Defendant Wessels' conduct violated an administrative rule or locally imposed procedure or regulation. You may consider this evidence in your deliberations as to the claims of "excessive force" or "false arrest" under Instruction Nos. 19, 20, 27, and 28. But remember that the issue is whether Defendant used *excessive force* or *falsely arrested Plaintiff,* in violation of the Fourth Amendment of the United States Constitution, not whether a rule, procedure, or regulation might have been violated.

Seventh Cir. Model Civil Jury Instruction 7.04
*Whren v. United States*, 517 U.S. 806, 811–16, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)
*Franks v. Delaware*, 438 U.S. 154 (1978)
*Michigan v. Summers*, 452 U.S. 692 (1981)
*Bonds v. Dautovic*, 725 F.Supp.2d 841, 846 (S.D. Iowa 2010)

Submitted by Defendants

For a claim against Defendant Wessels for malicious prosecution, plaintiff must prove all of the following propositions:

1.     Defendant Wessels caused plaintiff's prosecution in a criminal proceeding in State/Des Moines v. Burnikel, Case No. SMAC336408 in Polk County, Iowa on the charge of Interference with Official Acts.

2.     The prosecution ended favorably for plaintiff.

3.     Defendant Wessels acted without probable cause to charge the plaintiff with the crime of Interference with Official Acts.

4.     Defendant Wessels acted with malice.

5.     The prosecution was a cause of plaintiff's damage.

6.     The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2200.1, Malicious Prosecution – Essentials for Recovery – Prior Criminal Prosecution

Submitted by Plaintiff

INSTRUCTION NO. 37 (Version A-2)

For a claim against Defendant Wessels for malicious prosecution, plaintiff must prove all of the following propositions:

1.      Defendant Wessels caused plaintiff's prosecution in a criminal proceeding in State/Des Moines v. Burnikel, Case No. SMAC336408 in Polk County, Iowa on the charge of Public Intoxication.

2.      The prosecution ended favorably for plaintiff.

3.      Defendant Wessels acted without probable cause to charge the plaintiff with the crime of Public Intoxication.

4.      Defendant Wessels acted with malice.

5.      The prosecution was a cause of plaintiff's damage.

6.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2200.1, Malicious Prosecution – Essentials for Recovery – Prior Criminal Prosecution

Submitted by Plaintiff

INSTRUCTION NO. 37 (Version A-3)

For a claim against Defendant Wessels for malicious prosecution, plaintiff must prove all of the following propositions:

1.     Defendant Wessels caused plaintiff's prosecution in a criminal proceeding in State/Des Moines v. Burnikel, Case No. SMAC336408 in Polk County, Iowa on the charge of Resisting Arrest.

2.     The prosecution ended favorably for plaintiff.

3.     Defendant Wessels acted without probable cause to charge the plaintiff with the crime of Resisting Arrest.

4.     Defendant Wessels acted with malice.

5.     The prosecution was a cause of plaintiff's damage.

6.     The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2200.1, Malicious Prosecution – Essentials for Recovery – Prior Criminal Prosecution

Submitted by Plaintiff

INSTRUCTION NO. 37 (Version B)

Mr. Burnikel asserts that the defendant Wessels maliciously prosecuted him. "Malicious prosecution" means causing an unsuccessful criminal proceeding with malice and without probable cause.

Burnikel must prove all of the following propositions:

1. Mr. Burnikel was prosecuted in a criminal proceeding when Defendant, Officer Wessels, filed charges against him on February 16, 2013, alleging Public Intoxication and Interference with Official Acts, both misdemeanors.

2. The defendant Wessels caused that prosecution.

3. The prosecution ended favorably for Mr. Burnikel, as defined by Instruction No. 42.

4. Defendant Wessels acted without probable cause.

5. Defendant Wessels acted with malice, as defined by Instruction No. 41.

6. The prosecution was a proximate cause of Mr. Burnikel's damage.

7. The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages. If Mr. Burnikel has proved all of these propositions, then you will consider the defense of Probable Cause as explained in Instruction No. 40.

Iowa Model Civil Instruction 2200.1
*Mills County State Bank v. Roure*, 291 N.W.2d 1 (Iowa 1980)
*Paige v. City of Chariton*, 252 N.W.2d 433 (Iowa 1977)

Submitted by Defendants

INSTRUCTION NO. 38 (Version A-1)

For a claim against Defendant Fong for malicious prosecution, plaintiff must prove all of the following propositions:

1.    Defendant Fong caused plaintiff's prosecution in a criminal proceeding in State/Des Moines v. Burnikel, Case No. SMAC336408 in Polk County, Iowa on the charge of Interference with Official Acts.

2.    The prosecution ended favorably for plaintiff.

3.    Defendant Fong acted without probable cause to charge the plaintiff with the crime of Interference with Official Acts.

4.    Defendant Fong acted with malice.

5.    The prosecution was a cause of plaintiff's damage.

6.    The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2200.1, Malicious Prosecution – Essentials for Recovery – Prior Criminal Prosecution

Submitted by Plaintiff

For a claim against Defendant Fong for malicious prosecution, plaintiff must prove all of the following propositions:

1.      Defendant Fong caused plaintiff's prosecution in a criminal proceeding in State/Des Moines v. Burnikel, Case No. SMAC336408 in Polk County, Iowa on the charge of Public Intoxication.

2.      The prosecution ended favorably for plaintiff.

3.      Defendant Fong acted without probable cause to charge the plaintiff with the crime of Public Intoxication.

4.      Defendant Fong acted with malice.

5.      The prosecution was a cause of plaintiff's damage.

6.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2200.1, Malicious Prosecution – Essentials for Recovery – Prior Criminal Prosecution

Submitted by Plaintiff

INSTRUCTION NO. 38 (Version A-3)

For a claim against Defendant Fong for malicious prosecution, plaintiff must prove all of the following propositions:

1.     Defendant Fong caused plaintiff's prosecution in a criminal proceeding in State/Des Moines v. Burnikel, Case No. SMAC336408 in Polk County, Iowa on the charge of Resisting Arrest.

2.     The prosecution ended favorably for plaintiff.

3.     Defendant Fong acted without probable cause to charge the plaintiff with the crime of Resisting Arrest.

4.     Defendant Fong acted with malice.

5.     The prosecution was a cause of plaintiff's damage.

6.     The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 2200.1, Malicious Prosecution – Essentials for Recovery – Prior Criminal Prosecution

Submitted by Plaintiff

INSTRUCTION NO. 38 (Version B)

Mr. Burnikel asserts that the defendant Fong maliciously prosecuted him. "Malicious prosecution" means causing an unsuccessful criminal proceeding with malice and without probable cause.

Burnikel must prove all of the following propositions:

1. Mr. Burnikel was prosecuted in a criminal proceeding when Defendant, Officer Fong filed charges against him on February 16, 2013 alleging Public Intoxication and Interference with Official Acts, both misdemeanors.

2. The defendant Fong caused that prosecution.

3. The prosecution ended favorably for Mr. Burnikel, as defined by Instruction No. 42.

4. Defendants Fong acted without probable cause.

5. Defendant Fong acted with malice, as defined by Instruction No. 41.

6. The prosecution was a proximate cause of Mr. Burnikel's damage.

7. The amount of damage.

If Mr. Burnikel has failed to prove any of these propositions, he is not entitled to damages. If Mr. Burnikel has proved all of these propositions, then you will consider the defense of Probable Cause as explained in Instruction No. 40.


Iowa Model Civil Instruction 2200.1
*Mills County State Bank v. Roure*, 291 N.W.2d 1 (Iowa 1980)
*Paige v. City of Chariton*, 252 N.W.2d 433 (Iowa 1977)


Submitted by Defendants

INSTRUCTION NO. 39

The conduct of a party is a "cause" of damage when the damage would not have happened except for the conduct.

*Iowa Civil Jury Instructions (2016)*, Instruction 700.3, Cause, Defined.

Submitted by Plaintiff

Probable cause for filing a criminal charge means having a reasonable ground.  Probable cause exists where the defendants knew enough about the facts and circumstances and had reasonable trustworthy information, including what someone else told them at the time, so that a reasonable person would believe that the plaintiff was guilty of the crime charged.  The elements of the charges filed against Mr. Burnikel are elaborated in Instruction No. 30 above.

Probable cause does not require absolute certainty or proof beyond a reasonable doubt.  It is to be determined by the factual and practical considerations of everyday life on which reasonable and careful persons [not legal experts] act.

Model Iowa Civil Instructions 2200.3
*Sisler v. City of Centerville*, 372 N.W.2d 248 (Iowa 1985)
Restatement (Second) of Torts, section 662

Submitted by Defendants

INSTRUCTION NO. 41

An act is done "maliciously" when the main reason for doing the act was ill-will, hatred or other wrongful motive.  The fact that defendants disliked or felt resentment towards the plaintiff would not in itself constitute malice.


Model Iowa Civil Instruction 2200.5
*Moser v. County of Black Hawk*, 300 N.W.2d 150 (Iowa 1981)

Submitted by Defendants
Agreed to by Plaintiff

INSTRUCTION NO. 42 (Version A)

Favorable Termination Of Prior Criminal Proceeding. The finding of the plaintiff not guilty in the prior criminal case constitutes a favorable ending to the prosecution.

Model Iowa Civil Instruction 2200.7
*Carter v. MacMillan Oil Co., Inc*., 355 N.W.2d 52 (Iowa 1984)

Submitted by Plaintiff

INSTRUCTION NO. 42 (Version B)

Favorable Termination Of Prior Criminal Proceeding. The acquittal of Mr. Burnikel by the trial jury in the prior criminal charges constitutes a favorable ending to the prosecution.

Model Iowa Civil Instruction 2200.7
*Carter v. MacMillan Oil Co., Inc*., 355 N.W.2d 52 (Iowa 1984)

Submitted by Defendants

INSTRUCTION NO. 43 (Version A)

You have heard testimony in this trial that the plaintiff, Dustin Burnikel, was found not guilty *at a prior criminal trial*. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial.

See *Gill v. Maciejewski*, 546 F.3d 557, 562 (8th Cir. 2009)

Submitted by Plaintiff

INSTRUCTION NO. 43 (Version B)

You have heard testimony in this trial that the plaintiff, Dustin Burnikel, was found not guilty *at a prior criminal trial*. Keep in mind, however, that you must decide this case solely on the evidence presented to you in this trial. The fact of a previous criminal trial should have no bearing on your decision in this case.

You are instructed that a defendant in a criminal trial is presumed innocent of the crime charged. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government. *The burden is different in this case, the burden is upon the Plaintiff, Mr. Burnikel*, and he must prove his claims against the Defendants, Mr. Fong and Mr. Wessels, by proving they are more likely than not true.

See *Gill v. Maciejewski*, 546 F.3d 557, 562 (8th Cir. 2009)

Submitted by Defendants

INSTRUCTION NO. 44 (Version A)

If you find in favor of plaintiff, you must award him an amount of money that will fairly compensate him for any damages you find he sustained, and is reasonably certain to sustain in the future, as a direct result of the conduct of defendant as submitted in Instruction Nos. 19, 20, 21, 22, 23, 24, 27, 28, 31, 32, 37, or 38. You should consider the following elements of damages:

1.      The physical pain and mental or emotional suffering plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total; and any aggravation of a pre-existing condition;

2.      The reasonable value of the medical care and supplies reasonably needed by and actually provided to plaintiff and reasonably certain to be needed and provided in the future; and

3.      The wages, salary, profits, reasonable value of the working time plaintiff has lost and the reasonable value of the earning capacity plaintiff is reasonably certain to lose in the future because of his diminished ability to work.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 4.70, Damages: Actual – Prisoner Civil Rights

Submitted by Plaintiff

INSTRUCTION NO. 44 (Version B)

If you find in favor of the plaintiff you must award him an amount of money, if any, that will fairly compensate him for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the conduct of the defendants as submitted in Instruction Nos. 19, 20, 21, 22, 23, 24, 27, 28, 31, 32, 37, or 38. You should consider the following elements of damages:

1. The physical pain and emotional suffering the plaintiff has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and any aggravation of a pre-existing condition;

2. The reasonable value of the medical care and supplies reasonably needed by and actually provided to the plaintiff and reasonably certain to be needed and provided in the future; and

3. The wages the plaintiff has lost and the reasonable value of the earning capacity the plaintiff is reasonably certain to lose in the future because of his diminished ability to work.

You must enter separate amounts for each type of damages, if any, caused by the wrongful conduct of Officers Fong and/or Wessels. Do not include the same items in more than one category.

Remember, throughout your deliberations you must not engage in speculation, guess, or conjecture, and you must not award any damages under this Instruction by way of punishment or through sympathy.

Eighth Circuit Model Instruction 4.70

Submitted by Defendants

INSTRUCTION NO. 46

If you find plaintiff had a pre-existing injury before this incident and this condition was aggravated by this incident causing further suffering or disability, then he is entitled to recover damages caused by the aggravation. He is not entitled to recover for any physical ailment or disability existing prior to February 16, 2013.

*Iowa Civil Jury Instructions (2016)*, Instruction 200.32, Aggravation of Pre-Existing Condition
Submitted by Plaintiff

If plaintiff had a condition or conditions that made him more susceptible to injury than a person in normal health, then the defendants are responsible for all injuries and damages which are experienced by plaintiff that are caused by defendants' actions, even though the injuries claimed produce a greater injury than those which might have been experienced by a normal person under the same circumstances.

*Iowa Civil Jury Instructions (2016)*, Instruction 200.34, Previous Infirm Condition.

Submitted by Plaintiff

INSTRUCTION NO. 48

"Physical pain and suffering" may include, but is not limited to, unpleasant feelings, bodily distresses or uneasiness, bodily suffering, sensations or discomfort.

"Mental pain and suffering" may include, but is not limited to, mental anguish, nervousness, worry, anxiety, irritability, disappointment, depression, confusion, disorientation, apprehension, embarrassment, loss of enjoyment of life, a feeling of uselessness, or emotional distress.

*Iowa Civil Jury Instructions (2016)*, Instruction 200.12, Physical and Mental Pain and Suffering – Past; modified pursuant to *Brant v. Bockholt*, 532 N.W.2d 801, 804 (Iowa 1995)

Submitted by Plaintiff

"Nominal damages" are awarded to vindicate a plaintiff's rights, when the violation of those rights has not caused injury that can be valued in monetary terms. If you find for Mr. Burnikel on his "excessive force" [Instruction Nos. 19 and 20] or "false arrest" claim [Instruction Nos. 27 and 28], but you find that he has failed to prove "compensatory damages" as defined in Instruction No. 44, then you must award "nominal damages." In other words, do not award "nominal damages" if you award any "compensatory damages." "Nominal damages" cannot exceed one dollar.

Eighth Circuit Model Instruction 4.71 (as modified)

Submitted by Defendants

VERDICT (Version A)

**Note:**    Complete this form by writing in the names required by your verdict.


On Plaintiff Dustin Burnikel's Excessive Use of Force claim against Defendant Greg Wessels, as submitted in Instruction No. 19, we find in favor of

_____

Plaintiff Dustin Burnikel      or      Defendant Greg Wessels


On Plaintiff Dustin Burnikel's Excessive Use of Force claim against Defendant Michael Fong, as submitted in Instruction No. 20, we find in favor of

_____

Plaintiff Dustin Burnikel      or      Defendant Michael Fong


On Plaintiff Dustin Burnikel's Assault claim against Defendant Greg Wessels, as submitted in Instruction No. 21, we find in favor of

_____

Plaintiff Dustin Burnikel      or      Defendant Greg Wessels


On Plaintiff Dustin Burnikel's Assault claim against Defendant Michael Fong, as submitted in Instruction No. 22, we find in favor of

_____

Plaintiff Dustin Burnikel      or      Defendant Michael Fong


On Plaintiff Dustin Burnikel's Battery claim against Defendant Greg Wessels, as submitted in Instruction No. 23, we find in favor of

_____

Plaintiff Dustin Burnikel      or      Defendant Greg Wessels

On Plaintiff Dustin Burnikel's Battery claim against Defendant Michael Fong, as submitted in Instruction No. 24, we find in favor of

_____

Plaintiff Dustin Burnikel        or        Defendant Michael Fong

On Plaintiff Dustin Burnikel's Malicious Prosecution claim against Defendant Greg Wessels, as submitted in Instruction No. 37, we find in favor of

_____

Plaintiff Dustin Burnikel        or        Defendant Greg Wessels

On Plaintiff Dustin Burnikel's Malicious Prosecution claim against Defendant Michael Fong, as submitted in Instruction No. 38, we find in favor of

_____

Plaintiff Dustin Burnikel        or        Defendant Michael Fong

On Plaintiff Dustin Burnikel's Iowa False Arrest claim against Defendant Greg Wessels, as submitted in Instruction No. 31, we find in favor of

_____

Plaintiff Dustin Burnikel        or        Defendant Greg Wessels

On Plaintiff Dustin Burnikel's Iowa False Arrest claim against Defendant Michael Fong, as submitted in Instruction No. 32, we find in favor of

_____

Plaintiff Dustin Burnikel        or        Defendant Michael Fong

On Plaintiff Dustin Burnikel's Federal False Arrest claim against Defendant Greg Wessels, as submitted in Instruction No. 28, we find in favor of

_____

Plaintiff Dustin Burnikel    or    Defendant Greg Wessels

On Plaintiff Dustin Burnikel's Federal False Arrest claim against Defendant Michael Fong, as submitted in Instruction No. 27, we find in favor of

_____

Plaintiff Dustin Burnikel    or    Defendant Michael Fong

**Note**:    Complete the following paragraphs only if the one of the above findings is in favor of plaintiff. If all of the above findings are in favor of defendants, have your foreperson sign and date this form because you have completed your deliberation on this claim.

We find Plaintiff Dustin Burnikel's damages as defined in Instruction No. _____ to be:

$ _____ (stating the amount or, if none, write the word "none").

_____

Foreperson

Date: _____

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 4.80, General Verdict Form – Prisoner/Pretrial Detainee Civil Rights Cases (modified to include state law claims)

Submitted by Plaintiff

VERDICT (Version B)


**Part One:   "Excessive Force"**

Step No. 1:  On Mr. Burnikel's "excessive force" claim as explained in Instructions No. 2 and/or 3 in whose favor do you find?

_____ Mr. Burnikel                              _____ The Defendant Officers

 *(If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, instead proceed to Part Two of this form)*

Step No. 2:  On Mr. Burnikel's "excessive force" claim, as explained in Instructions No. 2 and/or 3, which one or more of the Defendant Officers do you find used "excessive force"?

____ Officer Michael Fong

____ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his "excessive force" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

| | |
|---|---|
| Past Pain and Suffering: | $_____ |
| Future Physical Pain and Suffering: | $_____ |
| Past Medical Expenses: | $_____ |
| Future Medical Expenses: | $_____ |
| Past Economic Losses: | $_____ |

Future Economic Losses: $_____

Step 4:  *If you found in favor of Mr. Burnikel on his "excessive force" claim in Step 1,* but you found that he has failed to prove "compensatory damages" as defined in Instruction No. 24, then you must award "nominal damages" not exceeding $1.00, as explained in Instruction No. 25.  (*Do not award "nominal damages" if you award any "compensatory damages" on this claim.*)

Nominal Damages: $_____

Step 5:  *If you found in favor of Mr. Burnikel on his "excessive force" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

_____Yes                              _____ No

**Part Two:     "Battery"**

Step No. 1:  On Mr. Burnikel's "battery" claim as explained in Instructions No. 4, 5, in whose favor do you find?

_____ Mr. Burnikel                              _____ The Defendant Officers

(*If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, instead proceed to Part III of this form*)

Step No. 2:  On Mr. Burnikel's "battery" claim, as explained in Instructions No. 4, 5, which one or more of the Defendant Officers do you find committed a "battery" against Mr. Burnikel?

___ Officer Michael Fong

___ Officer Greg Wessels

Step No. 3: *If you found in favor of Mr. Burnikel on his "battery" claim in Step 1,* what

amount, if any, do you award for each of the following items of damages, as compensatory

damages are explained in Instruction No. 24?

|  |  |
|---|---|
| Past Pain and Suffering: | $_____ |
| Future Physical Pain and Suffering: | $_____ |
| Past Medical Expenses: | $_____ |
| Future Medical Expenses: | $_____ |
| Past Economic Losses: | $_____ |
| Future Economic Losses: | $_____ |

Step 4: *If you found in favor of Mr. Burnikel on his "battery" claim in Step 1,* do you believe

that Mr. Burnikel has established that the Defendants actions were such as to award punitive

damages?

____Yes                    _____ No

**Part Three:  Fourth Amendment "False Arrest"**

Step No. 1:  On Mr. Burnikel's "false arrest" claim as explained in Instructions No. 8, 9, in

whose favor do you find?

_____ Mr. Burnikel                    ____ The Defendant Officers

*(If you find in favor of the Defendant Offficers on this claim, then do no answer any further*

*questions in regard to this claim, instead proceed to Part IV of this form)*

Step No. 2:  On Mr. Burnikel's "false arrest" claim, as explained in Instructions No. 8, 9 which one or more of the Defendant Officers do you find used "false arrest"?

   ___ Officer Michael Fong

   ___ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his "false arrest" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

   Past Pain and Suffering:    $_____

   Future Physical Pain and Suffering: $_____

   Past Medical Expenses:    $_____

   Future Medical Expenses:   $_____

   Past Economic Losses:    $_____

   Future Economic Losses:   $_____

Step 4:  *If you found in favor of Mr. Burnikel on his "false arrest" claim in Step 1,* but you found that he has failed to prove "compensatory damages" as defined in Instruction No. 24, then you must award "nominal damages" not exceeding $1.00, as explained in Instruction No. 25.  (*Do not award "nominal damages" if you award any "compensatory damages" on this claim.)*

   Nominal Damages:    $_____

Step 5: *If you found in favor of Mr. Burnikel on his "false arrest" claim in Step 1,* do you

believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

_____Yes                                    _____ No

**Part Four: State Law "False Arrest"**

Step No. 1:  On Mr. Burnikel's "false arrest" claim as explained in Instructions No. 12, 13 in whose favor do you find?

_____ Mr. Burnikel                              _____ The Defendant Officers

(*If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, instead proceed to Part III of this form*)

Step No. 2:  On Mr. Burnikel's "false arrest" claim, as explained in Instructions No. 12 and/or 13, which one or more of the Defendant Officers do you find committed a "battery" against Mr. Burnikel?

_____ Officer Michael Fong

_____ Officer Greg Wessels

Step No. 3:  *If you found in favor of Mr. Burnikel on his State Law "false arrest" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering:            $_____

Future Physical Pain and Suffering:   $_____

Past Medical Expenses:             $_____

Future Medical Expenses: $_____

Past Economic Losses: $_____

Future Economic Losses: $_____

Step 4: *If you found in favor of Mr. Burnikel on his State Law "false arrest" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

____Yes                              _____ No

**Part Five: "Malicious Prosecution"**

Step No. 1: On Mr. Burnikel's "malicious prosecution" claim as explained in Instructions No. 18, 19, in whose favor do you find?

_____ Mr. Burnikel                       ____ The Defendant Officers

*(If you find in favor of the Defendant Offficers on this claim, then do no answer any further questions in regard to this claim, proceed no further)*

Step No. 2: On Mr. Burnikel's "malicious prosecution" claim, as explained in Instructions No. 18, 19, which one or more of the Defendant Officers do you find engaged in "malicious prosecution" against Mr. Burnikel?

___ Officer Michael Fong

___ Officer Greg Wessels

Step No. 3: *If you found in favor of Mr. Burnikel on his "malicious prosecution" claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as

compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering: $_____

Future Physical Pain and Suffering: $_____

Past Medical Expenses: $_____

Future Medical Expenses: $_____

Past Economic Losses: $_____

Future Economic Losses: $_____

Step 4:  *If you found in favor of Mr. Burnikel on his "malicious prosecution" claim in Step 1,* do you believe that Mr. Burnikel has established that the Defendants actions were such as to award punitive damages?

____Yes _____ No

**Special Findings of Fact**:

Question 1: Was it reasonable for Officer Fong to perceive Mr. Burnikel as a threat to himself or others?

___ Yes ____ No

Question 2:  Did Mr. Burnikel actively resist the officers at the time of arrest?

___ Yes ____ No

_____
Foreperson

Dated: _____

Submitted by Defendant

Respectfully submitted,

DUSTIN BURNIKEL, Plaintiff

KHAZAELI WYRSCH LLC

*By:*    *James R. Wyrsch*
James R. Wyrsch
Javad M. Khazaeli
Kiara N. Drake
911 Washington Ave., Suite 211
St. Louis, MO  63101
Telephone:  314-288-0777
Facsimile:  314-400-7701
E-mail: james.wyrsch@kwlawstl.com
         javad.khazaeli@kwlawstl.com
         kiara.drake@kwlawstl.com
(*Admitted Pro Hac Vice*)

SWAIM LAW FIRM, P.L.L.C.

Justin K. Swaim        AT0007788
701 13th Street, Suite 2
West Des Moines, IA 50265
Telephone: 641-777-5120
Facsimile:  515-777-1127
E-mail: justin@swaimlawfirm.com

*ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 1, 2018, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system with the understanding that a true copy of the foregoing would be electronically sent to/served on all counsel of record via the CM/ECF system that same date.

*/s/ James. R Wyrsch*

Original Electronically Filed Via CM/ECF.

Copy Via CM/ECF to:

John O. Haraldson
Assistant City Attorney
City of Des Moines
400 Robert D. Ray Drive
Des Moines, IA  50309-1891

ATTORNEY FOR DEFENDANTS