## UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| DUSTIN BURNIKEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00050 |
| | ) | |
| v. | ) | **JOINT PROPOSED** |
| | ) | **JURY INSTRUCTIONS** |
| MICHAEL FONG, et al. | ) | **(Phase Two)** |
| | ) | |
| Defendants. | ) | |

---

Plaintiff and Defendants submit their Joint Proposed Jury Instructions for the second phase of trial.

The parties disagree on some of the included proposals. Where appropriate, the parties have included two versions of the same instruction. The instruction labeled "Version A" is Plaintiff's proposal, and the instruction labeled "Version B" is Defendants' proposal.

INSTRUCTION NO. _____ (Version A)

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of plaintiff under Instruction Nos. 19, 20, 27, and 28, and if it has been proved that the conduct of that defendant as submitted in Instruction Nos. 19, 20, 27, and 28 was malicious or recklessly indifferent to plaintiff's physical, mental and/or emotional condition, then you may, but are not required to, award plaintiff an additional amount of money as punitive damages for the purposes of punishing defendant for engaging in misconduct and discouraging defendant and others from engaging in similar misconduct in the future. You should presume that a plaintiff has been made whole for his injuries by the damages awarded under Instruction No. 44.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1.     How reprehensible either defendant's conduct was. In this regard, you may consider whether the harm suffered by plaintiff was physical or economic or both; whether there was violence, deceit, intentional malice, reckless disregard for human health or safety; whether defendant's conduct that harmed plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed plaintiff.

2.     How much harm either defendant's wrongful conduct caused plaintiff and could cause plaintiff in the future.

3.     What amount of punitive damages, in addition to the other damages already awarded, is needed, considering defendant's financial condition, to punish defendant for wrongful conduct toward plaintiff and to discourage defendant and others from similar wrongful conduct in the future.

2

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to plaintiff.

You may assess punitive damages against any or all defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against those defendants may be the same or they may be different.

*Eighth Circuit Model Jury Instructions (2018)*, Instruction 4.72, Damages: Punitive –Civil Rights

Submitted by Plaintiff

INSTRUCTION NO. _____ (Version B)

If you find for Mr. Burnikel in regard to any of his claims under Instruction Nos. 19, 20, 27, and 28, you may, but are not required to, award punitive damages.  Punitive damages are awarded to punish a defendant for engaging in the misconduct at issue and to deter a defendant and others from engaging in such misconduct in the future.

To get punitive damages, Mr. Burnikel must prove the following:

**One, punitive damages should be awarded.**

You may award punitive damages even if you award Burnikel only nominal, and not compensatory, damages.  You may award punitive damages on the claim or claims only if Fong and/or Wessels acted

- with malice, which is an evil motive or intent,

OR

- with reckless indifference to Burnikel's federally protected right to be free from the use of excessive force, or false arrest.

In deciding whether to award punitive damages, you should also consider whether Fong and/or Wessels conduct was reprehensible. To decide whether conduct was "reprehensible," you may consider the following:

- whether the harm suffered by Burnikel was physical or economic or both

- whether there was violence, intentional malice, or reckless disregard for human health or safety

**Two, the amount of any punitive damages.**

4

You must use reason in setting the amount of any punitive damages.  You should consider the following:

- how much harm Fong and/or Wessels' conduct caused Burnikel

- what amount of punitive damages would bear a reasonable relationship to the harm caused to Burnikel

- what amount of punitive damages, in addition to other damages already awarded is needed considering Fong and/or Wessel's financial condition, to deter Fong and/or Wessels and others from similar wrongful conduct in the future

On the other hand you must not consider the following:

- bias, prejudice, or sympathy toward any party

- Punishment of Fong and/or Wessels for harm to anyone other than Burnikel

Eighth Circuit Model Instruction 4.50C (2011)

Submitted by Defendants

INSTRUCTION NO. _____ (Version A)

Punitive damages for the plaintiff's claims under Instruction Nos. 21, 22, 23, 24, 31, 32, 37, or 38 may be awarded if the plaintiff has proven by a preponderance of clear, convincing and satisfactory evidence the defendants' conduct constituted a willful and wanton disregard for the rights or safety of another and caused actual damage to the plaintiff.

Punitive damages are not intended to compensate for injury but are allowed to punish and discourage the defendants and others from like conduct in the future. You may award punitive damages under Instruction Nos. 21, 22, 23, 24, 31, 32, 37, or 38 only if the defendants' conduct warrants a penalty in addition to the amount you award to compensate for plaintiff's actual injuries.

There is no exact rule to determine the amount of punitive damages, if any, you should award.  You may consider the following factors:

1.  The nature of defendant Fong's and/or defendant Wessels's conduct that harmed the plaintiff.

2.  The amount of punitive damages which will punish and discourage like conduct by the defendant.  You may consider each defendant's financial condition or ability to pay.  You may not, however, award punitive damages solely because of a defendant's wealth or ability to pay.

3.  The plaintiff's actual damages.  The amount awarded for punitive damages must be reasonably related to the amount of actual damages you award to the plaintiff.

4.  The existence and frequency of prior similar conduct. Although you may consider harm to others in determining the nature of defendant's conduct, you may not award punitive damages to punish the defendant for harm caused to others, or for out-of-state conduct that

6

was lawful where it occurred, or for any conduct by the defendant that is not similar to the

conduct which caused the harm to the plaintiff in this case.

Iowa Model Civil Jury Instruction 210.1
Iowa Code section 668A.1
*Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007)
*State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003)

Submitted by Plaintiff

INSTRUCTION NO. _____ (Version B)

Punitive damages for the Plaintiff's claims under Instruction Nos. 21, 22, 23, 24, 31, 32, 37, or 38 may be awarded if the plaintiff has proven by a preponderance of clear, convincing and satisfactory evidence the defendants' conduct constituted a willful and wanton disregard for the rights or safety of another and caused actual damage to the plaintiff as defined in Instructions 28 and 29.

Punitive damages are not intended to compensate for injury but are allowed to punish and discourage the defendants and others from like conduct in the future. You may award punitive damages under Instruction Nos. 21, 22, 23, 24, 31, 32, 37, or 38 only if the defendants' conduct warrants a penalty in addition to the amount you award to compensate for plaintiff's actual injuries.

There is no exact rule to determine the amount of punitive damages, if any, you should award. You may consider the following factors:

1. The nature of defendant Fong's and/or defendant Wessels's conduct that harmed the plaintiff.

2. The amount of punitive damages which will punish and discourage like conduct by the defendant. You may consider each defendant's financial condition or ability to pay. You may not, however, award punitive damages solely because of a defendant's wealth or ability to pay.

3. The plaintiff's actual damages. The amount awarded for punitive damages must be reasonably related to the amount of actual damages you award to the plaintiff.

4. The existence and frequency of prior similar conduct. Although you may consider harm to others in determining the nature of defendant's conduct, you may not award punitive damages to punish the defendant for harm caused to others, or for out-of-state conduct that

8

was lawful where it occurred, or for any conduct by the defendant that is not similar to the

conduct which caused the harm to the plaintiff in this case.

Iowa Model Civil Jury Instruction 210.1
Iowa Code section 668A.1
*Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007)
*State Farm Mutual Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003)

Submitted by Defendants

INSTRUCTION NO. _____

Clear Convincing and Satisfactory Evidence. Evidence is clear, convincing and

satisfactory if there is no serious or substantial uncertainty about the conclusion to be drawn

from it.

Iowa Model Civil Jury Instruction 100.19
*Raim v. Stancel*, 339 N.W.2d 621, 624 (Iowa Appeals 1983)
*Sinclair v. Allender*, 26 N.W.2d 320, 326 (Iowa 1947)

Submitted by Defendants
Agreed to by Plaintiff

INSTRUCTION NO. _____

Willful and Wanton - Defined. Conduct is willful and wanton when a person intentionally does an act of an unreasonable character in disregard of a known or obvious risk that is so great as to make it highly probable that harm will follow.

Iowa Model Jury Instruction 210.4
*Fell v. Kewanee Farm Equipment Co.*, 457 N.W.2d 911 (Iowa 1990)
*Kosmacek v. Farm Service Coop of Persia*, 485 N.W.2d 99 (Iowa App. 1992)

Submitted by Defendants
Agreed to by Plaintiff

INSTRUCTION NO. _____ (Version A)

For a claim against City of Des Moines for negligent retention and/or supervision under Iowa law, plaintiff must prove all of the following propositions:

1.      Defendant City of Des Moines was negligent in one or more of the following ways:

    a.      in failing to exercise ordinary care in the retention and/or supervision of Defendant Fong and/or Defendant Wessels because his or their employment posed a threat of injury to members of the public;

    b.      in failing to exercise ordinary care to develop and/or implement employment policies and procedures regarding retention and/or supervision so that police officers would not engage in the type of conduct that Defendant Fong and Defendant Wessels engaged;

    c.      in failing to exercise ordinary care to properly evaluate the conduct of their police officers so that police officers engaging in the type of conduct in which Defendant Fong and Defendant Wessels engaged would be identified and appropriate remedial measures implemented to avoid the type of conduct engaged in by Defendant Fong and Defendant Wessels; and

2.      The negligence was a cause of damage to plaintiff; and

3.      The amount of damage.

If plaintiff has failed to prove any of these propositions, plaintiff is not entitled to damages.

If plaintiff has proved all of these propositions, plaintiff is entitled to damages in some amount.

*Iowa Civil Jury Instructions (2016)*, Instruction 700.1, Negligence

Submitted by Plaintiff

INSTRUCTION NO. _____ (Version B)

Mr. Burnikel asserts that the City of Des Moines was negligent in the supervision and retention of Officer Fong and Officer Wessels leading the incident upon which Mr. Burnikel has brought suit.  The Defendant City denies this claim.   In order to prevail on this claim Mr. Burnikel must prove by a preponderance of the evidence all of the following:

1.      The City of Des Moines knew, or in the exercise of ordinary care should have known, of the unfitness of Officer Fong and/or Officer Wessels at the time of this incident.

2.      Through the negligent supervision and retention of Officer Fong and/or Officer Wessels, the incompetence, unfitness, or dangerous characteristics of Fong and/or Wessels proximately caused Mr. Burnikel's injuries.

*Godar v. Edwards*, 588 N.W.2d 701 (Iowa 1999)

Submitted by Defendants

INSTRUCTION NO. _____

"Negligence" means failure to use ordinary care.   Ordinary care is the care which a reasonably careful person would use under similar circumstances. "Negligence" is doing something a reasonably careful person would not do under similar circumstances, or failing to do something a reasonably careful person would do under similar circumstances.


*Iowa Civil Jury Instructions (2016)*, Instruction 700.2, Ordinary Care, Defined.

Submitted by Plaintiff

INSTRUCTION NO. _____ (Version A)

If you find that plaintiff has proved a federal, constitutional violation by a preponderance of the evidence, you must consider whether the City of Des Moines is liable to plaintiff. The City of Des Moines is not responsible or liability on Instruction Nos. 19, 20, 27, or 28 simply because it employed Defendants Fong and Wessels. To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendants Fong and Wessels violated the law by doing any of the following: detaining, arresting, or charging plaintiff.

2. At the time of the incident at question, the City of Des Moines:

a. Did not have an effective policy for identifying police officers who have engaged in repeated misconduct and/or

b. Ratified and approved of police officers and their misconduct through its policy of issuing positive annual Performance Evaluation Reports and/or

c. Had no policy or procedure in place which requires additional training or supervision for officers with sustained findings of excessive force.

The term policy means a custom as described in paragraph 2, above, that is persistent and widespread, so that it is the City of Des Moines's standard operating procedure. A persistent and widespread pattern may be a custom even if City of Des Moines has not formally approved it, so long as plaintiff proves that a policy-making official knew of the pattern and allowed it to continue.

3. The City of Des Moines's ratification of their officers' misconduct or lack of policies, as described in paragraph 2, caused the Plaintiff's injuries.

*Seventh Circuit Model Jury Instructions (2018)*, Instruction 7.24, Liability of Municipality

Submitted by Plaintiff

15

INSTRUCTION NO. _____ (Version B-1)

If you have found that Mr. Burnikel was deprived of his Fourth Amendment rights in regard to his arrest or use of excessive force by Defendants Wessels and Fong, the City of Des Moines is liable for that deprivation if Mr. Burnikel proves by a preponderance of the evidence that the deprivation resulted from the City of Des Moines' official policy or custom – in other words, that the City of Des Moines official policy or custom caused the deprivation.

It is not enough for Mr. Burnikel to show that the City of Des Moines employed a person who violated Mr. Burnikel's rights.  Mr. Burnikel must show that the violation resulted from the City of Des Moines official policy or custom.  "Official policy or custom" includes a custom that is a widespread, well-settled practice that constitutes a standard operating procedure of the City of Des Moines; or inadequate supervision.

However, inadequate supervision does not count as "official policy or custom" unless the City of Des Moines is deliberately indifferent to the fact that a violation of Mr. Burnikel's Fourth Amendment rights was a highly predictable consequence of the inadequate supervision.  I will explain this further in a moment.

I will now proceed to give you more details on each the ways in which Mr. Burnikel may try to establish that an official policy or custom of the City of Des Moines caused the deprivation.

Third Circuit Model Jury Instruction 4.6.3
*Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)

Submitted by Defendants

INSTRUCTION NO. ___ (Version B-2)

Dustin Burnikel may prove the existence of an official custom by showing the existence of a practice that is so widespread and well-settled that it constitutes a standard operating procedure of the City of Des Moines.

A single action by a police officer does not suffice to show an official custom. But a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved

If you find that such an official custom was the cause of and the moving force behind the violation of Mr. Burnikel's Fourth Amendment rights, then you have found that the City of Des Moines caused that violation.

Third Circuit Model Jury Instruction 4.6.6
*Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997)
*Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018)
*Corwin v. City of Indep. Mo.*, 829 F.3d 695, 700 (8th Cir. 2016)
*Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014)

Submitted by Defendants

INSTRUCTION NO. _____ (Version B-3)

Dustin Burnikel claims that the City of Des Moines adopted a policy of inadequate supervision, and that this policy caused the violation of Mr. Burnikel's Fourth Amendment rights by Officers Fong and Wessels.

In order to hold the City of Des Moines liable for the violation of Mr. Burnikel's Fourth Amendment rights, you must find that Mr. Burnikel has proved each of the following three things by a preponderance of the evidence:

*First*: The City of Des Moines failed to adequately supervise its employees.

*Second*:  The City of Des Moines' failure to adequately supervise amounted to deliberate indifference to the fact that inaction would obviously result in the violation of Mr. Burnikel's Fourth Amendment rights.

*Third*: The City of Des Moines' failure to adequately supervise proximately caused the violation of Mr. Burnikel's Fourth Amendment rights.

In order to find that the City of Des Moines failure to adequately supervise amounted to deliberate indifference, you must find that Mr. Burnikel has proved each of the following three things by a preponderance of the evidence:

*First*:  The City of Des Moines knew that employees would confront a particular situation.

*Second*: The situation involved the use of excessive force and/or an arrest without probable cause.

*Third*: The wrong choice by an employee in that situation will frequently cause a deprivation of Fourth Amendment rights.

In order to find that the City of Des Moines failure to adequately supervise proximately caused the violation of Mr. Burnikel's federal right, you must find that Mr. Burnikel has proved

by a preponderance of the evidence that The City of Des Moines deliberate indifference led directly

to the deprivation of Mr. Burnikel's Fourth Amendment rights.


Third Circuit Model Jury Instruction 4.6.7
*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)

Submitted by Defendants

INSTRUCTION NO. _____ (Version A)

Deliberate indifference is established only if there is actual knowledge of a substantial risk that the plaintiff would incur an injury or other serious harm and if the defendant disregarded that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem. Negligence or inadvertence does not constitute deliberate indifference.

Eighth Circuit Model Civil Jury Instruction 4.23 (as modified)
*Wilson v. Seiter*, 501 U.S. 294 (1991)
*Connick v. Thompson,* 563 U.S. 51, 61, 131 S.Ct. 1350 (2011)

Submitted by Plaintiff

INSTRUCTION NO. _____ (Version B)

Deliberate indifference is established only if there is actual knowledge of a substantial risk that the plaintiff would incur an injury due to the depravation of his Constitutional Rights and if the defendant disregarded that risk by intentionally refusing or intentionally failing to take reasonable measures to deal with the problem.  Negligence or inadvertence does not constitute deliberate indifference.

Eighth Circuit Model Civil Jury Instruction 4.23 (as modified)
*Wilson v. Seiter*, 501 U.S. 294 (1991)
*Connick v. Thompson,* 563 U.S. 51, 61, 131 S.Ct. 1350 (2011)

Submitted by Defendants

VERDICT (Version A)

**Note:**            Complete this form by writing in the names required by your verdict.


On Plaintiff Dustin Burnikel's Assault claim against Defendant City of Des Moines, as submitted in Instruction No. _____, we find in favor of

_____
Plaintiff Dustin Burnikel        or        Defendant City of Des Moines


On Plaintiff Dustin Burnikel's Battery claim against Defendant City of Des Moines, as submitted in Instruction No. _____, we find in favor of

_____
Plaintiff Dustin Burnikel        or        Defendant City of Des Moines


On Plaintiff Dustin Burnikel's Malicious Prosecution claim against Defendant City of Des Moines, as submitted in Instruction No. _____, we find in favor of

_____
Plaintiff Dustin Burnikel        or        Defendant City of Des Moines


On Plaintiff Dustin Burnikel's Iowa False Arrest claim against Defendant City of Des Moines, as submitted in Instruction No. _____, we find in favor of

_____
Plaintiff Dustin Burnikel        or        Defendant City of Des Moines


On Plaintiff Dustin Burnikel's Negligent Retention claim against Defendant City of Des Moines, as submitted in Instruction No. _____, we find in favor of

_____

Plaintiff Dustin Burnikel          or          Defendant City of Des Moines


On Plaintiff Dustin Burnikel's Negligent Supervision claim against Defendant City of Des Moines, as submitted in Instruction No. _____, we find in favor of


_____

Plaintiff Dustin Burnikel          or          Defendant City of Des Moines


On Plaintiff Dustin Burnikel's Custom Liability claim against Defendant City of Des Moines, as submitted in Instruction No. _____, we find in favor of


_____

Plaintiff Dustin Burnikel          or          Defendant City of Des Moines


**Note**:          Complete the following paragraphs only if the one of the above findings is in favor of the plaintiff. If all of the above findings are in favor of the defendants, have your foreperson sign and date this form because you have completed your deliberation on this claim.


We find Plaintiff Dustin Burnikel's damages as defined in Instruction Nos. _____ to be:

$ _____ (stating the amount or, if none, write the word

"none").


_____

Foreperson

Date: _____


*Eighth Circuit Model Jury Instructions (2018)*, Instruction 4.80, General Verdict Form –
Prisoner/Pretrial Detainee Civil Rights Cases (modified to include state law claims)

Submitted by Plaintiff

VERDICT (Version B)

**Part One:   "Municipal Policy, Custom or Practice"**

<u>Step No. 1</u>:  Did Mr. Burnikel establish that the City of Des Moines had a policy custom or practice that led to a violation of Mr. Burnikel's Fourth Amendment rights?

_____ Yes                          _____ No

(*If you answered "No" above, then do no answer any further questions in regard to this claim, instead proceed to Part II of this form*)

<u>Step No. 2</u>:  *If you answered "Yes" on this claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering:                    $_____

Future Physical Pain and Suffering:         $_____

Past Medical Expenses:                      $_____

Future Medical Expenses:                    $_____

Past Economic Losses:                       $_____

Future Economic Losses:                     $_____

<u>Step 3</u>:  *If you found in favor of Mr. Burnikel on this claim in Step 1,* but you found that he has failed to prove "compensatory damages" as defined in Instruction No. 24, then you must award "nominal damages" not exceeding $1.00, as explained in Instruction No. 25.  (*Do not award "nominal damages" if you award any "compensatory damages" on this claim.*)

Nominal Damages:                                $_____

**Part Two:   "Negligent Supervision or Retention"**

Step No. 1:  Did Mr. Burnikel establish that the City of Des Moines was negligent in supervising or retaining Officer Wessels and/or Officer Fong?

_____ Yes                          _____ No

(*If you answered "No" above, then do no answer any further questions in regard to this claim, proceed no further*)

Step No. 2:  *If you answered "Yes" on this claim in Step 1,* what amount, if any, do you award for each of the following items of damages, as compensatory damages are explained in Instruction No. 24?

Past Pain and Suffering:                        $_____

Future Physical Pain and Suffering:             $_____

Past Medical Expenses:                          $_____

Future Medical Expenses:                        $_____

Past Economic Losses:                           $_____

Future Economic Losses:                         $_____

**Part Three: Punitive Damages**

Step One: *If you found in favor of Mr. Burnikel on his claims* under Instructions 2, 3 and/or Instructions 8, 9 and determined conduct that established a right to punitive damages*,* what amount, if any, do you award for "punitive damages", as such damages are explained in

Instruction No. 26, against each Defendant Officer found liable for any of the claims in your

verdict.

$_____ for punitive damages against Officer Michael Fong

$_____ for punitive damages against Officer Greg Wessels

Step Two:   If you found for Mr. Burnikel in regard to his claims under Instructions 4, 5, 12, 13,

18, or 19, please answer the following questions:

Question No. 1:  Do you find by a preponderance of clear, convincing and satisfactory evidence
the conduct of the defendant Michael Fong constituted willful and wanton disregard for the
rights or safety of another?

___ Yes                                        ___ No

[*If your answer to Question No. 1 is "No" do not answer Question Nos. 2 and 3*]

Question No. 2:  What amount of punitive damages, if any, do you award?

ANSWER:   $_____

[*If your answer to Question No. 2 is "None" do not answer Question No. 3*]

Question No. 3:  Was the conduct of the defendant directed specifically at Dustin Burnikel?

___ Yes                                        ____No

Question No. 4:  Do you find by a preponderance of clear, convincing and satisfactory evidence
the conduct of the defendant Gregg Wessels constituted willful and wanton disregard for the
rights or safety of another?
___ Yes                                        ___ No

[*If your answer to Question No. 4 is "No" do not answer Question Nos. 5 and 6*]

Question No. 5:  What amount of punitive damages, if any, do you award?

ANSWER:   $_____

[*If your answer to Question No. 5 is "None" do not answer Question No. 6*]

<u>Question No. 6</u>:  Was the conduct of the defendant directed specifically at Dustin Burnikel?

____ Yes                                             ____No


                                                   _____
                                                   Foreperson


Dated:  _____

Respectfully submitted,


DUSTIN BURNIKEL, Plaintiff



KHAZAELI WYRSCH LLC

*By:*    *James R. Wyrsch*
James R. Wyrsch
Javad M. Khazaeli
Kiara N. Drake
911 Washington Ave., Suite 211
St. Louis, MO  63101
Telephone:  314-288-0777
Facsimile:  314-400-7701
E-mail: james.wyrsch@kwlawstl.com
         javad.khazaeli@kwlawstl.com
         kiara.drake@kwlawstl.com
(*Admitted Pro Hac Vice*)

SWAIM LAW FIRM, P.L.L.C.

Justin K. Swaim        AT0007788
701 13th Street, Suite 2
West Des Moines, IA 50265
Telephone: 641-777-5120
Facsimile:  515-777-1127
E-mail: justin@swaimlawfirm.com

*ATTORNEYS FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 1, 2018, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system with the understanding that a true copy of the foregoing would be electronically sent to/served on all counsel of record via the CM/ECF system that same date.


*/s/ James. R Wyrsch*


Original Electronically Filed Via CM/ECF.

Copy Via CM/ECF to:

John O. Haraldson
Assistant City Attorney
City of Des Moines
400 Robert D. Ray Drive
Des Moines, IA  50309-1891

ATTORNEY FOR DEFENDANTS