IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BURNIKEL,<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL FONG, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; GREG WESSELS, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; and CITY OF DES MOINES, IOWA,<br><br>          Defendants. | 4:15-cv-00050-RGE-HCA<br><br><br><br>**FINAL PRETRIAL ORDER** |

A final pretrial conference was held in this matter pursuant to Fed. R. Civ. P. 16 on October 29, 2018.

The following counsel, who will try the case, appeared at the conference:

1.   For Plaintiff Dustin Burnikel:

   James R. Wyrsch
   Javad M. Khazaeli
   KHAZAELI WYRSCH LLC
   911 Washington Ave., Suite 211
   St. Louis, MO  63101
   Telephone:  314-288-0777
   (*Admitted Pro Hac Vice*)

   Justin K. Swaim          AT0007788
   SWAIM LAW FIRM, P.L.L.C.
   701 13th Street, Suite 2
   West Des Moines, IA 50265
   Telephone: 641-777-5120

2.   For Defendants Michael Fong, Greg Wessels, and the City of Des Moines:

   John O. Haraldson AT0003231
   Assistant City Attorney
   City of Des Moines
   400 Robert D. Ray Drive
   Des Moines, IA  50309-1891
   (515) 283-4072
   joharaldson@dmgov.org

Accordingly,

**IT IS ORDERED**

**I.**   **UNDISPUTED FACTS**

The parties agree that the following facts are true and undisputed:

**A.**   In the early morning of February 16, 2013, Fong and Wessels arrested Burnikel.

**B.**   At all times referred to herein, the individual Defendants were acting within the scope of their employment or duties as law enforcement officers for the City of Des Moines Police Department.

**C.**   Defendant City of Des Moines is responsible for maintaining and operating the Des Moines Police Department.

**D.**   During the arrest of Burnikel, Fong and Wessels used physical force against Burnikel.

**E.**   Fong and Wessels arrested Burnikel.

**F.**   Fong and Wessels charged Burnikel with Public Intoxication, Interfering with Official Acts and Resisting Arrest in violation of Iowa law.

**G.**   The City of Des Moines prosecuted Burnikel in a criminal proceeding in Polk County, Iowa.

**H.**   A jury acquitted Burnikel of all charges.

## II.   EXHIBITS

A.   The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof, or objection. Specifically, the parties agree that both Burnikel's and Defendants' exhibits listed under this portion (Paragraph II(A)) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

1.   **Burnikel's Exhibits:**

   1.   Photos taken by the Des Moines Police at the incident on February 16, 2013
   2.   Photos taken by the Des Moines Police at the incident on February 16, 2013
   3.   Photos taken by the Des Moines Police at the incident on February 16, 2013
   4.   Photos taken by the Des Moines Police at the incident on February 16, 2013
   8.   Picture of Dustin Burnikel's injuries taken on February 16, 2013 DSCCN0491
   9.   Picture of Dustin Burnikel's injuries taken on February 16, 2013 DSCCN0496
   10.  Picture of Dustin Burnikel's injuries taken on February 16, 2013 DSCCN0497
   11.  Picture of Dustin Burnikel's injuries taken on February 16, 2013 DSCCN0505
   12.  Picture of Dustin Burnikel's injuries taken on February 16, 2013 DSCCN0506
   13.  Picture of Dustin Burnikel's injuries taken on February 27, 2013 DSCCN0512
   14.  Picture of Dustin Burnikel's injuries taken on February 27, 2013 DSCCN0513
   15.  Picture of Dustin Burnikel's injuries taken on February 27, 2013 DSCCN0520
   17.  Video of incident Video02.mov
   18.  Video of incident Video11.3g2
   20.  **WITHDRAWN** Dispatch Recording February 16, 2013 at 02.26.45 (0QDORLDW04116225).WAV
   21.  **WITHDRAWN** Dispatch Recording February 16, 2013 at 02.27.00 (0QDOS!D104116225).WAV
   22.  **WITHDRAWN** Dispatch Recording February 16, 2013 at 02.27.09 (0QDOS2P104116225).WAV
   23.  **WITHDRAWN** Dispatch Recording February 16, 2013 at 02.27.22 (0QDOSE7W04116225).WAV
   24.  **WITHDRAWN** Dispatch Recording February 16, 2013 at 02.30.41 (0QDOWX_104116225).WAV
   25.  **WITHDRAWN** Dispatch Recording February 16, 2013 at 02.34.13 (0QDP$_!104116225).WAV
   26.  **WITHDRAWN** Dispatch Recording February 16, 2013 at 02.41.00 (0QDP5!NG04116225).WAV

2.   **Defendants' Exhibits:**

   A.   CIR Report Michael Fong February 16, 2013
   B.   Supplemental Report Greg Wessels February 16, 2013

    D.      Supplemental Report Meghan Wilcutt February 16, 2013
    F.      Preliminary Complaint Burnikel, Interference/Public Intox. February 16, 2013
    G.     Complaint: Probable Cause – Dustin Burnikel – Resistance February 16, 2013
    H.     Preliminary Complaint: Hunemiller February 16, 2013 – Interference
    I.      Preliminary Complaint: Hunemiller February 16, 2013 – Public Intox.
    J.      Booking Information: Burnikel February 16, 2013
    N.     Burnikel Regional Health Services of Howard County (Clinic) Records
    O.     Burnikel Joslyn Chiropractic Clinic Records
    II.     2009 In Service Training Schedules
    JJ.     2010 In Service Training Schedules
    KK.   2011 In Service Training Schedules
    LL.    2012 In Service Training Schedules
    MM.  2013 In Service Training Schedules
    NN.   2014 In Service Training Schedules
    OO.   2015 In Service Training Schedules
    PP.    2016 In Service Training Schedules

**B.** The parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

**1.** **Burnikel's Exhibits:**

    16.    Affidavit of Mark Wessels (Doc. 68-2). [Relevance to Phase One, FRE 401, IRE 5.401]
    27.    2013 4-Day Suspension of Wessels (Hitting Handcuffed Suspect) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
    28.    2013 2-Day Suspension of Wessels (Improperly Shooting at a Moving Vehicle) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
    29.    2013 Written Reprimand of Wessels (Failure to Investigate an Alleged Assault) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
    30.    2008/2009 3-Day Suspension of Wessels (Insubordination) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
    31.    2008 Oral Reprimand of Wessels (Taking Handcuffed Suspect to Ground) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
    32.    2008 1-Day Suspension of Wessels (Punching Handcuffed Suspect) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
    33.    2005 Written Reprimand of Wessels (Directing Profanity Toward a Citizen) [Relevance, Prejudice, Not Sufficiently Probative]

34. 2005 2-Day Suspension of Wessels (Accessing Pornography) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
35. 2002 2-Day Suspension of Wessels (Insubordination) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
36. 2013 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
37. 2011 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
38. 2010 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
39. 2009 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
40. 2008 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
41. 2007 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
42. 2005 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
43. 2004 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
44. 2001 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
45. 2000 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
46. 1999 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
47. 1998 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
48. 1997 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
49. 1996 Annual Review for Wessels [Phase One, Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
50. 2008 5-Day Suspension of Fong (Punching Handcuffed Subject) [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
51. 2008/2009 Annual Review for Fong [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
52. 2007 Annual Review for Fong [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
53. Wessels's Officer Combined Administrative Record [Phase One: Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
54. Fong's Officer Combined Administrative Record [Phase One: Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
55. AIR Wessels 1–60 from Defendants' Supplemental Responses to Interrogatory No. 7 sent on May 13, 2016 [Phase One: Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404][1]

---

[1] **Exhibit 55:** Burnikel is withdrawing pp. 9–19 and 26–60.

5

56. AIR Wessels 61–68 from Defendants' Supplemental Responses to Interrogatory No. 7 sent on May 13, 2016 [Phase One: Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404][2]
57. AIR Fong 1–219 from Defendants' Supplemental Responses to Interrogatory No. 7 sent on May 13, 2016 [Phase One: Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404]
58. **WITHDRAWN** Video of Greg Wessels interaction with teenage girl [Relevance, Prejudice, Not Sufficiently Probative, FRE 401, 403, 404, IRE 5.401, 5.403, 5.404][3]
60. Photo of Truck [Relevance, Not Sufficiently Probative, FRE 401, 403, IRE 5.401, 5.403]
61. Photo of Truck [Relevance, Not Sufficiently Probative, FRE 401, 403, IRE 5.401, 5.403]

## 2. Defendants' Exhibits:

C. Supplemental Report Larry Davey February 16, 2013 [Relevance to Phase One, FRE 401, IRE 5.401; if this were introduced in Phase I, Burnikel should be entitled to question the witnesses regarding the validity and methodology of department's use of force investigation, including whether reviewing officers are aware of the officers' history of use of force, which would defeat the purpose of bifurcation.]
E. Photos from the Arrest Scene February 16, 2013 [Objection only as to E-2 and E-3, FRE 403, IRE 5.403, the document is misleading because it does not depict Wessels as he appeared to Burnikel wearing a large winter coat. *See* Burnikel's Exhibit 18.]
K. Booking Information: Hunemiller February 16, 2013 [Objection only as to the reference to outstanding warrant, relevance, hearsay, prejudicial, FRE 401, 403, 404, 801, IRE.5.401, 5.403, 5.404, 5.801]
L. Outstanding Warrant Information: Hunemiller February 16, 2013 [Relevance, hearsay, prejudicial, FRE 401, 403, 404, 801, IRE.5.401, 5.403, 5.404, 5.801]
M. Burnikel Oak Creek Dental Records [Relevance, hearsay, FRE 401, 801, IRE 5.401, 5.801]
P. Burnikel Regional Health Services of Howard County Records [Relevance, hearsay, prejudicial, FRE 401, 403, 404, 801, IRE.5.401, 5.403, 5.404, 5.801]
T. Arrest Incident Report of Michael Fong and Chain of Review: February 16, 2013 [Partial objection; narrative from Fong acceptable but objection as to supervisors' discussion, objection as to Relevance to Phase One, FRE 401, IRE 5.401; if this were introduced in Phase I, Burnikel should be entitled to question the witnesses regarding the validity and methodology of department's use of force investigation, including whether reviewing officers are aware of the officers' history of use of force, which would defeat the purpose of bifurcation.]
U. Arrest Incident Report of Greg Wessels and Chain of Review: February 16, 2013 [Partial objection; narrative from Wessels acceptable but objection as to supervisors' discussion, objection as to Relevance to Phase One, FRE 401,

---

[2] **Exhibit 56:** Burnikel is withdrawing pp. 7–8.
[3] **Exhibit 57:** Burnikel is withdrawing pp. 1–49 and 57–219.

|      |                                                                                                                                                                                                                                                                                 |
| ---- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|      | IRE 5.401; if this were introduced in Phase I, Burnikel should be entitled to question the witnesses regarding the validity and methodology of department's use of force investigation, including whether reviewing officers are aware of the officers' history of use of force, which would defeat the purpose of bifurcation.] |
| V.   | Iowa Law Enforcement: Risk Management in Officer Survival [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                       |
| W.   | Instruction Outline: Oleoresin Capsicum [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                                         |
| X.   | Weapons Retention Outline [Relevance, prejudicial, FRE 401, 403, IRE 5.401, 5.403]                                                                                                                                                                                              |
| Y.   | Defensive Tactics Training: Ground Survival Tactics [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                             |
| Z.   | Officer Use of Force Alert [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                                                      |
| AA.  | Officer's Combined Administrative Records [Relevance, prejudicial, FRE 401, 403, IRE 5.401, 5.403; the record is misleading because it does not include their full disciplinary history. If Defendants wish to provide the entire history, Burnikel would have no objection to this exhibit.] |
| BB.  | Patrol Services Division Standard Operating Procedure – Ch. 12 – Patrol Services Officer Use of Force Alert [Relevance, FRE 401, IRE 5.401]                                                                                                                                     |
| CC.  | Training Record Michael Fong Officer Use of Force Alert [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                         |
| DD.  | Training Record Greg Wessels Officer Use of Force Alert [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                         |
| EE.  | In-Service Training 2009 Use of Force [Relevance, prejudicial, FRE 401, 403, IRE 5.401, 5.403; additionally, parts of the document include purported legal standards and others are illegible.]                                                                                 |
| FF.  | Training: Officer's Goal in Use of Force [Relevance, prejudicial, FRE 401, 403, IRE 5.401, 5.403; additionally, parts of the document include purported legal standards.]                                                                                                       |
| GG.  | Use of Force Report Writing [Relevance, prejudicial, FRE 401, 403, IRE 5.401, 5.403; additionally, parts of the document include purported legal standards.]                                                                                                                    |
| HH.  | Training: Use of Force *Graham v. Conner* Reasonable Doctrine Illustrative [Relevance, prejudicial, FRE 401, 403, IRE 5.401, 5.403; additionally, parts of the document include purported legal standards.]                                                                     |
| QQ.  | Investigating Use of Force for Field Supervisors [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                                |
| RR.  | 2015 Sergeant School Arrest Incident Report [Relevance, FRE 401, IRE 5.401]                                                                                                                                                                                                     |

**C.** The parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

1.  **Burnikel's Exhibits:**

    5.   Dental reports dated February 17, 2016 [Foundation, Relevance, Hearsay FRE 401,403, 801, IRE 5.401, 5.403, 5.801][4]
    6.   The x-rays and medical reports that were attached to Dr. Shelton's Expert Report dated May 30, 2018 [Foundation, Relevance, Hearsay FRE 401, 403, 801, IRE 5.401, 5.403, 5.801]
    7.   Medical records from Regional Health Services of Howard County (Dr. Kammerer) [Foundation, Relevance, Hearsay FRE 401, 403, 801, IRE 5.401, 5.403, 5.801]
    59.  Medical Bills [Foundation, Relevance, FRE 401, 403, IRE 5.401, 5.403]
    62.  Verdict Form and Judgment in *State v. Burnikel* and *City v. Burnikel*. [This was added prior to filing by Burnikel and Defendants did not have an opportunity to record their anticipated objections.]

2.  **Defendants' Exhibits:**

    Q.   North East Iowa Mental Health Services Records (Burnikel Depo. Ex. 1) [Foundation, relevance, hearsay, prejudicial, FRE 401, 403, 404, 801, IRE 5.401, 5.403, 5.404, 5.801]
    R.   **WITHDRAWN** AAU Cover Letter February 6, 2015 [Foundation, hearsay, prejudicial, FRE 401, 403, 404, 801, IRE 5.401, 5.403, 5.404, 5.801]
    S.   **WITHDRAWN** Background Report First Advantage for AAU [Foundation, hearsay, prejudicial, FRE 401, 403, 404, 801, IRE 5.401, 5.403, 5.404, 5.801]

III.  **WITNESSES**

A.  **Burnikel's Witnesses:**

*Phase One*

1.  Darrick Burnikel: Can testify as to his recollections of that evening and the actions and behavior of Burnikel and Defendants.

2.  Breanna Hunemiller: Can testify as to her recollections of that evening and the actions and behavior of Burnikel and Defendants. She will also testify as to how the events of the incident affected her.

3.  Dustin Burnikel: Can testify as to his recollections of that evening, the actions and behavior of Defendants, and his damages.

---

[4] **Exhibit 5:** Burnikel is withdrawing pp. 2–4.

4. <u>Don Burnikel</u>: Father of Burnikel; can testify as to his recollections of Burnikel's injuries and knowledge of Burnikel's damages, including effect of incident on Burnikel's life.

5. <u>Treyton Burnikel</u>: Son of Burnikel; can testify as to his recollections of Burnikel's injuries and knowledge of Burnikel's damages, including effect of incident on Burnikel's life.

6. <u>Jeff Wilson</u>: Can testify as to Burnikel's economic damages.

7. <u>Dr. Eric Shelton, DDS</u>: Treating dentist; can testify as to Burnikel's dental injuries and damages including examination of Burnikel after incident.

8. <u>Dr. Jon Kammerer, MD</u>: Treating physician; can testify as to Burnikel's medical injuries and damages including examination of Burnikel shortly after incident.

9. <u>Greg Meyer, Expert Witness</u>: Will testify as to the national policies and standards for officers in the areas of arrest and use of force, from the use of OC spray to the use of force in the arrest of a subject and the national standards for the escalation and use of appropriate force.

10. All witnesses on Defendants' Witness List

11. Any necessary rebuttal or impeachment witnesses.

*Phase Two*

1. <u>Greg Wessels</u>: Will testify to his career as a police officer, including disciplinary issues and performance reviews.

2. <u>Michael Fong</u>: Will testify to his career as a police officer, including disciplinary issues and performance reviews.

3. <u>Greg Meyer, Expert Witness</u>: Will testify to national standards regarding the use of force, the investigation of use of force, the discipline of officers, the proper means to evaluate and retrain officers, and to Des Moines's lack of policies and/or failure to enforce policies.

9

4. <u>Joseph Leo</u>: Will testify to Des Moines Police Department's policies regarding use of force, use of force investigations, his ignorance of Fong's and Wessels's disciplinary history at the time he evaluated their use of force, and the evaluation and discipline of its police officers.

5. <u>Anthony Knox</u>: Will testify to Des Moines Police Department's policies regarding use of force, use of force investigations, his ignorance of Fong's and Wessels's disciplinary history at the time he evaluated their use of force, and the evaluation and discipline of its police officers.

6. <u>Ronald Kouski</u>: Will testify to Des Moines Police Department's policies regarding use of force, use of force investigations, his ignorance of Fong's and Wessels's disciplinary history at the time he evaluated their use of force, and the evaluation and discipline of its police officers.

7. <u>Garth House</u>: Will testify to Des Moines Police Department's policies regarding use of force, use of force investigations, his ignorance of Fong's and Wessels's disciplinary history at the time he evaluated their use of force, and the evaluation and discipline of its police officers.

8. <u>Paul Stout</u>: Burnikel intends to introduce his deposition testimony as he is unavailable for trial. Will testify to Des Moines Police Department's policies regarding use of force, use of force investigations, his ignorance of Fong's and Wessels's disciplinary history at the time he evaluated their use of force, and the evaluation and discipline of its police officers.

9. <u>Lawrence Davey</u>: Will testify to Des Moines Police Department's policies regarding use of force, use of force investigations, his ignorance of Fong's and Wessels's disciplinary history at the time he evaluated their use of force, and the evaluation and discipline of its police officers.

B.   **Defendants' Witnesses:**

*Phase One:*

1. Michael Fong: Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. One of the arresting officers on the scene at the "Cab Stand" located at 3rd and Court Avenue on February 16, 2013 at approximately 2:20 a.m. Can testify as to his recollections of that evening, the actions and behavior of Burnikel, the actions taken by himself and Wessels, and why Burnikel was arrested. Can testify as to similar matters regarding Ms. Hunemiller.

2. Greg Wessels: Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. One of the arresting officers on the scene at the "Cab Stand" located at 3rd and Court Avenue on February 16, 2013 at approximately 2:20 a.m. Can testify as to his recollections of that evening, the actions and behavior of Burnikel, the actions taken by himself and Fong, and why Burnikel was arrested. Can testify as to similar matters regarding Ms. Hunemiller. Can testify as to his training and knowledge of Police Department policy in regard to use of force.

3. Lawrence Davey: Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. Lieutenant and Assistant Watch Commander with the Des Moines Police Department. Was called to the scene after the arrest of Burnikel because it required the use of force. Will testify as to his actions in investigating the use of force and events of that evening shortly after the events occurred.

4. Ronald Kouski: Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. Sergeant with the Des Moines Police Department. Came to the scene after Burnikel was in custody but before he was transferred to the jail. Can testify as to his observations and the

provision of water to Wessels with which to wash out Burnikel's eyes due to the use of mace.

5. <u>Joseph Leo</u>: Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. Police Lieutenant. If testifies as this stage would discuss the issue of training of officers and the relative effect of other devices compared to the force used, such as a baton.

6. <u>Megan Wilcutt</u>: 4911 154th Street, Urbandale, IA 50323. Former Des Moines INDENT tech. Was running the IDENT unit on the morning of February 16, 2013. Interviewed Fong and Wessels as well as Burnikel shortly after the latter's arrest. Took photographs of Fong, Wessels, and Burnikel and can testify as to her recollection of events. Can testify as to her knowledge of police procedures in regard to the IDENT unit and her impressions of Burnikel's physical and emotional state at the time she interacted with him shortly after his arrest and at the scene of the arrest.

7. <u>Dr. John Peters, Expert Witness</u>: Will testify as to the national policies and standards for officers in the areas of arrest and use of force, from the use of OC spray to the use of force in the arrest of a subject, and the national standards for the escalation and use of appropriate force.

8. Any necessary rebuttal or impeachment witnesses.

*Phase Two:*

1. <u>Greg Wessels</u>: Can testify as to his training and knowledge of Police Department policy in regard to use of force.

2. <u>Michael Fong</u>: Can testify as to his training and knowledge of Police Department policy in regard to use of force.

3. <u>Tony Knox</u>: Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. Is a Lieutenant with the Des Moines Police Department and was the Commander of the Unit

to which Fong and Wessels are assigned. Will testify as to his investigation of the events of February 16, 2013, his knowledge of Police Department policies and training, and his analysis of the events of the same evening and the actions of Burnikel and Defendants.

4. <u>Paul Stout</u>: Des Moines Police Department, 25 E. 1st Street, Des Moines, Iowa 50309. Captain with the Des Moines Police Department will testify as to his investigation of the events of February 16, 2013, his knowledge of Police Department policies and training, and his analysis of the events of the same evening and the actions of Burnikel and Defendants.

5. <u>Mark Wessels</u>: Will testify, as a Captain and former head of the Department's Office of Professional Services, how the City of Des Moines monitors and tracks the uses of force by officers both as a history and as an attempt to head off potential issues with officers due to their past uses of force.

6. <u>Joseph Leo</u>: Can testify as to his knowledge of departmental policies and training on the use of force, use of force reporting, techniques in the deployment of force, and the supervision of officers.

7. <u>Dr. John Peters, Expert Witness</u>: Will further testify in the second phase of the trial on the Des Moines Police Departments policies on the monitoring of force use, attempts to limit the use of excessive force, and the supervision of employees regarding the same as it compares to national standards.

8. All witnesses on Burnikel's Witness List.

9. Any necessary rebuttal or impeachment witnesses.

**C.** A party listing a witness guarantees his/her presence at trial unless the Court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have listed them or not.

**D.**     A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

**IV.     FACTUAL ISSUES**

**A.     Burnikel's Factual Issues:**

1.     Whether Fong and Wessels had probable cause to seize Burnikel.

2.     Whether Fong and Wessels identified themselves to Burnikel as police officers before seizing and/or using force on Burnikel.

3.     Whether Fong and Wessels used excessive force to seize Burnikel, including the use of pepper spray and strikes to various parts of Burnikel's body.

4.     Whether Fong and Wessels caused injuries to Burnikel's teeth after he was in handcuffs.

5.     The amount of damages suffered by Burnikel as a result of the above.

6.     Whether Burnikel is entitled to punitive damages.

7.     Whether the City of Des Moines has a custom and practice of ratifying and approving the excessive use of force by its officers by failing to properly investigate and discipline its officers.

8.     Whether the City of Des Moines adequately monitors and investigates its officers' patterns of use of force.

9.     Whether the City of Des Moines has an effective method for providing information about officers' use of force to its supervisors.

10.     Whether the City of Des Moines has policies or practices in place to retrain officers after sustained findings of use of force and other disciplinary issues.

11.     Whether the City of Des Moines has policies or practices in place to identify, investigate, and/or terminate officers with histories of sustained disciplinary findings.

B.   **Defendants' Factual Issues:**

1. Whether Defendants had arguable probable cause to arrest Burnikel.

2. Whether Burnikel's claim he did not recognize either Fong or Wessels as police officers is credible.

3. Whether Burnikel was engaged in aggressive behavior at the time of his initial interaction with Fong.

4. Whether Burnikel refused to comply with lawful orders of Fong and Wessels.

5. Whether Burnikel engaged in active resistance to being taken into custody.

6. Whether the Fong used excessive force in the seizure of Burnikel.

7. Whether the Wessels used excessive force in the seizure of Burnikel.

8. Whether the Fong caused injuries to Burnikel after he was handcuffed.

9. Whether the Wessels caused injuries to Burnikel after he was handcuffed.

10. The extent of injuries or damages incurred by Burnikel.

11. Whether the medical injuries claimed by Burnikel were caused by Fong and/or Wessels.

12. Whether the evidence of either Defendants' actions are sufficient to entitle Burnikel to an instruction on punitive damages.

V.   **LEGAL CONTENTIONS**

A.   **Burnikel's Legal Contentions:**

1. The seizure and subsequent use of force by Defendants violated Burnikel's constitutional rights.

2. Defendants did not have reasonable suspicion and/or probable cause to seize Burnikel.

3. Burnikel did not resist arrest.

4. Burnikel did not interfere with the police.

5. Burnikel did not violate any laws.

6. Defendants caused Burnikel to be falsely arrested in violation of Burnikel's constitutional rights and Iowa law.

7. Defendants assaulted and battered Burnikel in violation of Iowa state law.

8. Defendants maliciously prosecuted Burnikel in violation of Iowa state law.

9. Defendants are not entitled to qualified immunity because Defendants violated Burnikel's clearly established constitutional rights.

10. The City of Des Moines is liable under *Monell* for the actions of Fong and Wessels.

11. The City of Des Moines is liable for the negligent retention and supervision of Fong and Wessels.

12. Burnikel is entitled to punitive damages.

13. Burnikel is entitled to attorneys' fees and costs.

**B.     Defendants' Legal Contentions:**

1. Fong and Wessels have demonstrated they were entitled to qualified immunity for their actions in this matter.

2. The choice to arrest Burnikel did not violate Burnikel's Fourth Amendment or other legal rights.

3. Burnikel exhibited aggressive behavior at the time of the initial encounter with Fong.

4. Burnikel actively resisted the officers.

5. Fong and Wessels had the required amount of probable cause to arrest Burnikel for public intoxication, interference with official acts, and resisting arrest under the Fourth Amendment and common law.

6. Fong's and Wessels's use of force was reasonable given their perceptions at the time of the arrest of Burnikel under the Fourth Amendment and common law.

7. The level of force used by Fong was reasonable.

8. The level of force used by Wessels was reasonable.

9. Wessels's probable cause as an assistive officer was related to Fong's perception of probable cause.

10. The City of Des Moines is not liable under *Monell* for the actions of Fong and Wessels.

11. Burnikel is not entitled to a verdict or damages in this case.

12. Burnikel has not demonstrated the necessary evidence necessary for a punitive damages instruction.

13. The City of Des Moines is not liable under *Monell* for tolerating, condoning or encouraging the use of excessive force by its officers, including Fong and Wessels.

14. The City of Des Moines has not been negligent in their supervision of either Fong or Wessels.

## VI. LEGAL ISSUES

### A. Burnikel's Legal Issues:

1. The evidentiary issues set forth in Burnikel's Motion in Limine.

2. Whether the seizure and subsequent use of force by Defendants violated Burnikel's constitutional rights.

3. Whether Defendants had reasonable suspicion and/or probable cause to seize Burnikel.

4. Whether Burnikel resisted arrest.

5. Whether Burnikel interfered with the police.

6. Whether Burnikel violated any laws.

7. Whether Defendants caused Burnikel to be falsely arrested in violation of Burnikel's constitutional rights and Iowa law.

8. Whether Defendants assaulted and battered Burnikel in violation of Iowa state law.

9. Whether Defendants maliciously prosecuted Burnikel in violation of Iowa state law.

10. Whether Defendants are entitled to qualified immunity.

11. Whether the City of Des Moines is liable under *Monell* for the actions of Fong and Wessels.

12. Whether the City of Des Moines is liable for the negligent retention and supervision of Fong and Wessels.

13. Whether Burnikel is entitled to punitive damages.

14. Whether Burnikel is entitled to attorneys' fees and costs.

**B.     Defendants' Legal Issues:**

1. Whether the Defendants are entitled to qualified immunity.

2. The evidentiary issues set forth in Defendants' Motion in Limine.

3. Whether the City of Des Moines has not been negligent in the supervision of Fong and Wessels, or as a custom or policy.

4. Whether the City of Des Moines has adequate procedures in place to monitor employee uses of force.

5. Whether the City of Des Moines has a custom or policy of encouraging or tolerating excessive force use by officers.

6. Whether either Fong or Wessels has used force inappropriately to the extent the City of Des Moines has been negligent in their supervision of the officers.

7. Whether Burnikel has shown that his claimed injuries were proximately caused by the actions of Fong and Wessels.

**IT IS SO ORDERED.**

Dated this 5th day of November, 2018.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE