IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BURNIKEL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL FONG, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; GREG WESSELS, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department; and the CITY OF DES MOINES, IOWA,<br><br>　　　　Defendants. | 4:15-cv-00050-RGE-HCA<br><br><br>ORDER RE:<br>MOTIONS IN LIMINE |

Now before the Court are two motions in limine filed in anticipation of trial scheduled to begin on November 13, 2018. These matters were addressed at the final pretrial conference on October 29, 2018. This order memorializes the oral rulings made at the final pretrial conference and addresses outstanding issues.

**I.　BACKGROUND**

Plaintiff Dustin Burnikel brings this action against Des Moines Police Officers Michael Fong and Greg Wessels and the City of Des Moines. Burnikel alleges Fong and Wessels used excessive force when they arrested him at a cab stand in downtown Des Moines in February 2013, an arrest Burnikel contends lacked probable cause. Burnikel alleges the officers violated his constitutional rights and brings a Fourth Amendment claim under 42 U.S.C. § 1983. Burnikel alleges assault and battery, malicious prosecution, and false arrest against Fong and Wessels. Against the City of Des Moines, Burnikel brings a Fourth Amendment claim under

42 U.S.C. § 1983, as well as a claim of negligent hiring, retention, and supervision.

## II. DISCUSSION

"A district court has broad discretion when deciding whether to admit evidence," and its decision will not be disturbed "absent a clear and prejudicial abuse of that discretion." *Black v. Shultz*, 530 F.3d 702, 707 (8th Cir. 2008) (quoting *Hoselton v. Metz Baking Co.*, 48 F.3d 1056, 1059 (8th Cir. 1995)). Evidence may be admitted if it is relevant. Fed. R. Evid. 402. Relevant evidence is any evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. But relevant evidence may not be admitted if it is barred by rule, statute, or the United States Constitution. Fed. R. Evid. 402. Relevant evidence may be excluded if its probative value is "substantially outweighed" by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court now considers the two motions in limine: Burnikel's Motion in Limine, ECF No. 117, and Defendants' Motion in Limine, ECF No. 119.

### A. Uncontested Motions

As an initial matter, the following portions of the motions in limine are uncontested. The Court need not rule on them at this time.

1) Burnikel's motion to exclude evidence referencing taxpayers being responsible for paying any judgment. ECF No. 117 at 12; Defs.' Resp. Pl.'s Mot. Lim. 7, ECF No. 120.

2) Defendants' motion to exclude evidence of settlement offers. ECF No. 119 at 2; Pl.'s Resp. Defs.' Mot. Lim. 1, ECF No. 122.

3) Defendants' motion to exclude evidence of prior disciplinary records of Fong and Wessels during the first phase of trial. ECF No. 119 at 5; ECF No. 122 at 2.

4) Defendants' motion to exclude evidence of lawsuits, claims, or allegations of excessive use of force by Fong and Wessels. ECF No. 119 at 6–7; ECF No. 122 at 8.

5) Defendants' motion to exclude evidence of lawsuits, claims, or allegations of excessive use of force by other City of Des Moines officers. ECF No. 119 at 7; ECF No. 122 at 8.

6) Defendants' motion to exclude performance reviews of Fong and Wessels during the first phase of trial. ECF No. 119 at 7–8; ECF No. 122 at 8.

7) Defendants' motion to exclude expert testimony on the City's policies, customs, practices, and training during the first phase of trial. ECF No. 119 at 8; ECF No. 122 at 9.

8) Defendants' motion to exclude expert testimony on questions of law. ECF No. 119 at 9; ECF No. 122 at 9.

9) Defendants' motion to exclude testimony on Burnikel's acquittal of misdemeanor charges without a limiting instruction. ECF No. 119 at 9–10; ECF No. 122 at 9.

10) Defendants' motion to exclude out-of-court statements by medical practitioners or counselors except as provided under the rules of evidence. ECF No. 119 at 10–11; ECF No. 122 at 9.

11) Defendants' motion to exclude evidence as to Burnikel's character, integrity, or honesty. ECF No. 119 at 11; ECF No. 122 at 9.

12) Defendants' motion to exclude medical evidence not previously disclosed. ECF No. 119 at 11; ECF No. 122 at 10.

13) Defendants' motion to exclude evidence of any claims, injuries, or damages not previously disclosed. ECF No. 119 at 11; ECF No. 122 at 10.

14) Defendants' motion to exclude references to the lack of a video recording of the February 2013 incident. ECF No. 119 at 12; ECF No. 122 at 10.

15) Defendants' motion to exclude evidence of the financial disparity of the parties or the source of any award for damages. ECF No. 119 at 13; ECF No. 122 at 10.

The parties acknowledged at the final pretrial conference their obligation to refrain from eliciting the evidence addressed in these uncontested motions.

B.  Contested Motions

1.  Burnikel's Motion in Limine

The Court now addresses the remaining aspects of Burnikel's Motion in Limine, ECF No. 117. For the following reasons, the Court grants in part and denies in part the Motion in Limine.

a.  Burnikel's motion to exclude references and evidence related to his criminal history

Burnikel seeks to exclude evidence of his prior criminal convictions. ECF No. 117 at 2. Defendants concede all convictions other than Burnikel's 2012 conviction for operating a motor vehicle while intoxicated (OWI) should be excluded. Burnikel argues evidence of his OWI conviction is unfairly prejudicial. *See* ECF No. 117 at 2–3 (citing Fed. R. Evid. 403, 404(b)). Defendants argue the evidence is relevant to Burnikel's claim for damages, specifically his claim that the February 2013 incident damaged his reputation in his small community. ECF No. 120 at 2 (citing *Graves v. City of Waterloo*, No. C10–2014, 2011 WL 4007324, at *2) (N.D. Iowa Sept. 8, 2011) (unpublished)).

Burnikel's OWI conviction is relevant to the issue of damages. "It is reasonable to expect that the amount of emotional distress suffered by [Burnikel] is shaped, at least to a limited extent, by [his] prior experiences, including prior dealings with law enforcement." *Graves*, 2001 WL 4007324, at *2. A person who has not interacted with law enforcement before may suffer a higher level of emotional distress during an incident with law enforcement than a person who has had past interactions. *Id.* The same logic applies to damage to reputation. A person with past convictions may suffer less damage to reputation after an incident with law enforcement than a person without past convictions. *Id.* The Court concludes evidence related to Burnikel's OWI conviction is relevant to the issue of damages. *See* Fed. R. Evid. 401, 402. The probative

value of this evidence is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.

Burnikel's motion in limine is denied as to his 2012 OWI conviction, but is granted as to his other convictions.

> b. Burnikel's motion to exclude evidence related to his past prescription medication addiction or substance abuse counseling

In his motion, Burnikel seeks to exclude his "past history of prescription medication addiction or abuse and all other evidence of mental health/alcohol/substance abuse counseling." ECF No. 117 at 4. At the final pretrial conference, Burnikel withdrew the motion as to testimony about his opioid use, but retained it as to documents from treating physicians. Burnikel asserted at the final pretrial conference that notations in these documents about Burnikel's past drug use and other behaviors are impermissible out-of-court statements. Defendants argue these statements are admissible as an exception to the hearsay rule because they are statements made for medical diagnosis or treatment. *See* ECF No. 120 at 3 (citing Fed. R. Evid. 803(4)). As stated at the final pretrial conference, these prior statements are relevant to the issue of damages. The probative value of this evidence is not substantially outweighed by the danger of prejudice. Fed. R. Evid. 403.

At the final pretrial conference, the Court instructed Burnikel to work with Defendants to redact statements that should be excluded from the medical documents. Burnikel's motion is denied.

> c. Burnikel's motion to exclude evidence related to prior bad acts or misconduct

Burnikel seeks to exclude evidence of his behavior "unrelated to the incident at issue in this case, including but not limited to any other physical altercation, alleged violent or aggressive behavior because of [his] addiction to prescription pain medication . . . or any other instances of misconduct involving alcohol or otherwise." ECF No. 117 at 6.

Burnikel's motion is denied as overbroad. Burnikel acknowledged at the final pretrial conference he has no knowledge of specific evidence sought to be excluded. Burnikel must timely object at trial to any specific evidence he believes inadmissible.

        d.      Burnikel's motion to exclude evidence of his intoxication, interference with official acts, or resisting arrest

Burnikel seeks to limit references and evidence relating to his intoxication, his interference with official acts, or his resisting arrest on the night of the incident. *Id.* at 8. Burnikel argues "intoxication," "interfering with official acts," and "resisting arrest" are legal conclusions and thus Defendants should be precluded from testifying about them. *Id.* at 8–10.

For the reasons stated on the record at the final pretrial conference, Burnikel's motion is denied.

        e.      Burnikel's motion to exclude evidence of the intoxication of Darrick Burnikel and Justin Sovereign

Burnikel seeks to exclude evidence related to witnesses Darrick Burnikel's and Justin Sovereign's intoxication during the February 2013 incident, arguing there is no evidence defendants or other witnesses spoke to Darrick Burnikel and Sovereign that evening. *Id.* at 10.

For the reasons stated on the record at the final pretrial conference, Burnikel's motion is denied.

        f.      Burnikel's motion to exclude Defendants' references to the nature and extent of Burnikel's injuries

Burnikel seeks to exclude references by Defendants to Burnikel's injuries. *Id.* at 11. Burnikel's motion is denied. Witnesses may testify to their observations of Burnikel's physical condition and his statements as to his injuries.

        g.        Burnikel's motion to exclude references relating to the City's use of force investigation

Burnikel seeks to exclude references and evidence related to the City's use of force investigation during the first phase of the trial. *Id.* at 11. Burnikel's motion is granted. Defendants acknowledged at the final pretrial conference that the law enforcement witnesses who conducted the City's use of force investigation can testify to the actions they took — such as photographing injuries or speaking to witnesses — without testifying as to the purpose of the actions.

### 2. Defendants' Motion in Limine

The Court next considers Defendants' remaining evidentiary issues. *See* ECF No. 119. For the following reasons, the Court grants in part and denies in part the Defendants' Motion in Limine.

        a.        Defendants seek to exclude evidence of other uses of force by Fong and Wessels during the first phase of trial

Defendants seek to exclude evidence of "other occasions of the use of force by any of the named Defendants, other than the incident in this case." ECF No. 119 at 2–3. Burnikel concedes all other occasions of the use of force by Fong and Wessels should be excluded except for the 2014 incident in which Wessels failed to draft a use of force report. ECF No. 122 at 1. Burnikel argues Wessels's failure to draft a use of force report is relevant to his credibility. *Id.* (citing *Harrington v. City of Council Bluffs*, 902 F. Supp. 2d 1195, 1208 (S.D. Iowa 2012)).

The Court finds *Harrington* distinguishable. The *Harrington* court found evidence of an officer's false statement in a police report relevant to the officer's credibility and thus preliminarily denied a motion to exclude it. 902 F. Supp. 2d at 1208. A false affirmative statement is more probative of credibility than the kind of evidence defendants seeks to exclude here: Officer Wessels's failure to draft a use of force report after he struck a handcuffed suspect. *See* ECF No. 122 at 1–2. Further, the *Harrington* court acknowledged the evidence of the false

7

statement "may be impermissibly used by Plaintiffs to try and establish [the officer's] character 'in order to show [that he] act[ed] in conformity therewith' on a particular occasion." 902 F. Supp. 2d at 1208. (second and third alteration in original) (citing Fed. R. Evid. 404(b)). The risk of improper use of this evidence to show propensity is even greater here because the probative value of an omission is much lower than that of an overt false statement.

The Court finds the probative value of evidence of Wessels's failure to draft a use of force report is substantially outweighed by the danger of misuse. *See* Fed. R. Evid. 403. Defendants' motion in limine is granted.

    b.  Defendants seek to exclude the disciplinary records of Fong and Wessels

Defendants seek to exclude all disciplinary records of Fong and Wessels involving incidents that do not involve the use of force. ECF No. 119 at 5–6. Burnikel argues this evidence is relevant to his failure to supervise claim and should be admitted during the second phase of the trial. ECF No. 122 at 2.

Defendants' motion is denied. Fong's and Wessels's disciplinary records are admissible during the second phase of the trial. The bifurcation of the trial protects Fong and Wessels from any potential prejudicial effect of the admission of the disciplinary records.

    c.  Defendants seek to exclude performance reviews of Fong and Wessels during all phases of trial

At the final pretrial conference, Defendants withdrew its motion to exclude Fong's and Wessels's performance reviews during the second phase of the trial. Burnikel does not contest the exclusion of this evidence during the first phase of the trial. The Court need not rule on this portion of Defendants' motion.

### III. ORDER

For the foregoing reasons, Plaintiff's Motion in Limine, ECF No. 117, is granted in part and denied in part. Defendants' Motion in Limine, ECF No. 119, is granted in part and denied in part. The Court does not rule on the uncontested portions of the parties' motions. This order does not address the timing or admissibility of evidence related to punitive damages.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2018.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE